IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONYA FACEY, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| STUDENT LOAN SOLUTIONS LLC; and WILLIAMS & FUDGE, INC., | ) ) ) ) |
| Defendants. | ) ) |

### COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Tonya Facey brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Student Loan Solutions, LLC, and Williams & Fudge, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v.*

1

*Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. Specifically, plaintiff alleges that defendants systematically engaged in collecting time-barred debts through unlawful means.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

9. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications and activities impacted plaintiff within this District;

   b. Each defendant does or transacts business within this District.

## PARTIES

10. Plaintiff is an individual who resides in the Northern District of Illinois.

11. Defendant Student Loan Solutions LLC is a limited liability company organized under South Carolina law with its principal offices at 707 Land Fall Drive, Rock Hills, SC 29732. It does business in Illinois. Its registered agent is Cogency Global, Inc., 600 S. Second Street, Suite 404, Springfield, IL 62704.

12. Defendant Student Loan Solutions LLC holds a collection agency license from the Illinois Department of Financial and Professional Regulation.

13. On information and belief, the principal or sole business of Student Loan Solutions LLC consists of acquiring defaulted student loan debts and enforcing the loans against the borrowers.

14. On information and belief, Student Loan Solutions LLC has no source of income other than liquidation of defaulted student loan debts.

15. Defendant Student Loan Solutions LLC regularly files lawsuits against borrowers in Illinois and elsewhere. On information and belief, it has filed over 300 such lawsuits, including some in Cook County, Illinois.

16. In other cases, Student Loan Solutions LLC hires collection agencies, including Williams & Fudge, Inc., to conduct collection activities on its behalf.

17. In both instances, the mails and telephone system are used in connection with the collection activities.

18. Student Loan Solutions LLC is a debt collector as defined in the FDCPA.

19. Defendant Williams & Fudge, Inc., is a South Carolina corporation with its principal place of business at 300 Chatham Ave., Rock Hill, SC 29730. It operates a collection agency and does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

20. Defendant Williams & Fudge, Inc. describes its business as follows on its web site (https://www.wfcorp.com/services/): "Williams & Fudge was founded in 1986 and is a family owned business with the purpose of serving the higher education community. We aid institutions in the recovery of education-related receivables. Specific debt types include Perkins Loans (Cohort management), tuition, campus-based institutional loans, Health Profession and Nursing Loans, private education (alternative) loans, and other miscellaneous receivables such as parking, room, board, and library fines. In addition to our third-party collections we also offer Early Intervention programs to prevent students from reaching delinquent status."

21. Williams & Fudge, Inc., holds a collection agency license from the Illinois Department of Financial and Professional Regulation.

22. Williams & Fudge, Inc., uses the mails and telephone system in collecting debts.

23. Williams & Fudge, Inc., is a debt collector as defined in the FDCPA.

24.     Williams & Fudge, Inc., and Student Loan Solutions, LLC, have common management and, on information and belief, ownership.

25.     On information and belief, there are six company officials in Student Loan Solutions, LLC. They are member Chad V. Echols, member Richard Clay Goodyear, member Robert J. Perrin, manager Christopher P. Ruh, member David C. Williams, and member Gary L Williams.

26.     All of these list the address of 300 Chatham Ave., PO Box 11590 Rock Hill SC 29731, which is the address of Williams & Fudge, Inc.

27.     The principal executive officers of Williams & Fudge, Inc., are David C. Williams, president, Margaret Williams, secretary, Robert J. Perrin, Chief Executive Officer, and Gary L. Williams, Chairman of the Board of Directors.

28.     Given the overlap of management, the acts and practices of Williams & Fudge, Inc., are known by Student Loan Solutions LLC, and vice versa.

## FACTS

29.     In 2001-2002, plaintiff obtained several private student loans.

30.     The loans were to be repaid beginning no later than December 2005.

31.     There have been no payments made on the loans since April 1, 2008.

32.     The statute of limitations on the loans was either 10 years, if they are considered contracts wholly in writing, or 5 years, if they are not.

33.     On or about April 6, 2018, defendant Williams & Fudge, Inc., acting on behalf of Student Loan Solutions, LLC, sent plaintiff the letter attached as Exhibit A.

34.     Exhibit A asks plaintiff to "contact the undersigned with respect to a full resolution" of "this outstanding debt."

35.     Exhibit A does not disclose that the statute of limitations has run on the debt.

36.     Upon inquiry, plaintiff was sent the letter of May 2, 2018 attached as Exhibit B.

37.     Exhibit B quotes an amount due of $88,179.04, and again does not disclose the

4

statute of limitations bar.

38. As a result of receiving these demands, Tonya Facey was required to retain counsel and spend time and money dealing with the time-barred debt.

39. The debt went into default more than 10 years prior to the filing of suit.

40. "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield, Inc. v. Nikkel*, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. *Coryell v. Klehm*, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

41. Defendants Student Loan Solutions, LLC and Williams & Fudge, Inc., regularly demand payment and invite settlements of time-barred debts.

42. It is the policy and practice of defendants to not disclose the fact that they are time-barred.

43. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

44. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve

Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

45. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases. The report supports plaintiff's position that defendants violated the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

46. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

47. Courts also hold that it is misleading and a violation of the FDCPA to offer to settle a time-barred debt without disclosure of its unenforceable nature. *Pantoja v. Portfolio Recovery Associates, LLC,* 852 F.3d 679 (7th Cir. 2017); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014); *Daugherty v. Convergent Outsourcing, Inc.,* 836 F.3d 507, 509 (5th Cir. 2016); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 397 (6th Cir. 2015).

## COUNT I – FDCPA

48. Plaintiff incorporates paragraphs 1-47.

49. This claim is against all defendants.

50. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), by dunning consumers on time-barred debts without disclosure of that fact and offering to settle such debts.

51. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; . . .**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

52. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

53. The Student Loan Solutions class consists of (a) all individuals with addresses in Illinois (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

54. The Williams & Fudge, Inc. class consists of (a) all individuals with addresses in Illinois (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

55. On information and belief, each class is so numerous that joinder of all members

is not practicable.

56. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of attempting to collect time-barred debts and whether such practice violates the FDCPA.

57. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

58. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

59. A class action is superior for the fair and efficient adjudication of this matter, in that:

  a. Individual actions are not economically feasible.

  b. Members of the class are likely to be unaware of their rights;

  c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

  i. Statutory damages;

  ii. Actual damages, including all amounts collected on time-barred debts and any expenses which a class member proves;

  iii. Attorney's fees, litigation expenses and costs of suit;

  iv. Such other and further relief as the Court deems proper.

          s/Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                          s/Daniel A. Edelman
                                          Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\35201\Pleading\Complaint_Pleading.WPD