**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONYA FACEY, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-cv-05086 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Judge John Z. Lee |
| STUDENT LOAN SOLUTIONS, LLC; | ) | |
| and WILLIAMS & FUDGE, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT STUDENT LOAN SOLUTIONS, LLC'S ANSWER & AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

NOW COMES Defendant, Student Loan Solutions, LLC ("SLS"), by and through its attorneys and for its Answer and Affirmative Defenses to class action Complaint ("Complaint") of Tonya Facey, individually and on behalf of similarly situated individuals, ("Plaintiff"), in the above-entitled matter. SLS denies each and every allegation in the Amended Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

**RESPONSE TO INTRODUCTION**

1.      Plaintiff Tonya Facey brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Student Loan Solutions, LLC, and Williams & Fudge, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. ("FDCPA").

**ANSWER: Responding to Paragraph 1, SLS admits Plaintiff brings this action against SLS and WFI regarding alleged violation of the Fair Debt Collection Practices Act,**

1

15 U.S.C. § 1692 et seq. ("FDCPA"). SLS denies it violated any law, cited or otherwise, and denies any and all alleged liability.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

**ANSWER: Responding to Paragraph 2, SLS refers to the text of the FDCPA and denies anything inconsistent therewith.**

3.      In enacting the FDCPA, Congress found that: '[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

**ANSWER: Responding to Paragraph 3, SLS admits the above quotation is contained in 15 U.S.C. § 1692(a). SLS denies the remaining allegations in Paragraph 3.**

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp.2d 1035, 1042 (N.D. Ill. 2008).

**ANSWER:  Responding to Paragraph 4, SLS admits the above quotations are contained in *Ramirez v. Apex Financial Management LLC*, 567 F.Supp. 2d 1035, 1042 (N.D. Ill. 2008). SLS denies Plaintiff's characterization of the referenced case and denies any and all alleged violations of the FDCPA or any other law.**

5.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC,* 259 F.3d 662, 666 (7th Cir. 2001).

**ANSWER: Responding to Paragraph 5, SLS refers to the text of the FDCPA and denies anything inconsistent therewith. SLS denies any and all alleged violations of the FDCPA or any other law.**

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

**ANSWER: SLS denies the allegations in Paragraph 6.**

7.     Specifically, plaintiff alleges that defendants systematically engaged in collecting time-barred debts through unlawful means.

**ANSWER: SLS denies the allegations in Paragraph 7.**

**RESPONSE TO VENUE AND JURISDICTION**

8.     This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367.

**ANSWER:   Responding to Paragraph 8, SLS admits the cited statutes purport to provide statutory jurisdiction. Notwithstanding the admission regarding purported jurisdiction provided by the cited statutes, SLS denies all liability associated with the allegations set forth in the Complaint, denies the named Plaintiff or any other consumer has suffered concrete injury, and denies the named Plaintiff or any other consumer has Article III standing in this case.**

9.     Venue and personal jurisdiction in this District are proper because:

3

     a.  Defendants' collection communications and activities impacted plaintiff within this District;

     b.  Each defendant does or transacts business within this District.

**ANSWER: Responding to Paragraph 9, including subparts, SLS admits that based upon Plaintiff's allegations, venue is proper in this District and the Court has personal jurisdiction. SLS lacks knowledge or information sufficient to form a belief as to the remaining allegations directed to its codefendant.**

## RESPONSE TO PARTIES

10.    Plaintiff is an individual who resides in the Northern District of Illinois.

**ANSWER: SLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and denies the same.**

11.    Defendant Student Loan Solutions LLC is a limited liability company organized under South Carolina law with hits principal offices at 707 Land Fall Drive, Rock Hill, SC 29732. It does business in Illinois. Its registered agent is Cogency Global, Inc., 600 S. Second Street, Suite 404, Springfield, IL 62704.

**ANSWER: Responding to Paragraph 11, SLS admits it is a South Carolina limited liability company with its principal place of business at 707 Land Fall Drive, Rock Hill, SC 29732. SLS admits its registered agent and office is Cogency Global, Inc., 600 South Second Street, Suite 404, Springfield, Illinois 62704. SLS lacks knowledge or information sufficient to respond to any remaining allegations as the phrase "does business" is not defined; therefore, SLS denies the same.**

12.    Defendant Student Loan Solutions LLC holds a collection agency license from the Illinois Department of Financial and Professional Regulation.

4

**ANSWER: Responding to Paragraph 12, SLS admits being licensed during all times relevant to this litigation.**

13.     On information and belief, the principal or sole business of Student Loan Solutions LLC consists of acquiring defaulted student loan debts and enforcing the loans against the borrowers.

