**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONYA FACEY, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-cv-05086 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Judge John Z. Lee |
| STUDENT LOAN SOLUTIONS, LLC; | ) | |
| and WILLIAMS & FUDGE, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WILLIAMS & FUDGE, INC.'S ANSWER & AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S CLASS ACTION COMPLAINT**

NOW COMES Defendant, Williams & Fudge, Inc. ("WFI"), by and through its attorneys and for its Answer and Affirmative Defenses to class action Complaint ("Complaint") of Tonya Facey, individually and on behalf of similarly situated individuals, ("Plaintiff"), in the above-entitled matter. WFI denies each and every allegation in the Amended Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

**RESPONSE TO INTRODUCTION**

1.      Plaintiff Tonya Facey brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Student Loan Solutions, LLC, and Williams & Fudge, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. ("FDCPA").

**ANSWER: Responding to Paragraph 1, WFI admits Plaintiff brings this action against Student Loan Solutions, LLC ("SLS") and WFI regarding alleged violations of the**

1

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). WFI denies it violated any law, cited or otherwise, and denies any and all alleged liability.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

**ANSWER: Responding to Paragraph 2, WFI refers to the text of the FDCPA and denies anything inconsistent therewith.**

3.      In enacting the FDCPA, Congress found that: '[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

**ANSWER: Responding to Paragraph 3, WFI admits the above quotation is contained in 15 U.S.C. § 1692(a). WFI denies the remaining allegations in Paragraph 3.**

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp.2d 1035, 1042 (N.D. Ill. 2008).

**ANSWER:   Responding to Paragraph 4, WFI admits the above quotations are contained in *Ramirez v. Apex Financial Management LLC*, 567 F.Supp. 2d 1035, 1042 (N.D. Ill. 2008). WFI denies Plaintiff's characterization of the referenced case and denies any and all alleged violations of the FDCPA or any other law.**

2

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC,* 259 F.3d 662, 666 (7th Cir. 2001).

**ANSWER: Responding to Paragraph 5, WFI refers to the text of the FDCPA and denies anything inconsistent therewith. WFI denies any and all alleged violations of the FDCPA or any other law.**

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

**ANSWER: WFI denies the allegations in Paragraph 6.**

7.      Specifically, plaintiff alleges that defendants systematically engaged in collecting time-barred debts through unlawful means.

**ANSWER: WFI denies the allegations in Paragraph 7.**

**RESPONSE TO VENUE AND JURISDICTION**

8.      This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367.

**ANSWER:  Responding to Paragraph 8, WFI admits the cited statutes purport to provide statutory jurisdiction. Notwithstanding the admission regarding purported jurisdiction provided by the cited statutes, WFI denies all liability associated with the allegations set forth in the Complaint, denies the named Plaintiff or any other consumer has suffered concrete injury, and denies the named Plaintiff or any other consumer has Article III standing in this case.**

9.      Venue and personal jurisdiction in this District are proper because:

3

    a.   Defendants' collection communications and activities impacted plaintiff within this District;

    b.   Each defendant does or transacts business within this District.

**ANSWER: Responding to Paragraph 9, including subparts a and b, WFI admits that based upon Plaintiff's allegations, venue is proper in this District and the Court has personal jurisdiction. WFI lacks knowledge or information sufficient to form a belief as to the remaining allegations directed to its codefendant.**

## RESPONSE TO PARTIES

10.    Plaintiff is an individual who resides in the Northern District of Illinois.

**ANSWER: WFI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and denies the same.**

11.    Defendant Student Loan Solutions LLC is a limited liability company organized under South Carolina law with hits principal offices at 707 Land Fall Drive, Rock Hill, SC 29732. It does business in Illinois. Its registered agent is Cogency Global, Inc., 600 S. Second Street, Suite 404, Springfield, IL 62704.

**ANSWER: WFI admits Paragraph 11.**

12.    Defendant Student Loan Solutions LLC holds a collection agency license from the Illinois Department of Financial and Professional Regulation.

**ANSWER: Responding to Paragraph 12, WFI admits SLS was licensed during all times relevant to this litigation.**

13.    On information and belief, the principal or sole business of Student Loan Solutions LLC consists of acquiring defaulted student loan debts and enforcing the loans against the borrowers.

4

**ANSWER: Paragraph 13 contains allegations directed to codefendant, SLS, about which WFI lacks knowledge or information sufficient to form a belief.**

14.     On information and belief, Student Loan Solutions LLC has no source of income other than liquidation of defaulted student loan debts.

