IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA FACEY, <br> on behalf of plaintiff and a class, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Case No.: 1:18-cv-05086 |
| vs. | ) <br> ) | Hon. John Z. Lee |
| STUDENT LOAN SOLUTIONS <br> LLC; and WILLIAMS & FUDGE, <br> INC. | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT

**I. The Nature of the Case**

A. Identify the attorneys of record for each party, including the lead trial attorney.

*For Plaintiffs*

    Daniel A. Edelman (Lead Trial Attorney)
    Cathleen M. Combs
    Cassandra P. Miller
    Paul M. Waldera
    Edelman, Combs, Latturner & Goodwin LLC
    20 South Clark Street
    Suite 1500
    Chicago, IL 60603
    (312) 739-4200
    Email: dedelman@edcombs.com
           pwaldera@edcombs.com

*For Defendants*

    Joseph P. Kincaid (Lead Trial Attorney)
    Emily J. Fitzgerald
    SWANSON, MARTIN & BELL, LLP
    330 North Wabash Ave. Suite 3400
    Chicago, Illinois 60611
    jkincaid@smbtrials.com
    efitzgerald@smbtrials.com
    Office: (312) 321-9100

      Fax:   (312) 321-0990

B. State the basis for federal jurisdiction.

This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

C. Describe the nature of the claims asserted in the complaint and any counterclaims.

Plaintiff claims that defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), by dunning consumers on time-barred debts without disclosure of that fact and offering to settle such debts.

D. A statement of the major legal and factual issues in the case to be submitted by each side in 200 words or less per side. A party need not agree to the opposing party's statement.

For Plaintiff: The major legal issues include: Whether Defendants are "debt collectors" as that term is defined by the FDCPA; Whether offers to settle or provide discounts on time-barred debts without disclosure of that fact violates the FDCPA.; Whether or not a class should be certified, pursuant to Fed.R.Civ.P. 23; and the major factual issues include: The number of putative class members as defined by the class definition in the Complaint; The net worth of the defendants; Facts relating to whether Plaintiff is a proper class representative; and Facts relating to whether a class action is a superior method of resolving this dispute.

For Defendants: tolling of statute of limitations via payment and/or activity on accounts; whether Tonya Facey is an adequate and/or proper class representative; whether a class should be certified pursuant to Rule 23; and class definitions and limitations.

E. Describe the relief sought by the plaintiff(s).

Plaintiff seeks relief in the form of i. statutory damages; ii. actual damages, including all amounts collected on time-barred debts; iii. attorney's fees, litigation expenses and costs of suit; iv. such other and further relief as the Court deems proper.

**II. Pending Motions and Case Plan**
A. Identify the Day/Date of the Initial Status Hearing

Thursday November 1, 2018

B. Identify All Pending Motions

There are no pending motions at this time.

C. Submit a proposal for a discovery plan, including the following information:

1. The general type of discovery needed;

    Plaintiff will need both written and oral discovery from Defendants, and possibly third parties, regarding (1) the drafting, use and approval of the use of the language contained in Exhibit A to the Complaint, (2) the identification and size of the class, (3) the net worth of the defendant, and (4) any affirmative defenses raised by defendant.

    Defendants will need written and oral discovery from plaintiff(s) regarding the subject debt, payment of the debt, co-signors to the debt, as well as activity and communications regarding the debt.

2. A date to issue written discovery;

    Defendant Williams & Fudge and Student Loan Solutions filed their Answers on October 23, 2018. Mandatory Initial Discovery Program answers are due 30 days after Defendants answer the complaint. As such, the parties will file their MIDP responses on November 22, 2018. Plaintiff will issue its first set of written discovery requests no later than 30 days after Defendant satisfies its obligations to the mandatory initial discovery pilot project (or December 22, 2018).

3. A date for the deadline for the amendment of pleadings (90 days after Rule 26(a) disclosures are exchanged).

    Rule 26(a) disclosures will be made along with the responses to the MIDPs. MIDPs are due on November 22, 2018. The deadline for the amendment of pleadings will be February 20, 2019

4. A fact discovery completion date;

    Fact discovery should be completed no later than eight months after the parties exchange initial written discovery as set forth above. Plaintiff proposes that fact discovery should be completed by August 22, 2019

5. An expert discovery completion date, including dates for the delivery of expert reports; and

    The parties request that a deadline for expert disclosures be set following the close of fact discovery, at which time the parties will know whether and what type of expert discovery will be necessary.

6. A date for the filing of dispositive motions.

    If this Court certifies Plaintiff's proposed class, notice of the pendency of the action will need to be provided to each class member before the Court enters any dispositive

orders which may affect their claims. As such, the parties respectfully request that the court enter a schedule for dispositive motions following the Court's ruling on the motion for class certification. Should the Court wish to enter a deadline at this time, the parties should be prepared to begin briefing their respective motions no later than the date 2 months following the close of all discovery.

D. With respect to trial, indicate the following:

1. Whether a jury trial is requested; and

   Neither party has made a jury demand. No jury trial is requested

2. The probable length of trial

   The parties anticipate that any trial should not exceed 2-3 days.

## III. Consent to Proceed Before a Magistrate Judge

The parties do not unanimously consent to proceed before a Magistrate Judge at this time.

## IV. Status of Settlement Discussions

A. Indicate whether any settlement discussions have occurred;

   No settlement discussion have occurred at this time, although Plaintiff is open to discussing settlement provided it receives Defendants' net worth and potential class size.

B. Describe the status of any settlement discussions; and

   No settlement discussions have taken place.

C. Whether the parties request a settlement conference.

   Plaintiff does not request a settlement conference at this time.

Respectfully Submitted,

<u>s/Paul M. Waldera</u>
Paul M. Waldera

Daniel A. Edelman
Cassandra P. Miller
Paul M. Waldera
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

*Counsel for Plaintiff*

<u>s/ Emily J. Fitzgerald</u>
Emily J. Fitzgerald

Joseph P. Kincaid (Lead Trial Attorney)
Emily J. Fitzgerald
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3400
Chicago, Illinois 60611
jkincaid@smbtrials.com
efitzgerald@smbtrials.com
Office: (312) 321-9100
Fax:    (312) 321-0990

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

    I, Paul M. Waldera, hereby certify that on Thursday, October 25, 2018, I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

                                                                s/ Paul M. Waldera
                                                                Paul M. Waldera

Daniel A. Edelman
Cassandra P. Miller
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)