**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONYA FACEY, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18-cv-05086 |
| vs. | ) | |
| | ) | |
| STUDENT LOAN SOLUTIONS | ) | Judge John Z. Lee |
| LLC; and WILLIAMS & FUDGE, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT  – CLASS ACTION

## INTRODUCTION

1.      Plaintiff Tonya Facey ("Plaintiff") brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Student Loan Solutions, LLC, ("SLS") and  Williams & Fudge, Inc. ("Williams & Fudge") (collectively referred to as "Defendants"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

1

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated."  *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7.     Specifically, plaintiff alleges that defendants systematically engaged in collecting time-barred debts through unlawful means.

## VENUE AND JURISDICTION

8.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

9.     Venue and personal jurisdiction in this District are proper because:

a.     Defendants' collection communications and activities impacted plaintiff within this District;

b.     Each defendant does or transacts business within this District.

2

## PARTIES

10.     Plaintiff  is an individual who resides in the Northern District of Illinois.

11.     Defendant Student Loan Solutions LLC is a limited liability company organized under South Carolina law with its principal offices at 707 Land Fall Drive, Rock Hills, SC 29732.  It does business in Illinois.  Its registered agent is Cogency Global, Inc., 600 S. Second Street, Suite 404, Springfield, IL 62704.

12.     Defendant Student Loan Solutions, LLC holds a collection agency license from the Illinois Department of Financial and Professional Regulation.

13.     On information and belief, the principal or sole business of Student Loan Solutions, LLC consists of acquiring defaulted student loan debts and enforcing the loans against the borrowers.

14.     On information and belief, Student Loan Solutions, LLC has no source of income other than liquidation of defaulted student loan debts.

15.     Defendant Student Loan Solutions LLC regularly files lawsuits against borrowers in Illinois and elsewhere.  On information and belief, it has filed over 300 such lawsuits, including some in Cook County, Illinois.

16.     In other cases, Student Loan Solutions, LLC hires collection agencies, including Williams & Fudge, Inc., to conduct collection activities on its behalf.

17.     In both instances, the mails and telephone system are used in connection with the collection activities.

18.     Student Loan Solutions, LLC is a debt collector as defined in the FDCPA.

19.     Defendant Williams & Fudge, Inc., is a South Carolina corporation with its

3

principal place of business at 300 Chatham Ave., Rock Hill, SC 29730. It operates a collection

agency and does business in Illinois. Its registered agent and office is CT Corporation System,

208 S. LaSalle St., Suite 814, Chicago, IL 60604.

20.     Defendant Williams & Fudge, Inc. describes its business as follows on its web

site (https://www.wfcorp.com/services/): "Williams & Fudge was founded in 1986 and is a

family owned business with the purpose of serving the higher education community. We aid

institutions in the recovery of education-related receivables. Specific debt types include Perkins

Loans (Cohort management), tuition, campus-based institutional loans, Health Profession and

Nursing Loans, private education (alternative) loans, and other miscellaneous receivables such as

parking, room, board, and library fines. In addition to our third-party collections we also offer

Early Intervention programs to prevent students from reaching delinquent status."

21.     Williams & Fudge, Inc., holds a collection agency license from the Illinois

Department of Financial and Professional Regulation.

22.     Williams & Fudge, Inc., uses the mails and telephone system in collecting debts.

23.     Williams & Fudge, Inc., is a debt collector as defined in the FDCPA.

24.     Williams & Fudge, Inc., and Student Loan Solutions, LLC, have common

management and, on information and belief, ownership.

25.     On information and belief, there are six company officials in Student Loan

Solutions, LLC. They are member Chad V. Echols, member Richard Clay Goodyear, member

Robert J. Perrin, manager Christopher P. Ruh, member David C. Williams, and member Gary L

Williams.

26.     All of these list the address of 300 Chatham Ave., PO Box 11590 Rock Hill SC

4

29731, which is the address of Williams & Fudge, Inc.

27.     The principal executive officers of Williams & Fudge, Inc., are David C. Williams, president, Margaret Williams, secretary, Robert J. Perrin, Chief Executive Officer, and Gary L. Williams, Chairman of the Board of Directors.

28.     Given the overlap of management, the acts and practices of Williams & Fudge, Inc., are known by Student Loan Solutions LLC, and vice versa.

