UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONYA FACEY, <br> on behalf of plaintiff and a class, <br><br> Plaintiff, <br><br> v. <br><br><br> STUDENT LOAN SOLUTIONS, LLC; <br> and WILLIAMS & FUDGE, INC., <br><br><br> Defendants. | ) <br> ) <br> ) <br> ) No. 18-cv-05086 <br> ) <br> ) <br> ) <br> ) Judge John Z. Lee <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S CLAIMS**

## I.   INTRODUCTION

Plaintiff Tonya Facey ("Plaintiff") initially filed a Complaint individually and on behalf of a purported class alleging Defendants Student Loan Solutions LLC ("SLS") and Williams & Fudge, Inc. ("WFI;" collectively with SLS, "Defendants") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") "by dunning consumers on time-barred debts without disclosure of that fact and offering to settle such debts." Plaintiff then filed an Amended Complaint asserting her initial claim only on an individual basis and asserting a separate and distinct claim on behalf of a different purported class alleging Defendants violated the FDCPA "by referring to credit reporting on debts so old that they cannot be reported on an ordinary credit report." As shown herein, Plaintiff has failed to state a claim against Defendants upon which relief can be granted. Accordingly, Defendants requests judgment on the pleadings dismissing Plaintiff's Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c).

## II.   BACKGROUND

Plaintiff is an Illinois resident, while SLS and WFI are South Carolina-based companies. (Dkt. 44, ¶¶ 10-11, 19.) SLS acquires defaulted student loan debts and hires collection agencies, including WFI, to collect on the debts. (Dkt. 44, ¶¶ 13, 16.) Plaintiff obtained several private student loans in 2001-2002 in order to attend New York University, for which her sister co-signed on those loans. (Dkt. 44, ¶¶ 29, 32-33.) Plaintiff was to start repaying the loans in December 2005. (Dkt. 44, ¶ 30.) Plaintiff took out the loans while residing in New York, and she "resided in New York from approximately August of 2001 until July 2007 when [she] moved to Toronto, Ontario, Canada. (Dkt. 44, ¶¶ 33-34.) "Plaintiff resided in Toronto until she moved to Illinois sometime in 2012 where she has resided ever since." (Dkt. 44, ¶ 35).

WFI, on behalf of SLS, sent Plaintiff a letter dated November 12, 2017 which states "Student Loan Solutions, LLC may request this account(s) be reported to a National Credit Reporting Agency within 60 days from the date of this letter. Only debts within seven (7) years of the date of delinquency are reported to a National Credit Reporting Agency." (Dkt. 44, ¶¶ 37, 40 and Exhibit A.) "As of November 12, 2017 more than 7 years had elapsed since Plaintiff last made a payment on the debt." (Dkt. 44, ¶ 41.) Plaintiff read the letter upon receipt and "was confused and misled." (Dkt. 44, ¶ 43.) WFI, on behalf of SLS, sent Plaintiff a letter dated April 6, 2018 which requested she "contact the undersigned with respect to a full resolution" of "this outstanding debt." (Dkt. 44, ¶ 44-45 and Exhibit B.) Again, Plaintiff read the letter upon receipt and "was confused and mislead." (Dkt. 44, ¶ 47.) WFI sent a letter dated May 2, 2018 indicating that Plaintiff owes SLS $88,179.04. (Dkt. 44, ¶¶ 48-49 and Exhibit C). Neither the April 6, 2018 letter nor the May 2, 2018 letter reference the statute of limitations of the debt. (Dkt. 44, ¶¶ 46, 49 and Exhibits B and C.) Plaintiff contends the debt is time-barred because it "went into default more than 10 years prior to the dates of the letters…" (Dkt. 44, ¶¶ 50-51.)

### III.   STANDARD OF REVIEW

"Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citation omitted). We review Rule 12(c) motions under the same standard as a motion to dismiss under Rule 12(b). *Id.* (citation omitted). The Court may dismiss a claim under Rule 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to adequately state a claim, it must meet two requirements. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must give the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)). Second, the allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Id.* at 776-77 (citing *Bell Atlantic*, 127 S.Ct. at 1965); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51 (2009).

