UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONYA FACEY,<br>on behalf of plaintiff and a class,<br><br>Plaintiff,<br><br>v.<br><br>STUDENT LOAN SOLUTIONS LLC; and,<br>WILLIAMS & FUDGE, INC.<br><br>Defendant. | Civil Action No: 1:18-cv-05086 |

**DEFENDANTS STUDENT LOAN SOLUTIONS LLC'S AND WILLIAMS & FUDGE, INC.'S MOTION FOR LEAVE TO AMEND THEIR RESPECTIVE ANSWERS**

Defendants Student Loan Solutions LLC ("SLS") and Williams & Fudge, Inc. ("WFI;" collectively with SLS, "Defendants") hereby move the Court for an order granting their leave to file their respective Amended Answers, attached hereto as Appendix 1 and Appendix 2. In support of this motion, Defendants state as follows:

1. Plaintiff Tonya Facey ("Plaintiff") originally filed this action on July 25, 2018, on behalf of herself and others similarly situated, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Specifically, Plaintiff alleged Defendants sent consumers collection letters on time-barred debts without disclosing that the debts were time-barred, and offered to settle such debts. Plaintiff contended this violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

2. Plaintiff subsequent filed a Motion for Leave to File a First Amended Complaint on February 20, 2019. This amendment sought to assert Plaintiff's initial claim on an individual basis only and sought to add a new class claim (Count II). The new class claim alleged Defendants

1

violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f by referring to credit reporting in a letter with respect to a debt that could not be reported on an ordinary credit report.

3. The new claim sought to be added was based on an entirely new theory and involved a new class, which was broader in geographic scope. Count II was based on a letter sent in November 2017.

4. At the hearing on Plaintiff's Motion for Leave to Amend, held on March 6, 2019, Defendants' counsel objected to the new claim because it was not timely brought, however, the Court permitted the amendment, determining that the timeliness issue could be addressed in a response.

5. Despite having previously raised the timeliness issue, Defendants' counsel inadvertently omitted a statute of limitations defense from Defendants' respective answers.

6. A few days later, and within the time in which Defendants could have amended their Answers as of right, Defendants filed a Motion for Judgment on the Pleadings which relied on the statute of limitations to challenge the timeliness of Count II.

7. Plaintiff's counsel challenged a portion of the legal analysis in the Memorandum of Law in support of the Motion for Judgment on the Pleadings, which was subsequently withdrawn. However, Plaintiff's communications related to the Motion for Judgment on the Pleadings did not raise any concerns regarding Defendant's reliance on the statute of limitations in challenging Count II.

8. Defendants withdrew the Motion for Judgment on the Pleadings due to the flaw in the legal analysis. Defendants subsequently filed a Renewed Motion for Judgment on the Pleadings with respect to Count II, in which they again rely on the statute of limitations in challenging Count II.

9. Counsel for both Plaintiff and Defendants argued the Motion for Judgment on the Pleadings in front of the Court on July 23, 2019. Although Plaintiff contended Count II was not time barred, at that time, Plaintiff did not object to the statute of limitations as a basis for challenging Count II, nor did Plaintiff contend the statute of limitations defense was waived.

10. Plaintiff filed her opposition to the Motion for Judgment on the Pleadings on July 30, 2019, in which she contends, for the first time, that the statute of limitations defense was waived because it was not included in Defendants' respective Answers.

11. Although Defendants' counsel inadvertently omitted the statute of limitations defense from Defendants' respective Answers, Defendants have continuously challenged the timeliness of Count II, and Plaintiff first had notice of this challenge and affirmative defense on March 6, 2019.

12. Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to file an amended pleading] when justice so requires." "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). None of these reasons are present here.

13. The amendment would not be futile as Defendants' Motion for Judgment on the Pleadings asserting the statute of limitations as to Count II is currently pending before the Court and has not yet been ruled upon. The timeliness of Count II is one of the two main arguments challenging Count II.

14. Defendants did not unduly delay in filing this Motion for Leave to Amend. Defendants' counsel inadvertently failed to include the statute of limitations as an affirmative defense in their respective answers, however, this oversight was not raised by Plaintiff until her

reply to the Motion for Judgment on the Pleadings. Defendants first raised the issue of the statute of limitations on March 6, 2019 and, until Plaintiff filed her reply on July 30, 2019, the parties have acted as if Defendants' answers included this defense.

15. Plaintiff would not be unduly prejudiced as the statute of limitations was first raised before Plaintiff was granted leave to file her Amended Complaint. This issue is apparent on the face of the Amended Complaint so no discovery need be taken on it. However, even if discovery is necessary, discovery has not been closed, no depositions have been taken yet, and no trial date has been set. Within the context of Rule 15(a), prejudice means an opposing party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendments been timely." *Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (1981). Plaintiff is not unfairly disadvantaged because the issue was raised by Defendants before she was even permitted to file her Amended Complaint. She is also not deprived of the opportunity to present facts or evidence since the issue is apparent on the face of her Amended Complaint.

16. The amendment is not in bad faith, rather it is to conform the pleadings to Defendants' position since Plaintiff filed leave to amend her Complaint, that her new claim is time-barred.

WHEREFORE, Defendants Student Loan Solutions LLC and Williams & Fudge, Inc. respectfully request the Court grant them leave to file their respective Amended Answers attached hereto as Appendix 1 and Appendix 2.

Dated: August 6, 2019.	Respectfully submitted,

**MALONE FROST MARTIN PLLC**

*/s/ Robbie Malone*
ROBBIE MALONE
Texas State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mamlaw.com
**MALONE FROST MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

-And-

*/s/ Patrick A. Watts*
PATRICK A. WATTS
Email: pwatts@mamlaw.com
**MALONE FROST MARTIN PLLC**
150 S. Wacker, Ste. 2400
Chicago, Illinois 60606
T: 312-741-0990 | F: 214-346-2631

***COUNSEL FOR DEFENDANTS***

## CERTIFICATE OF CONFERNCE

Counsel for Defendants have conferred with Counsel for Plaintiff regarding this instant motion. Plaintiff is opposed.

>  */s/ Robbie Malone*
>  ROBBIE MALONE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Student Loan Solutions LLC's Williams & Fudge, Inc.'s Motion for Leave to Amend Their Respective Answers was served upon all counsel of record via the Court ECF system, this the 6th day of August, 2019.

>  */s/ Robbie Malone*
>  ROBBIE MALONE