UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONYA FACEY, ) | |
| on behalf of plaintiff and a class ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: 1:18-cv-05086 |
| v. ) | |
| ) | Judge Martha M. Pacold |
| STUDENT LOAN SOLUTIONS, LLC; ) | |
| and, WILLIAMS & FUDGE. INC. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES AND TO COMPEL BOTH DEFENDANTS TO COMPLY WITH <u>DISCOVERY</u>**

Daniel A. Edelman
Cassandra P. Miller
Paul M. Waldera
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Plaintiff, Tonya Facey, by and through her undersigned counsel, hereby moves this Court pursuant to Fed. R. Civ. P. 37 for an Order Granting Leave to Serve Additional Interrogatories and Compelling Discovery from Defendants Student Loan Solutions, LLC ("SLS") and, Williams & Fudge. Inc. ("WFI"). In support of her Motion, Plaintiff respectfully states the following:

1. On July 25, 2018, Plaintiff filed a one-count complaint (Dkt. #1) alleging, on a class basis, that Defendants improperly implied that time-barred student loan debts were still legally enforceable in violation of the FDCPA.

2. On December 21, 2018, Plaintiff served her first discovery requests on Defendants. <u>Exhibit A</u>. Plaintiff's requests included 27 interrogatories. Defendants responded to these requests on February 1, 2019, but objected and did not provide substantive responses to 19 of the interrogatories. <u>Exhibit A</u>.

3. As a result of discovery, pretrial motion practice, and discussions between the parties, on February 20, 2019 (Dkt. #42), Plaintiff filed an amended complaint with two counts. The first count alleged an individual claim asserting that Defendants violated the FDCPA by implying that a time-barred student loan debt was still legally enforceable. The second count asserted a class claim alleging Defendants violated the FDCPA by referring to credit reporting on debts so old that they cannot be legally reported on an ordinary credit report. (Dkt. #44

4. On April 3, 2019, Williams & Fudge filed an answer and three affirmative defenses to the first amended complaint. On the same date, Student Loan Solutions filed an answer and four affirmative defenses to the first amended complaint, as well as a counterclaim.

5. Defendants subsequently retained new counsel.

6. On May 13, 2019, Plaintiff served her second set of discovery requests on Defendants former counsel. Plaintiff second set of discovery requests focused on the issues raised

in Plaintiff's First Amended Complaint. Exhibit B. Plaintiff's second requests included 20 interrogatories. Defendants responded to these second discovery requests on June 26, 2019, but did not provide a single substantive answer to any of Plaintiff's second set of interrogatories. Exhibit B.

7. On May 23, 2019, the court granted Defendants motion to substitute counsel. (Dkt. #57). Defendants new counsel filed their appearances on May 30, 2019.

**I. COMPLIANCE WITH LR 37.2**

8. On February 1, 2019 Defendants responded to Plaintiff's first set of discovery requests. Exhibit A.

9. Later, on February 1, 2019, Plaintiff's counsel alerted Defendant's former counsel that there were issues with redactions to documents produced in discovery and requested that Defendants update their responses. Exhibit C.

10. On February 4, 2019 Plaintiff's counsel requested Defendants' former counsel provide times for the parties to discuss Defendants' failure to respond to a number of the requests. Exhibit D.

11. On April 16, 2019, at approximately 3:30pm, the parties conferred by phone over outstanding discovery issues primarily regarding class issues. Plaintiff was represented on the call by Cassandra P. Miller and Paul M. Waldera. Defendants were represented by former counsel Joe Kincaid and Emily Fitzgerald.

12. During the April 16, 2019 call, Defendants' former counsel informed Plaintiff they would provide Plaintiff's counsel with the relevant class information. Plaintiff's counsel followed up with Defendants regarding their statement they would provide class size information. Exhibit

E. Defendants' former counsel assured Plaintiff's they would send along the information. Defendants' former counsel never did.

13. Following the substitution of counsel, on July 15, 2019 at approximately 2:30pm, the parties held a Rule 37 conference by phone, where the parties discussed the outstanding responses to Plaintiff's first and second set of discovery requests. Plaintiff's counsel, Paul M. Waldera spoke on the phone with Defendants' counsel Jacob Bach regarding the outstanding issues. The discussions were memorialized in an email by Plaintiff's counsel and sent to Defendants' counsel on the same day. Exhibit F.

14. Defendants updated some of their discovery responses on July 24, 2019, but refused to answer others. Exhibit G and Exhibit H.