**ANSWER: Responding to Paragraph 13, SLS admits that it acquires defaulted student loan accounts and attempts to recover from the borrowers on the defaulted student loan accounts. SLS denies any and all remaining allegations in this paragraph.**

14.     On information and belief, Student Loan Solutions LLC has no source of income other than liquidation of defaulted student loan debts.

**ANSWER: SLS admits Paragraph 14.**

15.     Defendant Student Loan Solutions LLC regularly files lawsuits against borrowers in Illinois and elsewhere. On information and belief, it has filed over 300 such lawsuits, including some in Cook County, Illinois.

**ANSWER: Responding to Paragraph 15, SLS admits, at times, the company retains attorneys to file suit against consumers who have failed to pay his or her loan obligation. Any remaining allegations are denied.**

16.     In other cases, Student Loan Solutions LLC hires collection agencies, including Williams & Fudge, Inc., to conduct collection activities on its behalf.

**ANSWER: Responding to Paragraph 16, SLS admits that at certain times and under certain circumstances it hires entities, such as Williams & Fudge, Inc. ("WFI"), to attempt to recover on defaulted accounts. SLS denies any and all remaining allegations in this paragraph.**

17. In both instances, the mails and telephone system are used in connection with the collection activities.

**ANSWER: Responding to Paragraph 17, SLS admits at certain times and under certain circumstances law firms and/or collection entities use the mail and/or telephone system in an attempt to collect outstanding accounts.**

18. Student Loan Solutions LLC is a debt collector as defined in the FDCPA.

**ANSWER: SLS denies Paragraph 18.**

19. Defendant Williams & Fudge, Inc., is a South Carolina corporation with its principal place of business at 300 Chatham Ave., Rock Hill, SC 29730. It operates a collection agency and does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER: Paragraph 19 contains allegations directed to SLS's codefendant, WFI, about which SLS lacks knowledge or information sufficient to form a belief.**

20. Defendant Williams & Fudge, Inc. describes its business as follows on its web site (https://www.wfcorp.com/servicies/): "Williams & Fudge was founded in 1986 and is a family owned business with the purpose of serving the higher education community. We aid institutions in the recovery of education-related receivables. Specific debt types include Perkins Loans (Cohort management), tuition, campus-based institutional loans, Health Profession and Nursing Loans, private education (alternative) loans, and other miscellaneous receivables such as parking, room, board, and library fines. In addition to our third-party collections we also offer Early Intervention programs to prevent students from reaching delinquent status."

**ANSWER: Paragraph 20 contains allegations directed to SLS's codefendant, WFI. SLS denies any allegation suggested against SLS.**

6

21.     Williams & Fudge, Inc., holds a collection agency license from the Illinois Department of Financial and Professional Regulation.

**ANSWER: Paragraph 21 contains allegations directed to SLS's codefendant, WFI, about which SLS lacks knowledge or information sufficient to form a belief.**

22.     Williams & Fudge, Inc., uses the mails and telephone system in collecting debts.

**ANSWER: Responding to Paragraph 22, SLS admits, at certain times, WFI uses the mail and telephone system to collect accounts.**

23.     Williams & Fudge, Inc. is a debt collector as defined in the FDCPA.

**ANSWER: Responding to Paragraph 23, SLS admits, at certain times and under certain circumstances, WFI is defined as a debt collector in the FDCPA.**

24.     Williams & Fudge, Inc. and Student Loan Solutions, LLC have common management and, on information and belief, ownership.

**ANSWER: Responding to Paragraph 24, the phrase "common management" is vague and ambiguous whereby SLS cannot formulate a response. To the extent SLS is required to respond, SLS denies the same.**

25.     On information and belief, there are six company officials in Student Loan Solutions, LLC. They are member Chad V. Echols, member Richard Clay Goodyear, member Robert J. Perrin, manager Christopher P. Ruh, member David C. Williams, and member Gary L. Williams.

**ANSWER: SLS admits Paragraph 25.**

26.     All of these list the address of 300 Chatham Ave., PO Box 11590 Rock Hill SC 29731, which is the address of Williams & Fudge, Inc.

**ANSWER: SLS denies Paragraph 26.**

7

27.     The principal executive officers of Williams & Fudge, Inc. are David C. Williams, president, Margaret Williams, secretary, Robert J. Perrin, Chief Executive Officer, and Gary L. Williams, Chairman of the Board of Directors.