**ANSWER: Paragraph 14 contains allegations directed to codefendant, SLS, about which WFI lacks knowledge or information sufficient to form a belief.**

15.     Defendant Student Loan Solutions LLC regularly files lawsuits against borrowers in Illinois and elsewhere. On information and belief, it has filed over 300 such lawsuits, including some in Cook County, Illinois.

**ANSWER: Paragraph 15 contains allegations directed to codefendant, SLS, about which WFI lacks knowledge or information sufficient to form a belief.**

16.     In other cases, Student Loan Solutions LLC hires collection agencies, including Williams & Fudge, Inc., to conduct collection activities on its behalf.

**ANSWER: Responding to Paragraph 16, WFI admits that at certain times and under certain circumstances it has been hired by SLS to attempt to recover on defaulted accounts. WFI lacks knowledge or information sufficient to form a belief regarding any and all remaining allegations in this paragraph and denies the same.**

17.     In both instances, the mails and telephone system are used in connection with the collection activities.

**ANSWER: Responding to Paragraph 17, WFI admits at certain times and under certain circumstances it uses the mails and/or telephone system in an attempt to collect outstanding accounts. WFI lacks knowledge and information sufficient to form a belief; therefore, WFI denies the same.**

18.     Student Loan Solutions LLC is a debt collector as defined in the FDCPA.

**ANSWER: Paragraph 18 contains allegations directed to codefendant, SLS, about which WFI lacks knowledge or information sufficient to form a belief.**

19.     Defendant Williams & Fudge, Inc., is a South Carolina corporation with its principal place of business at 300 Chatham Ave., Rock Hill, SC 29730. It operates a collection agency and does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER: Responding to Paragraph 19, WFI admits it is a South Carolina corporation with its principal place of business at 300 Chatham Ave., Rock Hill, SC 29730. WFI admits its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. WFI lacks knowledge or information sufficient to respond to any remaining allegations as "collection agency" and "does business" are not defined; therefore, WFI denies the same.**

20.     Defendant Williams & Fudge, Inc. describes its business as follows on its web site (https://www.wfcorp.com/servicies/): "Williams & Fudge was founded in 1986 and is a family owned business with the purpose of serving the higher education community. We aid institutions in the recovery of education-related receivables. Specific debt types include Perkins Loans (Cohort management), tuition, campus-based institutional loans, Health Profession and Nursing Loans, private education (alternative) loans, and other miscellaneous receivables such as parking, room, board, and library fines. In addition to our third-party collections we also offer Early Intervention programs to prevent students from reaching delinquent status."

**ANSWER: WFI admits Paragraph 20.**

21.     Williams & Fudge, Inc., holds a collection agency license from the Illinois Department of Financial and Professional Regulation.

**ANSWER: WFI admits Paragraph 21.**

22.     Williams & Fudge, Inc., uses the mails and telephone system in collecting debts.

**ANSWER: Responding to Paragraph 22, WFI admits that at certain times and under certain circumstances it uses the mails and/or telephone system in an attempt to collect outstanding accounts. WFI denies any and all remaining allegations in this paragraph.**

23.     Williams & Fudge, Inc. is a debt collector as defined in the FDCPA.

**ANSWER: Responding to Paragraph 23, WFI admits that at certain times and under certain circumstances it is a "debt collector" as defined by the FDCPA. WFI lacks knowledge or information sufficient to form a belief about the truth of the allegation as to whether it was acting as a debt collector with respect to the attempted collection of Plaintiff's account because it does not know the purpose for which she incurred the account.**

24.     Williams & Fudge, Inc. and Student Loan Solutions, LLC have common management and, on information and belief, ownership.

**ANSWER: Responding to Paragraph 24, the phrase "common management" is vague and ambiguous whereby WFI cannot formulate a response. To the extent WFI is required to respond, WFI denies the same.**

25.     On information and belief, there are six company officials in Student Loan Solutions, LLC. They are member Chad V. Echols, member Richard Clay Goodyear, member Robert J. Perrin, manager Christopher P. Ruh, member David C. Williams, and member Gary L. Williams.

**ANSWER: WFI admits Paragraph 25.**

7

26.     All of these list the address of 300 Chatham Ave., PO Box 11590 Rock Hill SC 29731, which is the address of Williams & Fudge, Inc.

**ANSWER: WFI denies Paragraph 26.**

27.     The principal executive officers of Williams & Fudge, Inc. are David C. Williams, president, Margaret Williams, secretary, Robert J. Perrin, Chief Executive Officer, and Gary L. Williams, Chairman of the Board of Directors.