## FACTS

29.     In 2001-2002, plaintiff obtained several private student loans.

30.     The loans were to be repaid beginning no later than December 2005.

31.     Plaintiff did not make or direct any payments to be made on the loan since the loan was originated.

32.     Plaintiff's sister was a co-signer on the loans.

33.     Plaintiff originally took out the loans while residing in New York in order to attend New York University.

34.     Plaintiff resided in New York from approximately August of 2001 until July of 2007 when Plaintiff moved to Toronto, Ontario, Canada.

35.     Plaintiff resided in Toronto until she moved to Illinois sometime in 2012 where she has resided ever since.

36.     In Illinois, the statute of limitations on the loans was either 10 years, if they are considered contracts wholly in writing, or 5 years, if they are not.

37.     On or about November 12, 2017 defendant Williams & Fudge, Inc., acting on behalf of Student Loan Solutions, LLC, sent plaintiff the letter attached as Exhibit A.

38.     Exhibit A is a form letter, filled out by computer in a standardized manner.

39.     On information and belief, based on its contents, Exhibit A is a form intended for use as the first letter defendant sends to a consumer regarding the debt described therein.

40.     Exhibit A states "Student Loan Solutions, LLC may request this account(s) be reported to a National Credit Reporting Agency within 60 days from the date of this letter. Only debts within seven (7) years of the date of delinquency are reported to a National Credit Reporting Agency."

41.     As of November 12, 2017 more than 7 years had elapsed since Plaintiff last made a payment on the debt.

42.     Credit reporting is collection activity. Reporting a debt to a credit bureau is "a powerful tool designed, in part, to wrench compliance with payment terms. . . ." *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993).

43.     Upon receipt of Exhibit A, plaintiff read the contents of the letter and was confused and mislead.

44.     On or about April 6, 2018, defendant Williams & Fudge, Inc., acting on behalf of Student Loan Solutions, LLC, sent plaintiff the letter attached as Exhibit B.

45.     Exhibit B asks plaintiff to "contact the undersigned with respect to a full resolution" of "this outstanding debt."

46.     Exhibit B does not disclose that the statute of limitations has run on the debt.

47.     Upon receipt of Exhibit B, plaintiff read the contents of the letter and was confused and mislead.

48.     Upon inquiry, plaintiff was sent the letter of May 2, 2018 attached as Exhibit C.

6

49.     <u>Exhibit C</u> quotes an amount due of $88,179.04, and again does not disclose the statute of limitations bar.

50.     As a result of receiving these demands, Tonya Facey was required to retain counsel and spend time and money dealing with the time-barred debt.

51.     The debt went into default more than 10 years prior to the dates of the letters attached hereto as <u>Exhibits A-C</u>.

52.     "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield, Inc. v. Nikkel*, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000).   "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987).   This includes the statute of limitations.  *Coryell v. Klehm*, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

53.     Defendants Student Loan Solutions, LLC  and Williams & Fudge, Inc., regularly send collection letters referencing credit reporting when the legal credit reporting period has expired.

54.     Defendants Student Loan Solutions, LLC  and Williams & Fudge, Inc., regularly demand payment and invite settlements of time-barred debts.

55.     It is the policy and practice of defendants to not disclose the fact that they are time-barred.

56.     The Federal Trade Commission has determined  that  "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the

misleading impression that the collector can sue the consumer in court to collect that debt."

(http://www.ftc.gov/opa/2012/01/asset.shtm)   The FTC entered into a consent decree with Asset

Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to

consumers when it is attempting to collect debts that are barred by the statute of limitations.

*United States of America (For the Federal Trade Commission)  v. Asset Acceptance, LLC,* Case

No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

57.    On October 1, 2012,  the Consumer Financial Protection Bureau, which has taken

over much of the FTC's enforcement responsibility and has been granted rule-making authority

with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve

Board, and the Office of the Comptroller of the Currency entered into consent orders with three

American Express-related entities requiring disclosure that debts they attempt to collect were

time-barred.  2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004.   The orders require that

"the Bank shall continue to provide disclosures  concerning the expiration of the Bank's

litigation rights when collecting debt that is barred by the applicable state statutes of limitations .