Dismissal is in order if a complaint fails to allege a necessary element required to obtain relief. *R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). Moreover, a court is not required "to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *City Nat'l Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994) (citations omitted). "A statute of limitations defense is properly considered in determining a Rule 12(b)(6) motion when the factual allegations in the complaint establish such a defense." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 974 (7th Cir. 2016) (citations omitted). "A litigant may plead [herself] out of court by alleging (and thus admitting) the ingredients of a defense [including the statute of limitations]…" *U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) (citing *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002)).

**IV.  ARGUMENT**

3

The FDCPA's purpose is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). FDCPA section 1692e broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt[]" and provides a non-exhaustive list of violative conduct, including "[t]he false representation of the character, amount, or legal status of any debt…", "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken[]", and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10). FDCPA section 1692f broadly prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt[]" and provides a non-exhaustive list of violative conduct. 15 U.S.C. § 1692f.

**a. Plaintiff's Individual Claim (Count I) Fails Because The Statute Of Limitations Has Not Yet Run On Plaintiff's Debt**

Plaintiff contends "Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), by dunning Plaintiff on time-barred debts without disclosure of that fact and offering to settle such debts." (Dkt. 44, ¶ 63). However, Plaintiff's own allegations establish the statute of limitations has not yet run on her debts. Accordingly, because her individual FDCPA claim is based entirely on her false assertion that the debts are time-barred, that claim must be dismissed.

Plaintiff obtained several private student loans in 2001-2002, with repayment to begin in December 2005. (Dkt. 44, ¶¶ 29-30). These are obligations wholly in writing. (Dkt. 46, Exhibits

4

A and B, and Dkt. 47, Exhibits A and B.)[1]  Plaintiff incurred these obligations while residing in New York, where she continued to reside until she moved to Toronto, Ontario, Canada in July 2007. (Dkt. 44, ¶¶ 33-34). She resided in Toronto from July 2007 until moving to Illinois in 2012, where she has resided since. (Dkt. 44, ¶ 35.)  New York's statute of limitations for breach of contract actions is six years which is tolled if the debtor leaves the state after the cause of action accrues. NY CPLR §§ 207 and 213. The earliest a cause of action on Plaintiff's loans accrued is December 2005. *See Ely-Cruikshank Co., Inc. v. Bank of Montreal*, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 906 (1993) ("In New York, a breach of contract cause of action accrues at the time of the breach…") (citations omitted). After the earliest accrual, Plaintiff resided in New York for one year and seven months before moving to Toronto. When Plaintiff left New York, the statute of limitations had not yet run and, because of her absence, it has been tolled since July 2007. While residing in New York, its statute of limitations applied to Plaintiff's obligations notwithstanding the choice of law provisions contained in Exhibits A and B to Defendants' Answers. *See, e.g., Insurance Co. of North America v. ABB Power Generation, Inc.*, 925 F.Supp. 1053, 1059 (S.D.N.Y. 1996) ("New York courts do not apply contractual choice of law clauses when determining what statute of limitations applies. Under New York law, a choice of law clause is construed as choosing only the applicable substantive law.") (citations omitted).

If Plaintiff tries to rely on NY CPLR § 202 to claim another state's statute of limitations applied to her loans, such reliance is misplaced. That statute states:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of actin accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

---

[1] The agreements attached to WFI's and SLS's answers are properly considered by the Court. "The pleadings include the complaint, the answer, and any written instruments attached as exhibits. *Northern Indiana Gun*, 163 F.3d at 452 (citing Fed. R. Civ. P. 10(c)). "Under Rule 10(c), the attached documents are incorporated into the pleadings." *Id.* at 452-53.

NY CPLR § 202. This provision has been interpreted as follows:

> Therefore, "[w]hen a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation period of both New York and the jurisdiction in which the cause of action accrued[.]" If the claimed injury is an economic one, the cause of action typically accrues "where the plaintiff resides and sustains the economic impact of loss[.]"

*Portfolio Recovery Assoc., LLC v. King*, 14 N.Y.3d 410, 416, 927 N.E.2d 1059 (2010) (quoting *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528-29 (1999). The claim in that case was ruled untimely because Delaware's three-year statute of limitations applied and, although Delaware had a tolling provision, it did not apply to non-residents. *Id.* at 417.