15. Plaintiff's counsel, Paul M. Waldera, briefly discussed the outstanding discovery issues again with Defendants' counsel, Jacob Bach, over the phone on August 15, 2019. Plaintiff's counsel informed Defendants' counsel that in order for Plaintiff's counsel to take Defendants' depositions, these outstanding discovery issues need to be resolved.

16. On August 30, 2019 Plaintiff's counsel again emailed Defendants' counsel attempting to reach an accord regarding the outstanding discovery disputes between the parties. Exhibit I. Plaintiff's counsel asked if Defendants were going to stand on their objections.

17. On September 6, 2019 Defendants' counsel responded stating that Defendants are standing on their objections. Exhibit J.

18. After consultation by telephone and good faith attempts to resolve their differences, the parties are unable to reach an accord on the following outstanding discovery issues.

## II.     UNANSWERED INTERROGATORIES

19. Defendants have refused to provide any substantive responses to Plaintiff's second set of interrogatories on the grounds that Plaintiff's second set of interrogatories exceeds the number allowed under Rule 33(a)(1). However, Defendants failed to provide a substantive response to a number of Plaintiff's first set of interrogatories[1], most of which focused on Plaintiff's original class definitions, which Plaintiff is no longer seeking to represent[2].

20. Plaintiff served her second set of discovery requests on Defendants after she filed her amended complaint. Plaintiff's second set of interrogatories dealt exclusively with information related to the newly asserted Count II of Plaintiff's First Amended Complaint. Exhibit K.

21. Specifically, Plaintiff seeks to enforce, or in the alternative, leave to seek the following eight interrogatories, specifically targeted at the claims raised in Count II of the First Amended Complaint:

> **Interrogatory #3** – Describe in detail any policies and procedures maintained by Defendants for calculating how long a debt can legally be reported to a credit reporting agency.
>
> **Interrogatory #10** – Describe in detail Defendant's policies and/or procedures for reporting a debt to a credit reporting agency, and specifically (a) the current policies and/or procedures used by Defendant, (b) the policies and/or procedures in place at the time Exhibits A-C were sent to Plaintiff, (c) any changes made in Defendant's policies and/or procedures in reporting a debt to a credit reporting agency between November 1, 2017 and the present.
>
> **Interrogatory #12** – State each variation in language used by Defendant in its collection letters to inform a debtor that the debt at issue in the letter (a) can be reported to a credit reporting agency, (b) will be reported to a credit reporting agency, (c) has already been reported to a credit reporting agency, and/or(d) will not be reported to a credit reporting agency.

---

[1] Defendants objected and refused to answer Interrogatory numbers 4, 5, 8, 10, 11, 26 and 27. Exhibit A.
[2] Defendants objected and refused to answer Interrogatory numbers 6, 7, 8, 10, 11, 12, 13, 15-20, all of which seek information related to the original statute of limitations classes.

**Interrogatory #15** – State the number of, and name and address for, each of the individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**Interrogatory #16** – State the (1) total amount of money, broken down by payments received within 15, 30, 45 and 60 days of the letter described herein, collected from individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018; and (2) the face value (or total amount owed) for the debts described herein according to Defendant's records.

**Interrogatory #17** – State the number of, and name and address for, each of the individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**Interrogatory #18** – State the (1) total amount of money, broken down by payments received within 15, 30, 45 and 60 days of the letter described herein, and collected from individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018; and (2) the face value (or total amount owed) for the debts described herein according to Defendant's records.

**Interrogatory #19** – If you contend that any of the persons who are described in the preceding Interrogatories No. 15 through 18 incurred the debts sought to be collected for business purposes, identify the persons and state the facts upon which you base your contention.

Exhibit B.

22. It is well established that information concerning the class size and all of the elements of Fed. R. Civ. P. 23 are discoverable, even prior to class certification. Fed. R. Civ. P. 23

5

states that one of the prerequisites to certify a class action is that "the class is so numerous that joinder of all members is impracticable."

23. In order to support allegations to that effect, discovery is uniformly allowed to facilitate resolution of class certification motions. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (C.D. Cal. 1990) (An "order staying discovery pending class certification would be unworkable, since plaintiffs must be able to develop facts in support of their class certification motion"); *Zahorik v. Cornell University*, 98 F.R.D. 27 (N.D. N.Y. 1983) (discovery is often necessary before plaintiffs can satisfy the requirements of Fed. R. Civ. P. 23(a)); *Walker v. World Tire Corp., Inc*., 563 F.2d 918, 921 (8th Cir. 1977) (the propriety of class action status can seldom be determined on the basis of pleadings alone, and parties must be offered the opportunity to discover evidence on the issue.); *McCray v. Standard Oil Co.*, 76 F.R.D. 490, 500 (N.D. Ill. 1976).