**ANSWER: SLS admits Paragraph 27.**

28.     Given the overlap of management, the acts and practices of Williams & Fudge, Inc., are known by Student Loan Solutions LLC, and vice versa.

**ANSWER: SLS denies Paragraph 28.**

## RESPONSE TO FACTS

29.     In 2001-2002, plaintiff obtained several private student loans.

**ANSWER: Responding to Paragraph 29, SLS admits that in or around 2001-2002, Plaintiff obtained the loan that is currently due and owing to SLS. SLS lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 29 and, therefore, SLS denies the same.**

30.     The loans were to be repaid beginning no later than December 2005.

**ANSWER: SLS lacks knowledge or information sufficient to form a belief as to Paragraph 30; therefore, SLS denies the same.**

31.     There have been no payments made on the loans since April 1, 2008.

**ANSWER:  SLS denies Paragraph 31..**

32.     The statute of limitations on the loans was either 10 years, if they are considered contracts wholly in writing, or 5 years, if they are not.

**ANSWER:  Paragraph 32 contains a legal conclusion to which SLS is not required to respond. To the extent a response is required, SLS states the private student loans at issue were written contracts.**

33.     On or about April 6, 2018, defendant Williams & Fudge, Inc., acting on behalf of Student Loan Solutions, LLC, sent plaintiff the letter attached as Exhibit A.

**ANSWER: SLS admits Paragraph 33.**

34.     Exhibit A asks plaintiff to "contact the undersigned with respect to a full resolution" of "this outstanding debt."

**ANSWER: Responding to Paragraph 34, SLS admits the quoted language is found in Exhibit A; however, SLS refers to Exhibit A for the correct quotes in the proper context.**

35.     Exhibit A does not disclose that the statute of limitations has run on the debt.

**ANSWER: Responding to Paragraph 35, SLS admits the correspondence does not reference any "statute of limitations"; however, SLS denies the statute of limitations has run on the debt at issue.**

36.     Upon inquiry, plaintiff was sent the letter of May 2, 2018 attached as Exhibit B.

**ANSWER: SLS admits Paragraph 36.**

37.     Exhibit B quotes an amount due of $88,179.04, and again does not disclose the statute of limitations bar.

**ANSWER: Responding to Paragraph 37, SLS admits Exhibit B includes an outstanding amount of $88,179.04. SLS denies the balance due and owing is barred by the statute of limitations. SLS denies any and all remaining allegations in this paragraph.**

38.     As a result of receiving these demands, Tonya Facey was required to retain counsel and spend time and money dealing with the time-barred debt.

**ANSWER: SLS denies Paragraph 38.**

39.     The debt went into default more than 10 years prior to the filing of suit.

40.     **ANSWER: SLS denies Paragraph 39.**"[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield, Inc. v. Nikkel*, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. *Coryell v. Klehm*, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

**ANSWER: Responding to Paragraph 40, SLS admits the above quotations are contained in the cited case law. SLS denies Plaintiff's characterization of the referenced case and denies any and all alleged violations of the FDCPA or any other law.**

41.     Defendants Student Loan Solutions, LLC and Williams & Fudge, Inc., regularly demand payment and invite settlements of time-barred debts.

**ANSWER: SLS denies Paragraph 41.**

42.     It is the policy and practice of defendants to not disclose the fact that they are time-barred.

**ANSWER: SLS denies Paragraph 42.**

43.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations…When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collet that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United*

10

*States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

**ANSWER: Responding to Paragraph 43, SLS admits the above-quoted language is contained in the above-cited article. SLS denies Plaintiff's characterization of the referenced information and denies any and all alleged violations of the FDCPA or any other law.**

44.     On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempted to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations…" (2012-CFPB-0002, p.6 of 35, 2012-CFPB-0003, p.5 of 28).

**ANSWER: Responding to Paragraph 44, SLS admits the above-quote language is contained in the cited Orders. SLS denies Plaintiff's characterization of the referenced orders and denies any and all alleged violations of the FDCPA or any other law.**

45.     On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry,* available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC,* No. 8:12-cv-182-T27EAJ (M.D.Fla. 2012), *American Express Centurion Bank (*FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases. The report supports plaintiff's position that

11

defendants violated the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

**ANSWER: Responding to Paragraph 45, SLS refers to the above cited report and orders and denies anything inconsistent therewith. SLS specifically denies Plaintiff's characterization of the cited information and denies any and all alleged violations of the FDCPA or any other law.**

46.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?,* 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

**ANSWER: Responding to Paragraph 46, SLS refers to the above cited study and denies anything inconsistent therewith. SLS specifically denies Plaintiff's characterization of the cited information and denies any and all alleged violations of the FDCPA or any other law.**

47.     Courts also hold that it is misleading and a violation of the FDCPA to offer to settle a time-barred debt without disclosure of its unenforceable nature. *Pantoja v. Portfolio Recovery Associates, LLC,* 852 F.3d 679 (7th Cir. 2017); *McMahon v. LVNV Funding, LLC,* 744 F.3d 1010, 1021 (7th Cir. 2014); *Daugherty v. Convergent Outsourcing, Inc.,* 836 F.3d 507, 509 (5th Cir. 2016); *Buchanan v. Northland Group, Inc.,* 776 F.3d 393, 397 (6th Cir. 2015).