**ANSWER: WFI admits Paragraph 27.**

28.     Given the overlap of management, the acts and practices of Williams & Fudge, Inc., are known by Student Loan Solutions LLC, and vice versa.

**ANSWER: WFI denies Paragraph 28.**

## RESPONSE TO FACTS

29.     In 2001-2002, plaintiff obtained several private student loans.

**ANSWER: Responding to Paragraph 29, WFI admits that in or around 2001-2002, Plaintiff obtained the loan that is currently due and owing. WFI lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 29 and, therefore, WFI denies the same.**

30.     The loans were to be repaid beginning no later than December 2005.

**ANSWER: WFI lacks knowledge or information sufficient to form a belief as to Paragraph 30; therefore, WFI denies the same.**

31.     There have been no payments made on the loans since April 1, 2008.

**ANSWER:  WFI denies Paragraph 31.**

32.     The statute of limitations on the loans was either 10 years, if they are considered contracts wholly in writing, or 5 years, if they are not.

8

**ANSWER:  Paragraph 32 contains a legal conclusion to which WFI is not required to respond. To the extent a response is required, WFI states the private student loans at issue were written contracts.**

33.    On or about April 6, 2018, defendant Williams & Fudge, Inc., acting on behalf of Student Loan Solutions, LLC, sent plaintiff the letter attached as Exhibit A.

**ANSWER: WFI admits Paragraph 33.**

34.    Exhibit A asks plaintiff to "contact the undersigned with respect to a full resolution" of "this outstanding debt."

**ANSWER: Responding to Paragraph 34, WFI admits the quoted language is found in Exhibit A; however, WFI refers to Exhibit A for the correct quotes in the proper context.**

35.    Exhibit A does not disclose that the statute of limitations has run on the debt.

**ANSWER: Responding to Paragraph 35, WFI admits the correspondence does not reference any "statute of limitations"; however, WFI denies the statute of limitations has run on the debt at issue.**

36.    Upon inquiry, plaintiff was sent the letter of May 2, 2018 attached as Exhibit B.

**ANSWER: WFI admits Paragraph 36.**

37.    Exhibit B quotes an amount due of $88,179.04, and again does not disclose the statute of limitations bar.

**ANSWER: Responding to Paragraph 37, WFI admits Exhibit B includes an outstanding amount of $88,179.04. WFI denies the balance due and owing is barred by the statute of limitations. WFI denies any and all remaining allegations in this paragraph.**

38.    As a result of receiving these demands, Tonya Facey was required to retain counsel and spend time and money dealing with the time-barred debt.

9

**ANSWER: WFI denies Paragraph 38.**

39.     The debt went into default more than 10 years prior to the filing of suit.

**ANSWER: WFI denies Paragraph 39.**

40.     "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield, Inc. v. Nikkel*, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet, Ltd.,* 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. *Coryell v. Klehm,* 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

**ANSWER: Responding to Paragraph 40, WFI admits the above quotations are contained in the cited case law. WFI denies Plaintiff's characterization of the referenced case and denies any and all alleged violations of the FDCPA or any other law.**

41.     Defendants Student Loan Solutions, LLC and Williams & Fudge, Inc., regularly demand payment and invite settlements of time-barred debts.

**ANSWER: WFI denies Paragraph 41.**

42.     It is the policy and practice of defendants to not disclose the fact that they are time-barred.

**ANSWER: WFI denies Paragraph 42.**

43.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations…When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collet that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset

Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

**ANSWER: Responding to Paragraph 43, WFI admits the above-quoted language is contained in the above-cited article. WFI denies Plaintiff's characterization of the referenced information and denies any and all alleged violations of the FDCPA or any other law.**

44.    On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempted to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations…" (2012-CFPB-0002, p.6 of 35, 2012-CFPB-0003, p.5 of 28).

**ANSWER: Responding to Paragraph 44, WFI admits the above-quote language is contained in the cited Orders. WFI denies Plaintiff's characterization of the referenced orders and denies any and all alleged violations of the FDCPA or any other law.**

45.    On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry,* available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC,* No. 8:12-cv-182-T27EAJ (M.D.Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-

316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases. The report supports plaintiff's position that defendants violated the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

**ANSWER:** **Responding to Paragraph 45, WFI refers to the above cited report and orders and denies anything inconsistent therewith. WFI specifically denies Plaintiff's characterization of the cited information and denies any and all alleged violations of the FDCPA or any other law.**

46. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?,* 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

**ANSWER:** **Responding to Paragraph 46, WFI refers to the above cited study and denies anything inconsistent therewith. WFI specifically denies Plaintiff's characterization of the cited information and denies any and all alleged violations of the FDCPA or any other law.**

47. Courts also hold that it is misleading and a violation of the FDCPA to offer to settle a time-barred debt without disclosure of its unenforceable nature. *Pantoja v. Portfolio Recovery Associates, LLC,* 852 F.3d 679 (7th Cir. 2017); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014); *Daugherty v. Convergent Outsourcing, Inc.,* 836 F.3d 507, 509 (5th Cir. 2016); *Buchanan v. Northland Group, Inc.,* 776 F.3d 393, 397 (6th Cir. 2015).