. . ."  (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

58.    On January 30, 2013, the FTC issued its report, *The Structure and Practices of

the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf.  The

report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-

cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-

12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American

Express Travel Company, Inc.* (2012-CFPB-0004) cases.  The report supports plaintiff's position

8

that defendants violated the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

59.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

60.     Courts also hold that it is misleading and a violation of the FDCPA to offer to settle a time-barred debt without disclosure of its unenforceable nature. *Pantoja v. Portfolio Recovery Associates, LLC,* 852 F.3d 679 (7th Cir. 2017); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014); *Daugherty v. Convergent Outsourcing, Inc.,* 836 F.3d 507, 509 (5th Cir. 2016); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 397 (6th Cir. 2015); *Magee v. Portfolio Recovery Assocs., LLC*, No. 12 CV 1624, 2016 WL 2644763, at *5 (N.D. Ill. May 9, 2016).

## COUNT I – FDCPA – TIME BARRED DEBTS – INDIVIDUAL CLAIM

61.     Plaintiff incorporates paragraphs 1-60.

62.     This claim is brought individually by Plaintiff against all Defendants.

63.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), by dunning Plaintiff on time-barred debts without disclosure of that fact and offering to settle such debts.

64.     Section 1692e provides:

**§ 1692e.          False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendants for:

i.     Statutory damages;

ii.     Attorney's fees, litigation expenses and costs of suit;

iii.     Such other and further relief as the Court deems proper.

## COUNT II- FDCPA -THREAT OF CREDIT REPORTING -CLASS CLAIM

65.     Plaintiff incorporates paragraphs 1-60.

66.     This claim is brought on behalf of two classes, as defined below, and is against all

Defendants.

67.     Under federal law, a delinquent debt cannot appear on a person's credit

report more than 7 years and 180 days after the beginning of the delinquency. The Fair Credit

Reporting Act, 15 U.S.C. §1681c ("FCRA"), provides:

**§ 1681c. Requirements relating to information contained in consumer reports**

**(a) Information excluded from consumer reports. Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information:**

> **(1) Cases under title 11 of the United States Code or under the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, as the case may be, antedate the report by more than 10 years.**

> **(2) Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.**

> **(3) Paid tax liens which, from date of payment, antedate the report by more than seven years.**

> **(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.**

> **(5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years. . . .**

**(c) Running of reporting period.**

> **(1) In general. The 7-year period referred to in paragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action. . . .**

There is an exception for special reports prepared in connection with credit and life insurance transactions involving more than $150,000 and employment at more than $75,000.

68.     At the time Exhibit A was sent, the reporting period with respect to Plaintiff's debts had expired.

69.     Defendants knew or was chargeable with knowledge that the reporting period had expired.

11

70.     Statements about reporting older debts are both "deceptive" and "unfair" in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011); *Lox v. CDA, Ltd.,* 2012 U.S. App. LEXIS 15961 (7th Cir., August 2, 2012) (citing with approval *Gonzalez*).

71.     The only reason for referring to credit bureau reporting in Exhibit A is to induce the consumer to believe that the credit bureau can have them appear on a credit report.

72.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by referring to credit reporting on debts so old that they cannot be reported on an ordinary credit report.

73.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of–**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

74.     Section 1692f provides:

**§ 1692f.        Unfair practices [Section 808 of P.L.]**

12

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

75.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

76.     The Student Loan Solutions class consists of (a) all individuals with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

77.     The Williams & Fudge, Inc. class consists of (a) all individuals with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

78.     On information and belief, each class is so numerous that joinder of all members is not practicable.

79.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

13

a.      Whether defendant engaged in a practice of suggesting that debts too old to appear on a credit report would be so reported; and

b.      Whether such practices violate the FDCPA.

80.     Plaintiff has claims that are typical of the claims of the class members. All are based on the same factual and legal theories.

81.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

82.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.      Individual actions are not economically feasible.

b.      Members of the class are likely to be unaware of their rights;

c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1)     Statutory damages;

(2)     Actual damages;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other and further relief as the Court deems proper.

14

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Cassandra P. Miller
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\35201\Pleading\Facey Plaintiff FIRST Amended Complaint (PMW DRAFT 2)_Pleading.wpd

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A. Edelman, hereby certify that on Wednesday, March 6 , 2019 I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

17