In December 2005, the obligations were owed entirely to Bank of America, N.A. by virtue of its merger with Fleet Bank. *See* Bank of America Corp., Annual Report (Form 10-K) (Mar. 1, 2005).[2] According to information kept by the Federal Deposit Insurance Corporation ("FDIC"), Bank of America, N.A. has been headquartered in Charlotte, North Carolina since 1999. *See* https://research.fdic.gov/bankfind/detail.html?bank=3510&name=Bank%20of%20America%2C%20National%20Association&searchName=fleet%20bank&searchFdic=&city=&state=&zip=&address=&tabId=2.[3] If Plaintiff were sued in New York after the cause of action accrued, a New York court would also have to look at North Carolina's statute of limitations. The statute of limitations for breach of contract actions in North Carolina is three years generally and ten years for contracts under seal. *See* N.C. Gen. Stat. §§ 1-41(2) and 1-52(1). Like Delaware, North Carolina tolls the statute of limitations against a party who is out of state. *See* N.C. Gen. Stat. § 1-21. However, unlike Delaware's tolling statute, North Carolina's statute applies to nonresident

---

[2] A court may take judicial notice of public records if they establish a fact that is not subject to reasonable dispute. *Tobey v. Chibucos*, 890 F.3d 634, 647-48 (7th Cir. 2018); *see, also, Costello v. Bank of America, N.A.*, 2014 WL 293665 at f.n. 2 (D. Mass. Jan. 27, 2014) ("The Court takes judicial notice of the fact that [Bank of America, N.A.] merged with Fleet in 2004.") (appeal filed).
[3] This is a public record of which the Court may take judicial notice. *See Tobey*, 890 F.3d at 647-48.

defendants. *See Cochrane v. Turner*, 582 F.Supp. 971, 972 (W.D.N.C. 1983). Therefore, since North Carolina's statute of limitations has been tolled since Plaintiff defaulted, the New York statute of limitations would control while she resided in New York.[4] And as shown above, it has been tolled since July 2007.

Plaintiff moved to Toronto in July 2007, where she resided until moving to Illinois in 2012. (Dkt. 44, ¶¶ 34-35). While in Toronto and Illinois, New York's statute of limitations was and continues to be tolled and no other statute of limitations ran while Plaintiff was in Toronto. Although the Ontario Limitations Act of 2002 generally provides for a two-year statute of limitations, it also provides that, with respect to conflict of laws, "the limitations law of Ontario or any other jurisdiction is substantive law." *See* Limitations Act, 2002, S.O. 2002, c 24, ss 4, 23. Canadian courts generally give credence to the choice of law provisions found in contracts. *See, e.g., Vita Food Products Inc. v. Unus Shipping Co.*, [1939] 2 D.L.R. 1 (J.C.P.C.). "[T]he proper law of the contract is the law which the parties intended to apply. That intention is objectively ascertained and if not expressed will be presumed from the terms of the contract and the relevant surrounding circumstances." *Id.* at 8 (internal citations and quotations omitted)

To determine which statutes of limitations applied to Plaintiff's obligations while she resided in Toronto, we look at the substantive laws governing the obligations. Exhibits A and B attached to Defendants' Answers show the obligations originally owed to Fleet Bank are governed by Rhode Island law, while the obligations originally owed to Bank of America, N.A. are governed by California law. Rhode Island's statute of limitations for breach of contract actions is ten years generally or twenty years for contracts under seal. *See* RI ST §§ 9-1-13 and 9-1-17. Rhode Island also has a tolling provision for when a debtor is outside Rhode Island. *See* RI ST §§ 9-1-18.

---

[4] North Carolina's statute of limitations is not tolled in perpetuity, as a claim is barred if another jurisdiction's statute of limitations has run. *See Cochrane*, 582 F.Supp at 973. However, as explained herein, no statute of limitations has run.

California has a four-year statute of limitations for breach of contract actions, which is tolled when the debtor is outside the state. *See* CA CIV PRO §§ 337 and 351. California's tolling provision applies to nonresidents. *See Kohan v. Cohan*, 204 Cal.App.3d 915, 921 (1988). The statute of limitations therefore did not run on Plaintiff's obligations while she resided in Toronto.