24. "Where, however, the pleadings themselves do not conclusively show whether the Rule 23 requirements are met, the parties must be afforded the opportunity to discover and present documentary evidence on the issue." *Int. Woodworkers of America vs. Georgia-Pacific Corp.,* 568 F.2d 64 (8th Cir. 1977) (quoting *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir., 1977)).

25. Plaintiff's first set of Interrogatories included 27 requests. Defendants only provided substantive responses to 8 of those requests and the majority of those requests sought information specific to the class claims which Plaintiff is no longer pursuing or seeking to enforce. Plaintiff is seeking leave to request only 8 additional interrogatories, all of which seek information relevant to the new class claim and definition raised in the First Amended Complaint.

26. Furthermore, these interrogatories are limited and necessary to prove the new allegation and the requirements of Rule 23 as to the newly added class definitions in Count II of Plaintiff's First Amended Complaint which alleges that Defendants violated the FDCPA by

6

sending a letter which referred to credit reporting on debts so old that they cannot be reported on an ordinary credit report.

27. As set forth above, Plaintiff has attempted to resolve this issue with Defense counsel without the need for court intervention, however, defendants have refused to answer any further interrogatories without an order from the court permitting Plaintiff to do so.

28. Specifically, during the July 15, 2019 Rule 37 phone call, Plaintiff's counsel explained that the second set of interrogatories relate to the newly filed amended complaint allegations which were not known at the time the initial interrogatories were served.

29. FRCP 33 states that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts" however the rule also allows for "[l]eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33.

30. As other courts in this district have held "A parties' request for additional interrogatories are proper and leave should be granted except if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

*Cannon v. Burge*, No. 05 C 2192, 2010 WL 3714991, at *1 (N.D. Ill. Sept. 14, 2010); *See also U.S. Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, No. 13-CV-04307, 2015 WL 7251947, at *4 (N.D. Ill. Nov. 17, 2015) (citing Fed. R. Civ. P. 26(b)(2).)

31. Plaintiff has ample justification for requesting leave to serve the additional interrogatories if the court requires. First, the interrogatories deal with the claims asserted in the newly asserted Count II of Plaintiff's First Amended Complaint. Plaintiff was unaware of the additional claim in Count II until after Defendants responded to Plaintiff's first discovery requests. Plaintiff did not have any opportunity to conduct discovery as to these claims prior to learning about them.

32. The information sought is only obtainable through Defendants' computer system and is likely to streamline oral discovery and reduce the number of Rule 30(b)(6) depositions that would be necessary to obtain this information, which would be time consuming and expensive for all parties involved. As such, it is clear that the additional interrogatories would not be "cumulative or duplicative" nor has Plaintiff "had ample opportunity in the action to obtain the information sought." These are Plaintiff's first interrogatories on Count II.

33. Defendants have not provided any justification for refusing to answer the second interrogatories.

34. Finally, Plaintiff would be greatly prejudiced by Defendants refusal to answer Plaintiff's second interrogatories. As discussed above Plaintiff's second interrogatories deal with her claims in Count II of her First Amended Complaint. Without leave to take discovery on these claims, Plaintiff will have very limited options in how to prove her case.

35. This litigation has been delayed by Defendants substitution of counsel which required Plaintiff to essentially reconduct all Rule 37 conferences held with prior counsel. Now, Defendants' refusal to respond to these requests is further delaying the litigation.

36. Therefore, Plaintiff requests the Court enter an order requiring Defendants to answer the 8 additional interrogatories identified in paragraph 21 herein or in the alternative,

granting Plaintiff leave to seek the additional 8 interrogatories and requiring Defendants to answer them within 14 days[3].

## III. CLASS MEMBER FILES

37.　As a part of Plaintiff's second discovery requests, Plaintiff sought information about the classes from each Defendant.

38.　Plaintiff further requested in her requests for production of documents numbers 9 and 10, that Defendants produce:

> **Document Request 9** – The complete file, including but not limited to computer information, for all individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.
>
> **Document Request 10** – The complete file, including but not limited to computer information, for all individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

Exhibit B.