**ANSWER: Responding to Paragraph 47, SLS refers to the above cited cases and denies anything inconsistent therewith. SLS specifically denies Plaintiff's characterization of the cited information and denies any and all alleged violations of the FDCPA or any other law.**

## RESPONSE TO COUNT I—FDCPA

48.     Plaintiff incorporates paragraphs 1-47.

**ANSWER: SLS incorporates its responses to paragraphs 1 through 47 as though fully stated herein.**

49.     This claim is against all defendants.

**ANSWER:   SLS admits Plaintiff purports to bring this cause of action against all defendants. SLS specifically denies any and all alleged violations of the FDCPA or any other law.**

50.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), by dunning consumers on time-barred debts without disclosure of that fact and offering to settle such debts.

**ANSWER: SLS denies Paragraph 50.**

51.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…**

**(2) The false representation of –**

**(A) the character, amount, or legal status of any debt;…**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

**ANSWER: SLS admits the above quoted language is found in § 1692e of the FDCPA. SLS specifically denies any and all alleged violations of the FDCPA or any other law.**

13

## RESPONSE TO CLASS ALLEGATIONS

52.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER: SLS admits Plaintiff seeks certification of two putative classes; however, SLS denies any such classes should be certified pursuant to Rule 23.**

53.     The Student Loan Solutions class consists of (a) all individuals with addresses in Illinois (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the late of default or chargeoff, (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

**ANSWER: SLS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.**

54.     The Williams & Fudge, Inc. class consists of (a) all individuals with addresses in Illinois (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was  pending at any time during a period beginning on year prior to the filing of this action and ending 21 days after the filing of this action.

**ANSWER: SLS admits Plaintiff attempts to define a putative class in Paragraph 54, denies that such class should be certified pursuant to Rule 23, and denies the remaining allegations in Paragraph 54.**

55.     On information and belief, each class is so numerous that joinder of all members is not practicable.

**ANSWER: SLS denies Paragraph 55.**

56.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of attempting to collect time-barred debts and whether such practice violates the FDCPA.

**ANSWER: SLS denies Paragraph 56.**

57.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER: SLS denies Paragraph 57.**

58.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER: SLS denies Paragraph 58.**

59.     A class action is superior for the fair and efficient adjudication of this matter, in that:

  a.  Individual actions are not economically feasible.

  b.  Members of the class are likely to be unaware of their rights;

  c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER: SLS denies Paragraph 59 and its subparts.**

WHEREFORE, Defendant, Student Loan Solutions, LLC., respectfully requests that this Court enter judgment in its favor and against Plaintiff on Plaintiff's Complaint and for such further relief as this Court deems just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant affirmatively states Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims. Plaintiff has not showed an injury in fact which can be attributed to the specific actions of Defendant alleged in this case.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts that, upon information and belief, arbitration may be the appropriate venue for Plaintiff and/or alleged class member's claims. Defendant may possess certain arbitration rights based on one or more contracts entered into by Plaintiff and/or alleged class members.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts and/or omissions of third parties for whose conduct SLS is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim upon which relief may be granted.


Dated:  October 23, 2018.

                        Respectfully submitted,


            By:    /s/*Emily J. Fitzgerald*_____
                        Counsel for defendant
                        Student Loan Solutions, LLC

Joseph P. Kincaid—ARDC No. 6202639
Emily J. Fitzgerald—ARDC No. 6305923
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3400
Chicago, Illinois 60611
jkincaid@smbtrials.com
efitzgerald@smbtrials.com
Office: (312) 321-9100
Fax:    (312) 321-0990

17

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the foregoing Defendant Student Loan Solutions, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint was served upon all counsel of record via the Court ECF system, this 23rd day of October 2018.

[✓]Under penalties as provided by law, the undersigned certifies that the statements set forth in this Certificate of Service are true and correct.

_____ /s/*Emily J. Fitzgerald*_____