**ANSWER:** **Responding to Paragraph 47, WFI refers to the above cited cases and denies anything inconsistent therewith. WFI specifically denies Plaintiff's characterization**

of the cited information and denies any and all alleged violations of the FDCPA or any other law.

## RESPONSE TO COUNT I—FDCPA

48.     Plaintiff incorporates paragraphs 1-47.

**ANSWER: WFI incorporates its responses to paragraphs 1 through 47 as though fully stated herein.**

49.     This claim is against all defendants.

**ANSWER:  WFI admits Plaintiff purports to bring this cause of action against all defendants. WFI specifically denies any and all alleged violations of the FDCPA or any other law.**

50.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), by dunning consumers on time-barred debts without disclosure of that fact and offering to settle such debts.

**ANSWER: WFI denies Paragraph 50.**

51.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…**

**(2) The false representation of –**

**(A) the character, amount, or legal status of any debt;…**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

13

**ANSWER: WFI admits the above quoted language is found in § 1692e of the FDCPA. WFI specifically denies any and all alleged violations of the FDCPA or any other law.**

**RESPONSE TO CLASS ALLEGATIONS**

52.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER: WFI admits Plaintiff seeks certification of two putative classes; however, WFI denies any such classes should be certified pursuant to Rule 23.**

53.     The Student Loan Solutions class consists of (a) all individuals with addresses in Illinois (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the late of default or chargeoff, (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

**ANSWER: WFI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.**

54.     The Williams & Fudge, Inc. class consists of (a) all individuals with addresses in Illinois (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was  pending at any time during a period beginning on year prior to the filing of this action and ending 21 days after the filing of this action.

**ANSWER: WFI admits Plaintiff attempts to define a putative class in Paragraph 54, denies that such class should be certified pursuant to Rule 23, and denies the remaining allegations in Paragraph 54.**

14

55. On information and belief, each class is so numerous that joinder of all members is not practicable.

**ANSWER: WFI denies Paragraph 55.**

56. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of attempting to collect time-barred debts and whether such practice violates the FDCPA.

**ANSWER: WFI denies Paragraph 56.**

57. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER: WFI denies Paragraph 57.**

58. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER: WFI denies Paragraph 58.**

59. A class action is superior for the fair and efficient adjudication of this matter, in that:

  a. Individual actions are not economically feasible.

  b. Members of the class are likely to be unaware of their rights;

  c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER: WFI denies Paragraph 59 and its subparts.**

15

WHEREFORE, Defendant, Williams & Fudge, Inc., respectfully requests that this Court enter judgment in its favor and against Plaintiff on Plaintiff's Complaint and for such further relief as this Court deems just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant affirmatively states Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims. Plaintiff has not showed an injury in fact which can be attributed to the specific actions of Defendant alleged in this case.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts that, upon information and belief, arbitration may be the appropriate venue for Plaintiff and/or alleged class member's claims. Defendant may possess certain arbitration rights based on one or more contracts entered into by Plaintiff and/or alleged class members.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts and/or omissions of third parties for whose conduct WFI is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim upon which relief may be granted.

Dated:  October 23, 2018.

Respectfully submitted,

By:     /s/*Emily J. Fitzgerald*_____
        Counsel for defendant
        Williams & Fudge, Inc.

Joseph P. Kincaid—ARDC No. 6202639
Emily J. Fitzgerald—ARDC No. 6305923
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3400
Chicago, Illinois 60611
jkincaid@smbtrials.com
efitzgerald@smbtrials.com
Office: (312) 321-9100
Fax:    (312) 321-0990

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Defendant Williams & Fudge, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint was served upon all counsel of record via the Court ECF system, this 23rd day of October 2018.

[✓] Under penalties as provided by law, the undersigned certifies that the statements set forth in this Certificate of Service are true and correct.

_____ /s/*Emily J. Fitzgerald* _____

18