Plaintiff moved to Illinois in 2012 where she has remained. (Dkt. 44, ¶ 35). Once Plaintiff moved to Illinois, her obligations were governed by the Illinois statute of limitations. *See ABF Capital Corp. v. McLauchlan*, 167 F.Supp.2d 1011, 1014 (N.D. Ill. 2001) ("Illinois courts apply their own statutes of limitation, even when the parties to a contract have included a choice-of-law provision in the contract to govern their substantive contractual rights.") (citation omitted). Illinois has a ten-year statute of limitations for breach of contract actions where the contract is wholly in writing. *See* 735 ILCS 5/13-206. The statute of limitations in Illinois began to run when Plaintiff moved there in 2012. *See* 735 ILCS 5/13-208. Illinois has a borrowing statute which prevents a party from maintaining a cause of action that arose and is barred in another jurisdiction. *See* 735 ILCS 5/13-210. The borrowing statute states "[w]hen a cause of action has arisen in a state or territory out of this State, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the laps of time, an action thereon shall not be maintained in this State." *Id.* However, the statute only applies if neither party is an Illinois resident.

> Illinois courts apply § 13-210 and borrow another state's statute of limitations only where (a) none of the parties are Illinois residents, and (b) the foreign statute of limitations is shorter than that of Illinois[.] Thus, if either party to this lawsuit is an Illinois resident, or if the Indiana statute of limitations is not shorter than the parallel Illinois provision, we may not borrow Indiana's statute and we will apply that of Illinois.

*Hollins v. Yellow Freight System, Inc.*, 590 F.Supp. 1023, 1025 (N.D. Ill. 1984) (citations omitted). To the extent the borrowing statute applied, its efficacy stopped when Plaintiff became an Illinois resident prior to the expiration of any applicable statute of limitations. *See Employers Ins. of*

8

*Wausau v. Ehlco Liquidating Trust*, 723 N.E.2d 687, 693 (Ill. App. 1999). Therefore, Illinois applies its own statute of limitations beginning when Plaintiff moved into Illinois in 2012. The statute of limitations in Illinois will not run on the debts Plaintiff owes until 2022.

To summarize, Plaintiff obtained student loans in 2001, which are subject to a California choice of law provision, and 2002, which are subject to a Rhode Island choice of law provision. Prior to December 2005 (the earliest date of default), the loans were owned by North Carolina-headquartered Bank of America, N.A. Upon default, New York applies its own statute of limitations unless the statute of limitations of the creditor's residence is shorter. North Carolina's statute of limitations was tolled by virtue of Plaintiff being a non-resident, and remains tolled for the same reason. After one year and seven months of New York's six-year statute of limitations ran, Plaintiff left New York and thereby tolled its statute of limitations.

Plaintiff moved to Toronto, Ontario, Canada in July 2007 and then to Illinois in 2012. Ontario treats statutes of limitations as substantive law and will look to the law governing the agreements. Although California has a four-year statute of limitations, it tolls against non-residents. Rhode Island has a ten-year statute of limitations, so irrespective of whether it's tolling provision applies, Plaintiff moved after only five years and five months, at most, had passed. Once Plaintiff moved to Illinois, its ten-year statute of limitations applied and began running in 2012. Illinois's borrowing statute does not mandate application of another jurisdiction's statute of limitations because no other jurisdiction's statute of limitations expired. The debts remain within the statute of limitations and this was true when all the applicable letters were sent to Plaintiff.

Plaintiff asserts that "Defendants engaged in unfair and deceptive acts and practices…by dunning Plaintiff on time-barred debts without disclosure of that fact and offering to settle such debts." (Dkt. 44, ¶ 63). However, as shown above, the debts in question were not time-barred when the letters were sent and will not be time-barred until 2022. Since the sole basis for Plaintiff's

9

individual FDCPA claim is her assertion that the debts are time-barred when they are not, she has failed to state a claim upon which relief can be granted and that claim must be dismissed.

### b. Plaintiff's Class Claim (Count II) Is Time-Barred

Plaintiff filed her initial Complaint on July 25, 2018. (Dkt. 1.) Plaintiff's Amended Complaint, in which Plaintiff asserted Count II for the first time, was filed on March 6, 2019. (Dkt. 44.) The basis for this new claim is the language contained in a letter that was sent November 12, 2017. (Dkt. 44, ¶¶ 37, 68, and Exhibit A.) The FDCPA has a one-year statute of limitations. 15 U.S.C. 1692k(d). Therefore, her new claim is only timely if relates back to the date of her original filing. *See* Fed.R.Civ.P. 15(c). For the reasons stated below, however, the amendment does not relate back and should therefore be dismissed with prejudice as untimely.