39.　In response to these Document Requests Defendant SLS stated "SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue. SLS does not conduct collection activities." Exhibit B. WFI stated "In addition to its General Objections, WFI objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. Plaintiff has not filed a Motion for Class Certification nor has this Court certified any class relevant to this lawsuit. Subject to and without waiving these objections,

---

[3] Plaintiff's Second set of interrogatories were served on May 13, 2019. Defendants have had ample time to investigate and gather the information needed to respond.

9

pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the Affidavit of Adam Parham previously provided for the relevant information." Exhibit B.

40. Defendants answers are non-responsive. First, the affidavit of Adam Parham has no bearing on these requests what so ever. That affidavit was produced by Defendants in reference to the class definitions in Plaintiff's original complaint. These requests concern the class definitions in Plaintiff's First Amended Complaint, which are completely different classes.

41. Second, Defendants objections are unfounded as this information is required for Plaintiff to present and defend her eventual motion for class certification.

42. This Court has not in any way limited the discovery in this matter to preclude class-related discovery. In fact, the Court previously denied a motion by Defendants to limit class discovery and instructed the parties to proceed with class discovery. (Dkt. #68) As such, any discovery requests which seek to elicit information regarding class size are certainly discoverable at this stage of litigation, as explained above.

43. Plaintiff would be willing to agree to a reasonable sampling but Defendants have refused to engage in any sort of compromise. Exhibit F.

44. Plaintiff's counsel addressed the inadequacy of Defendants responses during the July 15, 2019 Rule 37 phone call. During that call, Plaintiff's counsel suggested to Defendants' counsel that once an exact class size is known, Plaintiff may be open to a class sampling of class member files in lieu of full class file production. Plaintiff suggested an initial class sampling of 25% which could be adjusted based on the class size. Defendants didn't get back to Plaintiff's counsel regarding a potential stipulation until August 22, 2019 in which Defendants' counsel indicated to Plaintiff's counsel that Defendants were not interested in a class sampling.

45. The discovery cut off is rapidly approaching. Since Defendants are unwilling to enter into the stipulation regarding class sampling, Plaintiff is forced to file this motion to compel Defendants to either produce the complete file of each class member, or in the alternative, agree to a stipulation regarding the class sampling as representative of the class. Plaintiff's proposed classes include:

> The Student Loan Solutions class consists of (a) all individuals with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

> The Williams & Fudge, Inc. class consists of (a) all individuals with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

46. Not only is this information relevant and discoverable, but it is absolutely necessary for the class certification motion Plaintiff will file.

47. After consultation by telephone and good faith attempts to resolve differences, the parties are unable to reach an accord on these outstanding discovery issues.

### IV. COMMON OWNERSHIP OF DEFENDANTS

48. Plaintiff's complaint and first amended complaint both allege that there is significant overlap in ownership between Defendants SLS and WFI. As a result, Plaintiff alleges "the acts and practices of Williams & Fudge, Inc., are known by Student Loan Solutions LLC, and vice versa." (Dkt. #44). Both Defendants have denied this allegation.

49. In order to prove Defendants are debt collectors under the FDCPA, Plaintiff served the following two requests for admission on Defendants in her first requests for admission:

**Request for Admission #18**

Defendant WFI and Defendant SLS have common management and ownership.

**Request for Admission #22**

The acts and practices of Williams & Fudge, Inc., are known by Student Loan Solutions LLC, and vice versa.
Exhibit A.

50. Plaintiff further served an interrogatory, in her first set of interrogatories, on Defendants requesting more information in order to prove these allegations:

**Interrogatory #5**

State the name, address, title and job description of all owners of each Defendant.
Exhibit A.

51. Defendants have failed to respond to all but one of these requests, request for admission #22, whose response is inadequate.

52. Plaintiff's counsel raised these issues with Defendants' counsel during the Rule 37 conference on July 15, 2019. Defendants updated their responses to interrogatory number 5 on July 24, 2019. In their response Defendants refer Plaintiff to organizational charts produced in discovery, but these responses are still inadequate to determine the ownership of the Defendants.

53. Plaintiff's is entitled to discovery on the issues she has alleged in her complaint.

54. Defendant SLS denies they are a debt collector, and Defendant WFI ambiguously states "WFI admits that at certain times and under certain circumstances it is a debt collector as that term is defined in the FDCPA." Exhibit A.

55. Responses to these discovery requests are needed in order to prove that Defendants are debt collectors under the FDCPA.