> Federal Rule of Civil Procedure 15(c) provides that an amendment to a pleading relates back to the date of a timely pleaded complaint if 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). An amended complaint will relate back to the original complaint if the amended complaint "merely adds legal conclusions or changes the theory of recovery," as long as "the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading."

*Cunliffe v. Wright*, 51 F.Supp.3d 721, 732-33 (N.D. Ill. 2014) (quoting *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001)). "In general, relation back is permitted under Rule 15(c)(2) where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz v. Prudential Ins. Co. of America*, 93 F.3d 372, 379 (7th Cir. 1996).

Plaintiff's Amended Complaint fails to meet this standard. The sole basis for her initial Complaint is "dunning consumers on time-barred debts without disclosure of the fact and offering to settle such debts." (Dkt. 1, ¶ 50.) The Amended Complaint adds a claim based on "referring to credit reporting on debts so old that they cannot be reported on an ordinary credit report." (Dkt.

10

44, ¶ 72.) This is an entirely different factual basis based on a separate letter. (Dkt. 44, ¶ 68). However, the Court does not even need to address this threshold question. An amended complaint can only relate back to "a timely pleaded complaint…" *Cunliff*, 51 F.Supp.3d at 732. To the extent there could be a purported FDCPA violation for "dunning consumers on time-barred debts without disclosure of the fact and offering to settle such debts[,]" that cause of action has not yet accrued for Plaintiff because her debt is still within the statute of limitations. Her Complaint therefore cannot be "timely pleaded" because there is no cause of action identified therein. Accordingly, the new claim does not relate back and must be dismissed as untimely.

Further, letting Plaintiff's new claim relate back would be inequitable. The claim is based on a letter she received and was aware of when she filed her initial Complaint. Therefore, to the extent there is a claim, it could have and should have been included in the Complaint. But this new claim also seeks to add two classes of plaintiffs who were not part of the classes proposed in the initial Complaint. The Complaint defined two proposed classes, one for SLS and one for WFI, consisting of individuals with Illinois address who were sent a letter, sent at any time during the year prior to filing the complaint until 21 days after filing, to collect a private student loan more than 10 years after default or chargeoff. (Dkt. 1, ¶¶ 53-54). The Complaint was filed on July 25, 2018. (Dkt. 1.) The Amended Complaint defines two proposed classes, one for SLS and one for WFI, consisting of individuals with Illinois, Indiana, or Wisconsin addresses who were sent a letter to collect a debt more than seven years after charge-off, which letter references credit reporting, between July 25, 2017 and August 15, 2018. (Dkt. 44, ¶¶ 76-77.) The Amended Complaint was filed March 6, 2019. (Dkt. 44.)

Plaintiff is seeking to substitute potentially larger, and markedly different, classes in place of her original proposed classes. "The substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters

11

the known facts and issues on which the action is based." *Staren v. American Nat. Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976). The addition of plaintiffs here is not formal because the new claim is based on entirely different facts than those alleged initially.

> In determining whether the addition of claims by new plaintiffs will relate back, some courts within this district have applied a four-factor inquiry to determine whether the Rule 15(c) requirements of fair notice and lack of prejudice have been met. These factors include whether or not (1) the new plaintiff's claim arose out of the "same conduct, transaction or occurrence" set forth in the original complaint; (2) the new plaintiff shares an "identify of interest" with the original plaintiff; (3) the defendants have "fair notice" of the new plaintiff's claim; and (4) the addition of the new plaintiff causes the defendants undue prejudice.

*Olech v. Village of Willowbrook*, 138 F.Supp.2d 1036, 1044 (N.D. Ill. 2000) (citations omitted). Here, relation back extremely prejudices the Defendants. In addition to Plaintiff's claim being untimely, the proposed class also potentially includes a large group of individuals with time-barred claims. With an expanded geographic scope and an entirely different factual underpinning, Defendants did not have fair notice of claims being asserted by this group of potential plaintiffs. Therefore, the new claim cannot relate back and must be dismissed as untimely.

**c. Plaintiff's Class Claim (Count II) Fails To State A Claim**

Even if Plaintiff's Class Claim were not time-barred, it fails to state a claim upon which relief can be granted. Plaintiff asserts "Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692f, by referring to credit reporting on debts so old that they cannot be reported on an ordinary credit report." (Dkt. 44, ¶ 72.) Claims under both § 1692e and § 1692f that a letter violates the FDCPA are reviewed under the standard of the "unsophisticated consumer." *See, e.g., Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004).