56. The common overlap of ownership between the two companies would allow Plaintiff to demonstrate that the actions of each of the Defendants can be imputed to the other Defendant and will help establish each as debt collectors.

57. Therefore, Plaintiff requests the court enter an order compelling Defendants to update their responses to Plaintiff's first requests for admission Nos. 18 and 22, and Plaintiff's first interrogatories No. and 5.

## V.     MANUALS, MEMORANDA, AND CLASS MEMBER COMPLAINTS

58. In both of her first and second discovery requests, Plaintiff requested Defendants produce various manuals, memoranda, instructions and consumer complaints relating to Defendants compliance with the FDCPA.

59. Specifically, Plaintiff served the following discovery requests:

Plaintiff's First Requests for production of documents:
**Request 12** – All reports and results of queries, including summaries, memorandums, and correspondence related to that data, the results or the outcomes, performed following changes in any defendant's disclosure policies related to out-of-statute debts since January 1, 2015.

**Request 15** – All manuals, memorandum, reports, summaries or other documents referencing or explaining the formula or model used to determine any of the scores or pricing models used by Defendant to evaluate consumer debts or portfolios.

**Request 18** – All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's attempts to collect time-barred debts.

**Request 19** – All documents relating to the maintenance by defendant of procedures adapted to avoid violations of the FDCPA resulting from the failure to comply with 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), or related violations of the Fair Debt Collection Practices Act and ensure that proper disclosures are included in Defendant's letters sent to consumers in an attempt to collect a debt.

**Request 21** – All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to ensuring compliance with the FDCPA.

**Request 23** – All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's compliance with the FDCPA.

**Request 24** – All documents (irrespective of date) that discuss or relate to defendants' compliance or lack of compliance with the FDCPA by sending of letters in the form of Exhibit B to debtors.

**Request 25** – All documents (irrespective of date) that discuss or relate to defendant's compliance or lack of compliance with the FDCPA by sending of letters in the form of Exhibit C to debtors.

60. Plaintiff's Second Requests for production of documents:

**Request 1** – All documents which support defendant's claim that any violation alleged in count IV of the First Amended Complaint was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error

**Request 2** – All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to ensuring compliance with the FDCPA and specifically language to be used in its collection letters related to credit reporting practices.

**Request 3** – All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's compliance with the FDCPA and Defendant's credit reporting polices.

**Request 4** – All documents (irrespective of date) that discuss or relate to the defendant's compliance or lack of compliance with the FDCPA and statements made about Defendant's credit reporting policy and procedures.

**Request 7** – All documents related to any decision to make any changes to letters in the form of Exhibits A- C and/ or any letters that reference credit reporting where the debt at issue has been charged-off more than 7 years prior to the date of the letter.

<u>Exhibit A and B.</u>

61. Defendants have failed to produce any of these requested documents.

62. All of these documents are necessary and relevant to proving damages under the

FDPCA as well as establish a common practice under Rule 23.

63. Defendants' primary objection to these requests is that Defendants have not plead a bona fide error affirmative defense and therefore Defendants argue, the documents are not relevant.

64. Plaintiff seeks these documents, not to fight against a potential bona fide error defense, but rather to assist the court in making a class certification and damages determination.

65. The FDCPA §1692k, outlines various factors the Court should consider in determining the amount of liability under the act. §1692k(b) states

> "in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

15 U.S.C. § 1692k.

66. These document requests are necessary to illustrate these factors to the court. Consumer complaints and FDCPA policy manuals will show the frequency, persistence and nature of the non-compliance by showing what Defendants actual policies are and how they followed them. They also will show how intentional any non-compliance was based on Defendants' own policies.

67. Therefore, Plaintiff requests the court enter an order compelling Defendants to update their responses to Plaintiff's First Requests for production of documents: Nos. 12, 15, 18, 19, 21, 23, 24, and 25, and Plaintiff's first interrogatories Nos. 4 and 5 as well as Plaintiff's Second Requests for production of documents Nos. 1, 2, 3, 4, 7, and 8.

        Respectfully submitted,

        *s/ Paul M. Waldera*
        Paul M. Waldera

Daniel A. Edelman
Cassandra P. Miller
Paul M. Waldera
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

16

**CERTIFICATE OF SERVICE**

      I, Paul M. Waldera, hereby certify that on Wednesday, September 11, 2019 I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

s/ Paul M. Waldera
Paul M. Waldera

Daniel A. Edelman
Cassandra P. Miller
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com