> While the unsophisticated debtor [or consumer] is considered uninformed, naive, or trusting, he is nonetheless deemed to possess rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences. Further, the unsophisticated-debtor standard is an objective one and is not the same

12

>as the rejected least-sophisticated-debtor standard; accordingly, we disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters. To that end, a mere claim of confusion is not enough: a plaintiff must show that the challenged language of the letters unacceptably increases the level of confusion. Under this standard, a plaintiff's anecdotal proclamations of being confused will not suffice: a collection letter cannot be confusing as a matter of law or fact unless a significant fraction of the population would be similarly misled.

*Durkin v. Equifax Check Services, Inc.,* 406 F.3d 410, 414-15 (7th Cir. 2005) (internal citations and quotations omitted). Under this standard, the letter in question complies with the FDCPA.

Plaintiff contends "[s]tatements about reporting older debts are both 'deceptive' and 'unfair' in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692f." (Dkt. 44, ¶ 70.) In support of this contention, she cites to *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011) and *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012). Plaintiff's conclusion is broader than that of those cases which, in any event, are distinguishable. The debt at issue in *Gonzalez* could not be reported due to its age and the letter defendant sent stated "if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." *Gonzalez*, 660 F.3d at 1059-60. Regarding the language, the Ninth Circuit said:

>To the least sophisticated debtor, the phrase "if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled" suggests two possibilities. It suggests the possibility that Arrow was not reporting the debt to a credit reporting agency, and would accordingly make no further report in the event of settlement. But the phrase also suggests that, under some set of circumstances applicable to the recipient, Arrow could and would report the account. … As there is no circumstance under which Arrow could legally report an obsolete debt to a credit bureau, the implication that Arrow could make a positive report in the event of payment is misleading.
>
>The misleading nature of the 'if we are reporting the debt" clause is compounded by the fact that **Arrow did nothing to clarify when it could report a debt.** … When language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril.

*Id.* at 1062-63 (citations omitted) (emphasis added). The Seventh Circuit said "*Gonzalez* establish[es] that it is improper under the FDCPA to imply that certain outcomes might befall a

13

delinquent debtor when, legally, those outcomes cannot come to pass." *Lox*, 689 F.3d at 825.

The complained of language in the letter in question states:

> Student Loan Solutions, LLC may request this account(s) be reported to a National Credit Reporting Agency within 60 days from the date of this letter. **Only debts within seven (7) years of the date of delinquency are reported to a National Credit Reporting Agency.**

(Dkt. 44, Exhibit A) (emphasis added). This statement clearly and unambiguously informs this consumer (and any unsophisticated consumer) that her debt will not be reported to a National Credit Reporting Agency because the last payment made was more than seven years prior. (Dkt. 44, ¶ 41.) To the extent the first sentence is ambiguous (which Defendants deny), that ambiguity is cured by the clear and unambiguous language of the second sentence. The facts of this case as alleged by Plaintiff are therefore unlike those in *Gonzalez*. Count II fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

## V.  CONCLUSION

Plaintiff's individual FDCPA claim fails because the debt is within the statute of limitations, while her class FDCPA claim fails because it is beyond the statute of limitation and the complained of language is accurate. Accordingly, Defendants request judgment on the pleadings as to Plaintiff's claims and that those claims be dismissed with prejudice.

Dated: April 5, 2019.

                                                                     Respectfully submitted,

By:   */s/Emily J. Fitzgerald*
        Counsel for defendants
        Student Loan Solutions, LLC and
        Williams & Fudge, Inc.

Joseph P. Kincaid—ARDC No. 6202639
Emily J. Fitzgerald—ARDC No. 6305923
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3400
Chicago, Illinois 60611

jkincaid@smbtrials.com
efitzgerald@smbtrials.com
Office: (312) 321-9100
Fax:    (312) 321-0990

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing Defendants' Memorandum of Law in Support of Their Motion for Judgment on the Pleadings as to Plaintiff's Claims was served upon all counsel of record via the Court ECF system, this the 5th day of April, 2019.

[X] Under penalties as provided by law, the undersigned certifies that the statements set forth in this Certificate of Service are true and correct.

                                    /s/*Emily J. Fitzgerald*