# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TONYA FACEY,** | ) | |
| **on behalf of plaintiff and a class,** | ) | **Civil Action No: 1:18-cv-05086** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUDENT LOAN SOLUTIONS LLC; and,** | ) | |
| **WILLIAMS & FUDGE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT WILLIAMS & FUDGE, INC.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Williams & Fudge, Inc. ("WFI" or "Defendant") responds to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

### PRELIMINARY STATEMENT

(A)     The following responses are based upon information presently available to WFI that it believes to be correct. Said responses are made without prejudice to WFI's right to utilize subsequently discovered facts.

(B)     No incidental or implied admission of fact by WFI is made by the responses below. The only admissions are expressed admissions. The fact that WFI has answered any interrogatory or produced any document herein may not properly be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence. The fact that WFI has answered part or all of any request for admission, interrogatory or request to produce is not intended to and shall not be construed to be

1

a waiver by Plaintiff of all or part of any objection by WFI to the admissibility of evidence at trial or the relevance of the response.

(C)     The responses to Plaintiff's Interrogatories, Request for Production of Documents, and Requests for Admission (hereinafter, "Discovery") may be supplemented by WFI's further investigation and acquisition of information which it does not either possess or recall at this time. However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(D)     WFI states that, notwithstanding any of the "definitions" or preliminary "instructions" contained within Plaintiff's Discovery, WFI will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(E)     As to any of the "definitions" which precede Plaintiff's Discovery and which seek information or documents which include trial preparation and/or privileged materials or communications, WFI objects.

(F)     The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party, its agents, its representatives and attorneys, unless privileged.

(G)     The word usage and sentencing structure may be that of the attorney assisting in the preparation of the answers and, thus, do not necessarily purport to be the precise language of the existing parties.

(H)     The objections asserted by WFI below are asserted in good faith, based upon counsel's evaluation of WFI's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, WFI, through counsel, offers and stands ready to confer with Plaintiff in an effort to

resolve or narrow, to the greatest extent possible, any dispute between the parties concerning WFI's objections.

(I)     The above-stated preliminary statement is incorporated in each of the responses set forth below.

## WFI'S GENERAL OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS

WFI objects to the information sought in Plaintiff's discovery requests on the grounds that they seek disclosure of WFI's confidential and proprietary business information.  WFI further objects to this Discovery to the extent that it seeks the disclosure of information which would unduly invade the privacy rights of persons not party to this litigation or to whom WFI has a duty of confidentiality.

WFI objects to this Discovery to the extent it seeks information prepared in anticipation of litigation, protected by the work product doctrine and privilege, attorney-client privilege or which information is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.  WFI objects to the release of any information protected by the attorney-client privilege or the attorney work product doctrine.  WFI construes this Discovery to exclude documents, information and communications exchanged with counsel in this and other litigation.

WFI objects to this Discovery as many terms utilized are without definition and are capable of numerous interpretations.  To the extent this Discovery would have WFI speculate at its detriment as to the definition of said terms, WFI cannot properly respond.

WFI objects to Plaintiff's instruction that Discovery responses are deemed to be continuing.  That instruction goes beyond the scope of the Federal Rules of Civil Procedure.  WFI will supplement its answers/responses, if required to do so.

Subject to, and without waiving the above and foregoing objections, WFI provides the following responses to Plaintiff's Requests:

### WFI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1.      Defendant Student Loan Solutions LLC, ("SLS") is a limited liability company with its principal place of business at 707 Land Fall Drive, Rock Hills, SC 29732.

**RESPONSE: Admit.**

2.      Defendant SLS does business in Illinois.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 2.**

3.      Defendant SLS holds a collection agency license from the Illinois Department of Financial and Professional Regulation.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 3.**

4.      Defendant SLS's the principal or sole business consists of acquiring defaulted student loan debts and enforcing the loans against the borrowers.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 4.**

5.      Defendant SLS has no source of income other than liquidation of defaulted student loan debts.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 5.**

6.      Defendant SLS regularly files lawsuits against borrowers in Illinois and elsewhere.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 6.**

7.      Defendant SLS has filed over 300 such lawsuits, including some in Cook County, Illinois.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request.  To the extent a response is required, WFI denies the allegations of Request No. 7.**

8.      Defendant SLS hires collection agencies, including Williams & Fudge, Inc., to conduct collection activities on its behalf.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 8.**

9.      Defendant SLS uses the mails and telephone in connection with collecting on the debts it attempts to collect.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 9.**

10.     Defendant SLS is a debt collector as defined in the FDCPA.

**RESPONSE:  As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 10.**

11.     Defendant Williams & Fudge, Inc., ("WFI") is a South Carolina corporation with its principal place of business at 300 Chatham Ave., Rock Hill, SC 29730.

**RESPONSE:  Admit.**

12.     Defendant WFI does business in Illinois.

**RESPONSE:  WFI cannot admit or deny this request as the term "does business" is not defined rendering the Request vague and ambiguous. WFI admits it attempts to collect accounts from consumers who, upon information and belief, reside in Illinois. WFI denies the remaining allegations of Request No. 12.**

13.     Defendant WFI holds a collection agency license from the Illinois Department of Financial and Professional Regulation.

**RESPONSE:  Admit.**

14.     Defendant WFI's the principal or sole business consists of collecting upon defaulted student loan debts and enforcing the loans against the borrowers.

**RESPONSE:  WFI admits that at certain times and under certain circumstances it attempts to collect upon defaulted student loan accounts. WFI denies the remaining allegations of Request No. 14.**

15.     Defendant WFI has no source of income other than collection of defaulted student loan debts for others.

**RESPONSE:  Denied.**

16.     Defendant WFI uses the mails and telephone in connection with collecting on the debts it attempts to collect.

**RESPONSE:  WFI admits that at certain times and under certain circumstances it uses the mails and/or telephone system in an attempt to collect outstanding accounts.**

17.     Defendant WFI is a debt collector as defined in the FDCPA.

**RESPONSE:  WFI admits that at certain times and under certain circumstances it is a debt collector as that term is defined in the FDCPA.**

18.     Defendant WFI and Defendant SLS have common management and ownership.

**RESPONSE:  WFI objects to this Request as "common management" is not defined rendering this Request vague and ambiguous whereby WFI cannot formulate a response. To the extent a response is required, WFI denies the allegations of Request No. 18.**

19.     There are six company officials in Student Loan Solutions, LLC. They are member Chad V. Echols, member Richard Clay Goodyear, member Robert J. Perrin, manager Christopher P. Ruh, member David C. Williams, and member Gary L Williams.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 19.**

20.     All of these individuals list the address of 300 Chatham Ave., PO Box 11590 Rock Hill SC 29731, which is the address of Williams & Fudge, Inc.

**RESPONSE:  As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 20.**

21.     The principal executive officers of Williams & Fudge, Inc., are David C. Williams, president, Margaret Williams, secretary, Robert J. Perrin, Chief Executive Officer, and Gary L. Williams, Chairman of the Board of Directors.

**RESPONSE:  Denied.**

22.     The acts and practices of Williams & Fudge, Inc., are known by Student Loan Solutions LLC, and vice versa.

**RESPONSE:  Denied. Despite any overlap in management, the entities are two (2) separate and distinct entities.**

23.     The document attached hereto as Exhibit B was sent to Plaintiff on April 6, 2018.

**RESPONSE:  Admit.**

24.     Exhibit B was sent by WFI, acting on behalf of SLS.

**RESPONSE:  WFI objects to this Request for Admission as Plaintiff does not explain what she means by "acting on behalf of SLS" rendering the Request confusing and ambiguous. Notwithstanding this objection, WFI admits it sent Exhibit B.**

25.     Exhibit B is a form letter.

**RESPONSE:  WFI objects to this Request for Admission as Plaintiff does not define the phrase "form letter" rendering the Request confusing and ambiguous whereby WFI cannot formulate a response. To the extent a response is required, WFI denies the allegations of Request No. 25.**

26.     Exhibit B has a form or template designation.

**RESPONSE:  WFI objects to this Request for Admission as Plaintiff does not define the phrase "form or template designation" rendering the Request confusing and ambiguous**

whereby WFI cannot formulate a response. To the extent a response is required, WFI denies the allegations of Request No. 26.

27.     Based on Defendant's records, Exhibit B was sent in an attempt to collect a student loan debt incurred for personal family or household purposes and not business purposes.

**RESPONSE: WFI admits it sent Exhibit B to collect a student loan account. WFI denies the remainder of this Request as its records do not indicate the reason for which Plaintiff incurred the outstanding account.**

28.     Exhibit B asks plaintiff to "contact the undersigned with respect to a full resolution" of "this outstanding debt."

**RESPONSE:  WFI admits Exhibit B includes the statements "contact the undersigned with respect to a full resolution" and "of this outstanding debt." WFI denies the foregoing accurately depicts the full context of the correspondence. WFI denies the remaining allegations of Request No. 28.**

29.     Exhibit B does not disclose that the statute of limitations has run on the debt.

**RESPONSE: Admit. Further responding, the statute of limitations has not expired relative to this account.**

30.     The document attached hereto as Exhibit C was sent to Plaintiff on May 2, 2018.

**RESPONSE:  Admit.**

31.     Exhibit C was sent by WFI, acting on behalf of SLS.

**RESPONSE:  WFI objects to this Request for Admission as Plaintiff does not explain what she means by "acting on behalf of SLS." Any letters sent by WFI were sent on behalf of WFI, not SLS. Notwithstanding this objection, WFI admits sending Exhibit C.**

32.     Exhibit C is a form letter.

**RESPONSE: WFI objects to this Request for Admission as Plaintiff does not define the phrase "form letter" rendering the Request confusing and ambiguous whereby WFI cannot formulate a response. To the extent a response is required, WFI denies the allegations of Request No. 32.**

33. Exhibit C has a form or template designation.

**RESPONSE: WFI objects to this Request for Admission as Plaintiff does not define the phrase "form or template designation" rendering the Request confusing and ambiguous whereby WFI cannot formulate a response.**

34. Based on Defendant's records, Exhibit C was sent in an attempt to collect a student loan debt incurred for personal family or household purposes and not business purposes.

**RESPONSE: WFI admits it sent Exhibit C to collect a student loan account. WFI denies the remainder of this Request as WFI's records do not indicate the reason for which Plaintiff incurred the outstanding account.**

35. Exhibit C quotes an amount due of $88,179.04,

**RESPONSE: Admit.**

36. Exhibit C does not disclose that the statute of limitations has run on the debt.

**RESPONSE: Admit. Further responding, the statute of limitations has not expired on this account.**

37. Defendants regularly attempts to collect defaulted student loans.

**RESPONSE: WFI objects to the Request to the extent it seeks information related to its co-defendant, SLS. Regarding WFI, WFI admits at certain times and under certain circumstances it attempts to collect on student loan accounts.**

38. The debt went into default more than 10 years prior to the filing of suit.

**RESPONSE: Denied.**

39.     Defendants SLS and WFI, regularly demand payment and invite settlements of time-barred debts.

**RESPONSE: WFI objects to the Request to the extent it seeks information related to its co-defendant, SLS. Regarding WFI, denied.**

40.     It is the policy and practice of defendants to not disclose the fact that they are timebarred.

**RESPONSE: WFI objects to this Request to the extent it seeks information related to its co-defendant, SLS. Regarding WFI, denied.**

41.     There are more than 40 individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Denied.**

42.     There are more than 100 individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Denied.**

43.     There are more than 1000 individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Denied.**

44. There are more than 40 individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Denied.**

45. There are more than 100 individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Denied.**

46. There are more than 1,000 individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Denied.**

47. SLS has a net worth exceeding $500,000.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 47.**

48. SLS has a net worth exceeding $1 million.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 48.**

      49.     SLS has a net worth exceeding $10 million.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 49.**

      50.     SLS has a net worth exceeding $25 million.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 50.**

      51.     SLS has a net worth exceeding $50 million.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request. To the extent a response is required, WFI denies the allegations of Request No. 51.**

      52.     WFI has a net worth exceeding $500,000.

**RESPONSE: Admit.**

      53.     WFI has a net worth exceeding $1 million.

**RESPONSE: Admit.**

      54.     WFI has a net worth exceeding $10 million.

**RESPONSE: Denied.**

      55.     WFI has a net worth exceeding $25 million.

**RESPONSE: Denied.**

56.     WFI has a net worth exceeding $50 million.

**RESPONSE:  Denied.**

## **WFI'S RESPONSES TO PLAINTIFF'S INTERROGATORIES**

1.       Identify all documents transmitted to plaintiff in an effort to collect the debt described in Exhibit B and Exhibit C.

**RESPONSE:  WFI refers Plaintiff to the documents produced herewith pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.**

2.       State the name, address, title and job description of each member or employee of each defendant who is involved in (a) drafting letters in the form of Exhibit B, (b) printing letters in the form of Exhibit B, (c) approving letters in the form of Exhibit B, or (d) sending letters in the form of Exhibit B, or (e) dealing with Plaintiff or Plaintiff's debt.

**RESPONSE: WFI uses a letter vendor, RevSpring, to send letters. WFI, with the assistance of outside counsel, The Echols Firm, LLC, drafts and approves letters.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the documents herein regarding the identity of individual(s) working with Plaintiff or dealing with Plaintiff's debt.**

3.       State the name, address, title and job description of each member or employee of each defendant who is involved in (a) drafting letters in the form of Exhibit C, (b) printing letters in the form of Exhibit C, (c) approving letters in the form of Exhibit C, or (d) sending letters in the form of Exhibit C, or (e) dealing with Plaintiff or Plaintiff's debt.

**RESPONSE:  WFI uses a letter vendor, RevSpring, to send letters. WFI, with the assistance of outside counsel, The Echols Firm, LLC, drafts and approves letters.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the documents herein regarding the identity of individual(s) working with Plaintiff or dealing with Plaintiff's debt.**

4.       State the name, address, title and job description of all officers, managers, and executives of each Defendant.

**RESPONSE:  In addition to its General Objections, WFI objects to this Interrogatory as it seeks the production of information not relevant or not likely to lead to the discovery of admissible evidence. WFI further objects to this Interrogatory as it is not narrowly tailored to the allegations in the Complaint and not proportional to the needs of this case. Plaintiff's request is harassing and is indicative of a fishing expedition in that it is not reasonably related to any issue in this litigation. The issue in this matter is whether the account is out of statute whereby it cannot be recovered through the litigation process thus requiring certain disclosures to be included in letters to consumers similarly situated to Plaintiff. The requested information relative to officers, managers, and executives is not relevant or likely to lead to evidence to support any position in this matter. WFI further objects to this Interrogatory as it seeks information relevant to its co-defendant, SLS, and refers Plaintiff to SLS's response to the same.**

5.     State the name, address, title and job description of all owners of each Defendant.

**RESPONSE: In addition to its General Objections, WFI objects to this Interrogatory as it seeks the production of information not relevant or not likely to lead to the discovery of admissible evidence. WFI further objects to this Interrogatory as it is not narrowly tailored to the allegations in the Complaint and not proportional to the needs of this case. Plaintiff's request is harassing and is indicative of a fishing expedition in that it is not reasonably related to any issue in this litigation. The issue in this matter is whether the account is out of statute whereby it cannot be recovered through the litigation process thus requiring certain disclosures to be included in letters to consumers similarly situated to Plaintiff. The requested information relative to owners of the entities is not relevant or likely to lead to evidence to support any position in this matter. WFI further objects to this Interrogatory as**

it seeks information relevant to its co-defendant, SLS, and refers Plaintiff to SLS's response to the same.

6.     State whether or not any Defendants have a procedure for ensuring that a warning that a payment may restart the statute of limitations is included in any communication to debtors whose debts are time-barred.

**RESPONSE: WFI has a procedure in place as outlined above. Further responding, WFI states it adhered to said procedure as the account at issue was not outside the statute of limitations when it sent the correspondence at issue to Plaintiff.**

7.     Describe in detail any policies and procedures maintained by Defendants for calculating the statute of limitations for student loans.

**RESPONSE:  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the documents produced herewith. Further responding, WFI states it adhered to said procedure as the account at issue was not outside the statute of limitations when it sent the correspondence at issue to Plaintiff.**

8.     State whether or not Defendants have a mechanism for keeping track of the statute of limitations date associated with an account. If so, please describe the mechanism or procedure used.

**RESPONSE:  WFI objects to this Interrogatory as "mechanism" is not defined rendering this Interrogatory vague, ambiguous, and confusing. WFI objects to this Interrogatory to the extent it seeks the production of information from its co-defendant, SLS, and refers Plaintiff to SLS's response to the same.**

9. Have you provided data regarding collection of out-of-statute debts to the Federal Trade Commission ("FTC"), the Consumer Financial Protection Bureau ("CFPB"), or the Attorney General ("AG")?

**RESPONSE: In addition to its General Objections, WFI objects to this Interrogatory as it seeks the production of information that is a matter of public record and currently available to Plaintiff. To the extent the information is not a matter of public record, the Interrogatory seeks information that is not proportional to the needs of this case in that data regarding collection of out-of-statute debts to these governmental bodies is not specific and/or germane to the issues presented. Notwithstanding these objections, WFI has not provided data regarding collection of out-of-statute debts to FTC, CFPB or AG.**

10. State whether Defendants made any changes to the letters in the form of Exhibit B, including the statement "contact the undersigned with respect to a full resolution" of "this outstanding debt."

**RESPONSE: WFI objects to this Interrogatory as the phrase "made any changes" is vague whereby WFI cannot formulate a response. Additionally, WFI objects to this Interrogatory as it seeks information for a five (5) year time period relevant to a one (1) year FDCPA claim. WFI objects to the Interrogatory as it seeks information that is not proportional to the needs of this case in that whether a change was made to a letter is not relevant to the issue at hand. Additionally, WFI objects to this Request as it is overly broad and not narrowly tailored to the allegations in the Complaint. The issue in this case is narrow; however, this Interrogatory is too broad in its request about "*any* changes" (emphasis added).**

11. State whether Defendants made any changes to the letters in the form of Exhibit C.

**RESPONSE: WFI objects to this Interrogatory as the phrase "made any changes" is overly broad and not relevant to the issues in this case. Additionally, WFI objects to this Interrogatory as it seeks information for a five (5) year time period relevant to a one (1) year FDCPA claim. WFI objects to the Interrogatory as it seeks information that is not proportional to the needs of this case in that whether a change was made to a letter is not relevant to the issue at hand. Additionally, WFI objects to this Request as it is overly broad and not narrowly tailored to the allegations in the Complaint. The issue in this case is narrow; however, this Interrogatory is too broad in its request about "*any* changes" (emphasis added).**

12. Identify what procedures are maintained and how they are adapted to avoid the matters complained of.

**RESPONSE: WFI does not have any procedures in place that specifically address lawsuits filed by consumers alleging insufficient disclosures due to the passing of the statute of limitations on an account when a co-maker made a payment on the account, thus extending the statute of limitations and obviating the need for the inclusion of relevant disclosures.**

13. State whether information regarding your accounts is retrievable by computer and, if so, each field by which data is searchable or retrievable. State whether your computers can determine (a) the names of debtors sent letters in the form of Exhibit B, (b) the addresses of debtors sent debt collection letters in the form of Exhibit B, (c) the names and addresses of debtors sent letters which refer or offer to "settle" the debt (d) the dates debt collection letters were mailed to debtors, (e) the date of last payment based on Defendants' records, (f) the date of chargeoff based on Defendants' records, and (g) information regarding defendant's accounts and each field by which data is searchable or retrievable.

**RESPONSE:  WFI can retrieve information regarding accounts as listed in a, b, d, e, f, and g. WFI objects to (c) as Plaintiff asserts a legal conclusion using the term "settle". WFI further objects to (c) as Exhibit B does not contain the word "settle" or "offer" or anything similar. As a result, the requested information is not relevant and overly broad.**

14.     State whether information regarding your accounts is retrievable by computer and, if so, each field by which data is searchable or retrievable. State whether your computers can determine (a) the names of debtors sent letters in the form of Exhibit C, (b) the addresses of debtors sent debt collection letters in the form of Exhibit C, (c) the names and addresses of debtors sent letters which refer or offer to "settle" the debt (d) the dates debt collection letters were mailed to debtors, (e) the date of last payment based on Defendants' records, (f) the date of chargeoff based on Defendants' records, and (g) information regarding defendant's accounts and each field by which data is searchable or retrievable.

**RESPONSE:  WFI can retrieve information regarding accounts as listed in a, b, d, e, f, and g. WFI objects to (c) as Plaintiff asserts a legal conclusion using the term "settle".  WFI further objects to (c) as Exhibit C does not contain the word "settle" or "offer" or anything similar. As a result, the requested information is not relevant and overly broad.**

15.     State the number of, and name and address for, each of the individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  In addition to its General Objections, WFI objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. To date, Plaintiff has**

**not filed a Motion for Class Certification nor has this Court certified any class relevant to this lawsuit. WFI further objects to this Interrogatory as Plaintiff does not explain what she means when she states "sent a letter by or on behalf of defendant Student Loan Solutions". Any letter sent by WFI is on behalf of WFI. Subject to and without waiving these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the Affidavit of Adam Parham previously provided for the relevant information**

16.     State the number of, and name and address for, each of the individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  In addition to its General Objections, WFI objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. To date, Plaintiff has not filed a Motion for Class Certification nor has this Court certified any class relevant to this lawsuit. WFI further objects to this Interrogatory as Plaintiff does not explain what she means when she states "sent a letter by or on behalf of defendant Student Loan Solutions". Any letter sent by WFI is on behalf of WFI. Subject to and without waiving these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, SLS refers Plaintiff to the Affidavit of Adam Parham previously provided for the relevant information.**

17.     State the total amount of money, broken down by quarter, collected from individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the

later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: $0.00.**

18.    State the total amount of money, broken down by quarter, collected from individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: $0.00.**

19.    If you contend that any of the persons who are described in the preceding Interrogatories No. 15 through 18 incurred the debts sought to be collected for business purposes, identify the persons and state the facts upon which you base your contention.

**RESPONSE:  At this time, WFI lacks knowledge or information sufficient to determine the reason each person incurred the outstanding account. Such a determination would include a highly fact-intensive inquiry.**

20.    For the amount of money collected from Illinois residents and disclosed in response to the preceding Interrogatories No. 17 and 18 state the face value (or total amount owed) for those debts according to Defendants' records.

**RESPONSE:  In addition to its General Objections, WFI objects to this Interrogatory as it is overly broad and seeks the production of information not relevant or likely to lead to the discovery of admissible evidence. WFI further objects to this Interrogatory as it is not narrowly tailored to the allegations in the Complaint or proportional to the needs of this case. The face value of any such accounts collected upon is not relevant to whether the**

account was out-of-state and/or whether the necessary disclosures were included in correspondence to the consumer. Finally, to the extent that such information has any potential relevance, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and/or misleading the jury, and would be inadmissible under Fed. R. Evid. 403.

21.     State the net worth of the Defendant and whether their financial statements are audited. If the defendant's financial statements are not audited, identify all credit applications and financial statements issued or submitted by the defendant in the last 3 years.

**RESPONSE: In addition to its General Objections, WFI objects to this Interrogatory as it is overly broad. It requests financial information for a three (3) year period which is not relevant. Subject to and waiting waiving these objections and pursuant to the Confidentiality Order entered on January 29, 2019 and Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the documents produced herewith. WFI's financial statements are audited.**

22.     Identify each lawsuit in which a determination of the defendant's net worth has been made, or in which the defendant has provided or produced financial statements or information concerning its net worth.

**RESPONSE:  In addition to its General Objections, WFI objects to this Interrogatory as it seeks information that is not proportional to the needs of this case. Additionally, WFI objects to this Interrogatory as it is overly broad and not relevant to this matter. Further, this Interrogatory is both broad and burdensome as it requests information for a five (5) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant**

to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet.

23.     Identify each instance in which the defendant has provided financial statements or information concerning its net worth to any governmental agency.

**RESPONSE:   In addition to its General Objections, WFI objects to this Interrogatory as it seeks information that is not proportional to the needs of this case. Additionally, WFI objects to this Interrogatory as it is overly broad and not relevant to this matter. Further, this Interrogatory is both broad and burdensome as it requests information for a five (5) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet.**

24.     Identify all insurance policies covering claims arising or made during January 1, 2015 and the present and which contain (a) errors and omissions coverages, including such coverage as an extension of directors' and officers' liability coverages, (b) coverage for advertising injury, (c) coverage for property damage, (d) coverage for collection activities, (e) general liability coverages, or (f) any other coverage which may apply to this case.

**RESPONSE:  In addition to its General objections, WFI objects to this Interrogatory as it is overly broad and seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, WFI states the following:**

- **Errors & Omissions – Policy # MPL1751515, Effective 5/13/18 to 6/1/19, Great American Fidelity Insurance Co., $3,000,000 aggregate limit.**

- **Property Damage – Policy # OB6A402041, Effective 9/1/18 to 9/1/19, Hanover Insurance Company, $1,000,000 occurrence.**

- **General Liability - Policy # OB6A402041, Effective 9/1/18 to 9/1/19, Hanover Insurance Company, $1,000,000 occurrence.**

- **Umbrella – Policy # OB6A402041, Effective 9/1/18 to 9/1/19, Hanover Insurance Company, $5,000,000 occurrence.**

25.     With respect to each expert whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**RESPONSE:  WFI has not yet retained any expert witness.  WFI reserves the right to supplement its response pursuant to the Federal Rules of Civil Procedure.**

26.     Describe all document destruction and retention policies of the defendant and state whether and if so, when a litigation hold was put in place with respect to this litigation.

**RESPONSE:  WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

27.     If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis of your denial.

**RESPONSE:  WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

## WFI'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents transmitted to plaintiff by any defendant with respect to the alleged debt of plaintiff.

**RESPONSE:  WFI objects to the Request to the extent it seeks information from its co-defendant, SLS. Without waiving, the following documents will be produced:**

- **Letter to Plaintiff dated November 12, 2017 bates-stamped 001-002;**

- **Letter to Plaintiff dated April 6, 2018 bates-stamped 003-004; and**

- **Letter to Plaintiff dated May 2, 2018 bates-stamped 005-21.**

2.      All documents relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

**RESPONSE:  In addition to the documents produced herewith, WFI produces the following:**

- **Payment History bates-stamped 022-023;**

- **May 11, 2018 Letter to Fran A. James bates-stamped 024-025;**

- **Account Notes regarding Fran A. James bates-stamped 026-030;**

- **Account Notes regarding Plaintiff bates-stamped 031-062;**

- **Copy of payment dated September 3, 2008 bates-stamped 063;and**

- **Letter from Plaintiff dated April 20, 2018 bates-stamped 064.**

3.      All of defendant's account notes having to do with plaintiff, including documents related to any attempts to cancel and electronic payment authorization.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is not relevant to the claims alleged in the underlying lawsuit. Plaintiff makes no claim relevant to the cancellation of an electronic payment authorization. As a result, the documents sought**

26

are not relevant and not likely to lead to the discovery of admissible evidence as well as are not narrowly tailored to the allegations in the lawsuit. Subject to and without waiving these objections, to the extent responsive information exists, WFI refers Plaintiff to the documents produced herewith.

4. All agreements authorizing defendant to conduct collection activities with respect to plaintiffs.

RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad as it seeks information for the "plaintiffs" rather than the named plaintiff. Plaintiff has neither filed a motion to certify a class nor has a class been certified. Subject to and without waiving these objections, WFI refers Plaintiff to the Promissory Note bates-stamped 065-068.

5. All documents defendant possess that relate in any way to defendant's Affirmative Defenses asserted in Defendant's Answer to the Complaint in this matter, including any documents that either Plaintiff or any class member's claims may be subject to arbitration.

RESPONSE: WFI does not have any documents in its possession, custody, or control to produce. WFI reserves the right to supplements its production, if required, in accordance with the applicable Federal Rules of Civil Procedure.

6. All contracts and other documents giving rise to the relationship between the defendants.

RESPONSE: Pursuant to the Confidentiality Order, WFI produces the contract between WFI and its co-defendant, SLS, bates-stamped 069-076.

7. All organizational charts of the defendant.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence. Additionally, WFI objects to this Request as it is not narrowly tailored to the allegations in the Complaint. The organizational structure of WFI is not germane to any claims alleged by Plaintiff against WFI. Subject to and without waiving these objections, WFI produces its organizational chart bates-stamped 077.**

8.      All forms or templates for letters that any Defendant sent out to debtors in Illinois where the Defendant sought to collect out-of-statute debts.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad and seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence. The correspondence at issue sent to Plaintiff was not related to an account that was beyond the applicable statute of limitations.**

9.      All documents relating to Defendant's policy and procedure for calculating the statute of limitations period for student debt.

**RESPONSE: Pursuant to the Confidentiality Order, WFI refers to the Statute of Limitations policy bates-stamped 078-080.**

10.     All emails and other correspondence discussing or related to the disclosure of out-of-statute debts since January 1, 2015.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad and seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence. The correspondence at issue sent to Plaintiff was not beyond the statute of limitations for any entity to bring a collections lawsuit. Additionally, this Request seeks the production of information for a four (4) year time period when the**

cause of action only carries a one year statute of limitation. WFI further objects to this Request to the extent it seeks the production of documents protected by the attorney client privilege.

11.     Any scoring formula which references or takes into account the fact that the debt is out of statute or beyond the legal credit reporting period, including a description of the use of that specific formula.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad and seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence. The correspondence at issue sent to Plaintiff was not beyond the statute of limitations for any entity to bring a collections lawsuit. Subject to and without waiving these objections, WFI has no responsive documents in its possession, custody, or control.**

12.     All reports and results of queries, including summaries, memorandums, and correspondence related to that data, the results or the outcomes, performed following changes in any defendant's disclosure policies related to out-of-statute debts since January 1, 2015.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad due to the four (4) year timeframe on an FDCPA case with a one (1) year statute of limitation. WFI further objects to this Request as this Request is not narrowly tailored to the allegations in the Complaint and seeks the production of information not relevant to this matter and/or not likely to lead to the discovery of admissible evidence as the correspondence at issue sent to Plaintiff was not beyond the statute of limitations for any entity to bring a collections lawsuit. Finally, WFI objects to this Request as it is ambiguous and vague rendering WFI incapable of determining whether anything relevant to this matter exists.**

13.     All documents related to any decision to make any changes to letters in the form of Exhibit B, including the statement "contact the undersigned with respect to a full resolution" of "this outstanding debt."

**RESPONSE:  WFI has no responsive documents in its possession, custody, or control.**

14.     All documents related to any decision to make any changes to letters in the form of Exhibit C.

**RESPONSE:  WFI has no responsive documents in its possession, custody, or control.**

15.     All manuals, memorandum, reports, summaries or other documents referencing or explaining the formula or model used to determine any of the scores or pricing models used by Defendant to evaluate consumer debts or portfolios.

**RESPONSE:   In addition to its General Objections, WFI objects to this Request as it is overly broad and seeks the production of information not relevant or likely to lead to the discovery of admissible evidence. The issue in this matter is whether an entity sent correspondence to the consumer beyond the statute of limitations for being able to file a collection lawsuit without including certain disclosures. The information requested is not germane to this issue or related in any way.**

16.     All reports and results of queries (including summaries, memorandums, and correspondence related to the data, results or outcomes) performed with respect to the portfolios for individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad and seeks the production of information not relevant or not likely to lead to the discovery of admissible evidence. WFI objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. Further, Plaintiff has neither filed a motion for class certification nor has this court certified any class relevant to this lawsuit. Subject to and without waiving these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the Affidavit of Adam Parham previously provided for the relevant information.**

17.    All reports and results of queries (including summaries, memorandums, and correspondence related to the data, results or outcomes) performed with respect to the portfolios for individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad and seeks the production of information not relevant or not likely to lead to the discovery of admissible evidence. WFI objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. Further, Plaintiff has neither filed a motion for class certification nor has this court certified any class relevant to this lawsuit. Subject to and without waiving these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the Affidavit of Adam Parham previously provided for the relevant information.**

18.     All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's attempts to collect time-barred debts.

**RESPONSE: In addition to its General Objections, WFI objects as this Request seeks the production of documents that are a matter of public record and currently available to Plaintiff. To the extent the information is not a matter of public record, the Request is overly broad, unduly burdensome, and seeks the production of information that is not relevant or likely to lead to lead to the discovery of admissible evidence. Finally, to the extent that such information has any potential relevance, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and/or misleading the jury, and would be inadmissible under Fed. R. Evid. 403. The issue in this case is narrow –whether an entity sent correspondence to the consumer beyond the statute of limitations for being able to file a collection lawsuit without including certain disclosures. The Request seeks information related to an affirmative defense that is routinely asserted by counsel for consumers. Finally, Plaintiff's account was within the statute of limitations at the time of the issuance of the correspondence.**

19.     All documents relating to the maintenance by defendant of procedures adapted to avoid violations of the FDCPA resulting from the failure to comply with 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), or related violations of the Fair Debt Collection Practices Act and ensure that proper disclosures are included in Defendant's letters sent to consumers in an attempt to collect a debt.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad. WFI further objects to this Request as it is goes beyond the correspondence at issue in the underlying Complaint. Additionally, WFI has not pled a bona fide error defense and**

**Plaintiff's request for all documents concerning its maintenance of procedures to avoid any violation of the FDCPA is thus not proportional to the needs of this case.**

20.     Documents which reference defendant's practices with respect to accounts that have cancelled an electronic payment authorization.

**RESPONSE:  In addition to its General Objections, WFI objects to this Request as it is wholly unrelated to the claims asserted in the lawsuit at issue. Plaintiff makes no claims related in any way to cancelling an electronic payment authorization. As a result, this Request seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence.**

21.     All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to ensuring compliance with the FDCPA.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad. WFI further objects to this Request as it is goes beyond the correspondence at issue in the underlying Complaint. Additionally, WFI has not pled a bona fide error defense and Plaintiff's request for all documents concerning its maintenance of procedures to avoid any violation of the FDCPA is thus not proportional to the needs of this case.**

22.     All documents relating to each defendants' knowledge of (and compliance with) various state and municipal regulations regarding the disclosure of time-barred debts, including but not limited to Title 6, Rules of City of New York § 2-191, 23 NYCRR §1.3, and New Mexico Admin. Code 12.2.12 *et seq.*

**RESPONSE:  In addition to its General Objections, WFI objects to this Request as it is overly broad. WFI further objects to this Request as it is goes beyond the correspondence at issue**

in the underlying **Complaint. Additionally, this Request seeks information related to localities other than those that fall within the Northern District of Illinois and Seventh Circuit, the jurisdiction in which this matter is pending.**

23.     All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's compliance with the FDCPA.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad. WFI further objects to this Request as it is goes beyond the correspondence at issue in the underlying Complaint. The Request for all documents related to WFI's general compliance with the FDCPA is overly broad and requests information that is not relevant and/or not likely to lead to the discovery of admissible evidence.**

24.     All documents (irrespective of date) that discuss or relate to defendants' compliance or lack of compliance with the FDCPA by sending of letters in the form of Exhibit B to debtors.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad as notated by its lack of limitation on date. WFI further objects to this Request as it goes beyond the correspondence at issue in the underlying Complaint. Additionally, WFI has not pled a bona fide error defense and Plaintiff's request for all documents related to its compliance with the FDCPA is thus not proportional to the needs of this case. Additionally, this Request is not limited in date as denoted by "irrespective of date" further broadening the scope of the Request beyond the issues presented.**

25.     All documents (irrespective of date) that discuss or relate to defendant's compliance or lack of compliance with the FDCPA by sending of letters in the form of Exhibit C to debtors.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad as notated by its lack of limitation on date. WFI further objects to this Request as it**

goes beyond the correspondence at issue in the underlying Complaint. Additionally, WFI has not pled a bona fide error defense and Plaintiff's request for all documents related to its compliance with the FDCPA is thus not proportional to the needs of this case. Additionally, this Request is not limited in date as denoted by "irrespective of date" further broadening the scope of the Request beyond the issues presented.

26. The complete file, including but not limited to computer information, for all individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant SLS (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: In addition to its General Objections, WFI objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome, and not proportional to the needs of this case pursuant to F.R.C.P. 26(b)(1). In addition, WFI objects to this Request on the grounds that it is premature as a class has not been certified and to the extent it calls for personal and private information of non-parties. Subject to and without waiving these objections, WFI refers to the Affidavit of Adam Parham.**

27. The complete file, including but not limited to computer information, for all individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: In addition to its General Objections, WFI objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome, and not proportional to the**

needs of this case pursuant to F.R.C.P. 26(b)(1). In addition, WFI objects to this Request on the grounds that it is premature as a class has not been certified and to the extent it calls for personal and private information of non-parties.

28.     Defendant's annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

**RESPONSE:  In addition to its General Objections, WFI objects to this Request as it is overly broad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet. Additionally, this Request seeks the production of information outside the one year statute of limitations for an FDCPA claim and is not reasonably related to damages in this matter. Subject to and without waiving these objections and subject to the Confidentiality Order, WFI produces its 2017 Balance Sheet bates-stamped 081-082.**

29.     All credit applications or financial statements defendant issued within the last 3 years.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, **209 F.3d 998 (7th Cir. 2000)** would be a balance sheet. Additionally, this Request seeks the production of information outside the one year statute of limitations for an FDCPA claim and is not reasonably related to damages in this matter.

30.    All proposals and bids defendant submitted to governmental agencies which describe defendant's business.

**RESPONSE:  In addition to its General Objections, WFI objects to this Request as it is overly broad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Additionally, this Request seeks the production of information outside the one year statute of limitations for an FDCPA claim and is not reasonably related to damages in this matter. Further, WFI objects to this Request as "proposals and bids" are not defined rendering this Request vague and ambiguous.**

31.    All documents setting forth defendant's document destruction and retention policies, including evidence of any litigation hold put in place with respect to this litigation.

**RESPONSE:  WFI has no responsive documents in its possession, custody, or control.**

32.    All insurance policies described in Interrogatory No. 18.

**RESPONSE:  WFI does not intend to submit this matter to insurance. As a result, WFI objects to this Request as it is overly broad and seeks the production of documents not relevant or not likely to lead to the discovery of admissible evidence.**

33.     Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:  WFI does not intend to submit this matter to insurance. As a result, WFI objects to this Request as it is overly broad and seeks the production of documents not relevant or not likely to lead to the discovery of admissible evidence.**

34.     If you carry no insurance policies, of any kind, respond by stating that you carry no insurance policies.

**RESPONSE:   WFI objects to this Request as it does not seek the production of any documents; rather, it is more properly suited as an Interrogatory or a deposition topic.**

35.     All correspondence between you and any insurer regarding coverage for the claims made in this case, including tenders of claims, letters accepting coverage, letters rejecting coverage, and letters stating that a defense would be provided under a reservation of rights.

**RESPONSE:  WFI has no responsive documents in its possession, custody or control.**


Dated: February 1, 2019

                              Respectfully submitted,


                              By:     /s/*Emily J. Fitzgerald*_____
                                      COUNSEL FOR DEFENDANT
                                      WILLIAMS & FUDGE, INC.


Joseph P. Kincaid—ARDC No. 6202639
Emily J. Fitzgerald—ARDC No. 6305923
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3400
Chicago, Illinois 60611
jkincaid@smbtrials.com

efitzgerald@smbtrials.com
Office:  (312) 321-9100
Fax:  (312) 321-0990

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Defendant Williams & Fudge, Inc.'s Responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production of Documents was served upon Plaintiff's counsel of record, this 1st day of February, 2019.

[✓]Under penalties as provided by law, the undersigned certifies that the statements set forth in this Certificate of Service are true and correct.

_____/s/_Emily J. Fitzgerald_____

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TONYA FACEY,** | ) | |
| **on behalf of plaintiff and a class,** | ) | **Civil Action No: 1:18-cv-05086** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUDENT LOAN SOLUTIONS LLC; and,** | ) | |
| **WILLIAMS & FUDGE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT STUDENT LOAN SOLUTIONS LLC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Student Loan Solutions, LLC ("SLS" or "Defendant") responds to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

### PRELIMINARY STATEMENT

(A)    The following responses are based upon information presently available to SLS that it believes to be correct. Said responses are made without prejudice to SLS's right to utilize subsequently discovered facts.

(B)    No incidental or implied admission of fact by SLS is made by the responses below. The only admissions are expressed admissions. The fact that SLS has answered any interrogatory or produced any document herein may not properly be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence. The fact that SLS has answered part or all of any request for admission, interrogatory or request to produce is not intended to and shall not be construed to be

1

a waiver by Plaintiff of all or part of any objection by SLS to the admissibility of evidence at trial or the relevance of the response.

(C)     The responses to Plaintiff's Interrogatories, Request for Production of Documents, and Requests for Admission (hereinafter, "Discovery") may be supplemented by SLS's further investigation and acquisition of information which it does not either possess or recall at this time. However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(D)     SLS states that, notwithstanding any of the "definitions" or preliminary "instructions" contained within Plaintiff's Discovery, SLS will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(E)     As to any of the "definitions" which precede Plaintiff's Discovery and which seek information or documents which include trial preparation and/or privileged materials or communications, SLS objects.

(F)     The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party, its agents, its representatives and attorneys, unless privileged.

(G)     The word usage and sentencing structure may be that of the attorney assisting in the preparation of the answers and, thus, do not necessarily purport to be the precise language of the existing parties.

(H)     The objections asserted by SLS below are asserted in good faith, based upon counsel's evaluation of SLS's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, SLS, through counsel, offers and stands ready to confer with Plaintiff in an effort to

resolve or narrow, to the greatest extent possible, any dispute between the parties concerning SLS's objections.

(I)     The above-stated preliminary statement is incorporated in each of the responses set forth below.

## SLS'S GENERAL OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS

SLS objects to the information sought in Plaintiff's discovery requests on the grounds that they seek disclosure of SLS's confidential and proprietary business information. SLS further objects to this Discovery to the extent that it seeks the disclosure of information which would unduly invade the privacy rights of persons not party to this litigation or to whom SLS has a duty of confidentiality.

SLS objects to this Discovery to the extent it seeks information prepared in anticipation of litigation, protected by the work product doctrine and privilege, attorney-client privilege or which information is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. SLS objects to the release of any information protected by the attorney-client privilege or the attorney work product doctrine. SLS construes this Discovery to exclude documents, information and communications exchanged with counsel in this and other litigation.

SLS objects to this Discovery as many terms utilized are without definition and are capable of numerous interpretations. To the extent this Discovery would have SLS speculate at its detriment as to the definition of said terms, SLS cannot properly respond.

SLS objects to Plaintiff's instruction that Discovery responses are deemed to be continuing. That instruction goes beyond the scope of the Federal Rules of Civil Procedure. SLS will supplement its answers/responses, if required to do so.

Subject to, and without waiving the above and foregoing objections, SLS provides the following responses to Plaintiff's Requests:

## SLS' RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1.      Defendant Student Loan Solutions LLC, ("SLS") is a limited liability company with its principal place of business at 707 Land Fall Drive, Rock Hills, SC 29732.

**RESPONSE: Admit.**

2.      Defendant SLS does business in Illinois.

**RESPONSE:  SLS cannot admit or deny this Request as "does business" is not defined rendering the Request vague and ambiguous. SLS owns accounts associated with consumers residing in Illinois and it retains servicers, law firms, or other entities to attempt collection on those accounts. To the extent a response is required, SLS denies the allegations of Request No. 2.**

3.      Defendant SLS holds a collection agency license from the Illinois Department of Financial and Professional Regulation.

**RESPONSE: Admit.**

4.      Defendant SLS's the principal or sole business consists of acquiring defaulted student loan debts and enforcing the loans against the borrowers.

**RESPONSE:  SLS admits it acquires defaulted student loan accounts and attempts to recover from borrowers on the defaulted student loan accounts. SLS denies the remaining allegations of Request No. 4.**

5.      Defendant SLS has no source of income other than liquidation of defaulted student loan debts.

**RESPONSE: Admit.**

6.     Defendant SLS regularly files lawsuits against borrowers in Illinois and elsewhere.

**RESPONSE: SLS denies this Request as it does not file lawsuits against borrowers in Illinois and elsewhere. SLS retains counsel to file suit against consumers who have failed to pay his or her loan obligation.**

7.     Defendant SLS has filed over 300 such lawsuits, including some in Cook County, Illinois.

**RESPONSE: SLS denies this Request as it does not file lawsuits against borrowers, including those in Cook County. SLS denies it has retained counsel to file over 300 such lawsuits.**

8.     Defendant SLS hires collection agencies, including Williams & Fudge, Inc., to conduct collection activities on its behalf.

**RESPONSE:  SLS admits that at certain times and under certain circumstances it hires entities, such as Williams & Fudge, Inc. ("WFI"), to attempt to recover on defaulted accounts. SLS denies the remaining allegations of Request No. 8.**

9.     Defendant SLS uses the mails and telephone in connection with collecting on the debts it attempts to collect.

**RESPONSE:  Denied.**

10.     Defendant SLS is a debt collector as defined in the FDCPA.

**RESPONSE:  Denied.**

11.     Defendant Williams & Fudge, Inc., ("WFI") is a South Carolina corporation with its principal place of business at 300 Chatham Ave., Rock Hill, SC 29730.

**RESPONSE:  Admit.**

12.     Defendant WFI does business in Illinois.

**RESPONSE: As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request. To the extent a response is required, SLS denies the allegations of Request No. 12.**

13. Defendant WFI holds a collection agency license from the Illinois Department of Financial and Professional Regulation.

**RESPONSE: As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request. To the extent a response is required, SLS denies the allegations of Request No. 13.**

14. Defendant WFI's the principal or sole business consists of collecting upon defaulted student loan debts and enforcing the loans against the borrowers.

**RESPONSE: As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request. To the extent a response is required, SLS denies the allegations of Request No. 14.**

15. Defendant WFI has no source of income other than collection of defaulted student loan debts for others.

**RESPONSE: As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request. To the extent a response is required, SLS denies the allegations of Request No. 15.**

16. Defendant WFI uses the mails and telephone in connection with collecting on the debts it attempts to collect.

**RESPONSE: As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request. To the extent a response is required, SLS denies the allegations of Request No. 16.**

17.     Defendant WFI is a debt collector as defined in the FDCPA.

**RESPONSE:  As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request. To the extent a response is required, SLS denies the allegations of Request No. 17.**

18.     Defendant WFI and Defendant SLS have common management and ownership.

**RESPONSE:  SLS objects to this Request as "common management" is not defined rendering this Request vague and ambiguous whereby SLS cannot formulate a response.  To the extent a response is required, SLS denies the allegations of Request No. 18.**

19.     There are six company officials in Student Loan Solutions, LLC. They are member Chad V. Echols, member Richard Clay Goodyear, member Robert J. Perrin, manager Christopher P. Ruh, member David C. Williams, and member Gary L Williams.

**RESPONSE: Admit.**

20.     All of these individuals list the address of 300 Chatham Ave., PO Box 11590 Rock Hill SC 29731, which is the address of Williams & Fudge, Inc.

**RESPONSE:  Denied.**

21.     The principal executive officers of Williams & Fudge, Inc., are David C. Williams, president, Margaret Williams, secretary, Robert J. Perrin, Chief Executive Officer, and Gary L. Williams, Chairman of the Board of Directors.

**RESPONSE:  As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request. To the extent a response is required, SLS denies the allegations of Request No. 21.**

22.     The acts and practices of Williams & Fudge, Inc., are known by Student Loan Solutions LLC, and vice versa.

**RESPONSE: Denied. Despite any overlap in management, the entities are two (2) separate and distinct entities.**

23.     The document attached hereto as Exhibit B was sent to Plaintiff on April 6, 2018.

**RESPONSE: Admit.**

24.     Exhibit B was sent by WFI, acting on behalf of SLS.

**RESPONSE: SLS objects to this Request for Admission as Plaintiff does not explain what she means by "acting on behalf of SLS" rendering the Request confusing and ambiguous whereby SLS cannot formulate a response. Further responding, SLS states it retained WFI as a vendor to recover consumers' accounts. To the extent a response is required, SLS denies the allegations of Request No. 24.**

25.     Exhibit B is a form letter.

**RESPONSE: SLS objects to this Request for Admission as Plaintiff does not explain what she means by "form letter" rendering the Request confusing and ambiguous whereby SLS cannot formulate a response. To the extent a response is required, SLS denies the allegations of Request No. 25.**

26.     Exhibit B has a form or template designation.

**RESPONSE: SLS objects to this Request for Admission as Plaintiff does not explain what she means by "form or template designation" rendering the Request confusing and ambiguous whereby SLS cannot formulate a response. To the extent a response is required, SLS denies the allegations of Request No. 26.**

27.     Based on Defendant's records, Exhibit B was sent in an attempt to collect a student loan debt incurred for personal family or household purposes and not business purposes.

**RESPONSE: Denied. SLS's records do not indicate the reason for which Plaintiff incurred the outstanding account.**

28.     Exhibit B asks plaintiff to "contact the undersigned with respect to a full resolution" of "this outstanding debt."

**RESPONSE:  SLS admits Exhibit B includes the statements "contact the undersigned with respect to a full resolution" and "of this outstanding debt." SLS denies the foregoing accurately and fully quotes the letter.**

29.     Exhibit B does not disclose that the statute of limitations has run on the debt.

**RESPONSE: Admit.  Further responding, the statute of limitations has not expired relative to this account.**

30.     The document attached hereto as Exhibit C was sent to Plaintiff on May 2, 2018.

**RESPONSE:  Admit.**

31.     Exhibit C was sent by WFI, acting on behalf of SLS.

**RESPONSE:  SLS objects to this Request for Admission as Plaintiff does not explain what she means by "acting on behalf of SLS" rendering the Request confusing and ambiguous. Further responding, SLS states it retained WFI as a vendor to recover consumers' accounts. To the extent a response is required, SLS denies the allegations of Request No. 31.**

32.     Exhibit C is a form letter.

**RESPONSE:  SLS objects to this Request for Admission as Plaintiff does not explain what she means by "form letter" rendering the Request confusing and ambiguous whereby SLS cannot formulate a response. To the extent a response is required, SLS denies the allegations of Request No. 32.**

33.     Exhibit C has a form or template designation.

**RESPONSE: SLS objects to this Request for Admission as Plaintiff does not explain what she means by "form or template designation" rendering the Request confusing and ambiguous whereby SLS cannot formulate a response. To the extent a response is required, SLS denies the allegations of Request No. 33.**

34.    Based on Defendant's records, Exhibit C was sent in an attempt to collect a student loan debt incurred for personal family or household purposes and not business purposes.

**RESPONSE: Denied. SLS's records do not indicate the reason for which Plaintiff incurred the outstanding account.**

35.    Exhibit C quotes an amount due of $88,179.04.

**RESPONSE: Admit.**

36.    Exhibit C does not disclose that the statute of limitations has run on the debt.

**RESPONSE: Admit. Further responding, the statute of limitations has not expired on this account.**

37.    Defendants regularly attempts to collect defaulted student loans.

**RESPONSE: SLS objects to the Request to the extent it seeks information related to its co-defendant, WFI. Regarding SLS, SLS admits it acquires student loan accounts and attempts to recover from the borrowers by outsourcing the recovery efforts to other businesses or law firms. To the extent a response is required, SLS denies the allegations of Request No. 37.**

38.    The debt went into default more than 10 years prior to the filing of suit.

**RESPONSE: Denied.**

39.    Defendants SLS and WFI, regularly demand payment and invite settlements of time-barred debts.

**RESPONSE:  Denied as to SLS. SLS objects to the remainder of the Request to the extent it seeks information related to its co-defendant, WFI. SLS outsources recovery efforts to other businesses or law firms.**

40.     It is the policy and practice of defendants to not disclose the fact that they are timebarred.

**RESPONSE:  SLS objects to the Request to the extent it seeks information related to its co-defendant, WFI. Regarding SLS, denied.**

41.     There are more than 40 individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  Denied.**

42.     There are more than 100 individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  Denied.**

43.     There are more than 1000 individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  Denied.**

44.     There are more than 40 individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request. To the extent a response is required, SLS denies the allegations of Request No. 44.**

45.     There are more than 100 individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request. To the extent a response is required, SLS denies the allegations of Request No. 45.**

46.     There are more than 1,000 individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request. To the extent a response is required, SLS denies the allegations of Request No. 46.**

47.     SLS has a net worth exceeding $500,000.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is overly broad and not relevant to this matter. Pursuant to the Affidavit of Adam Parham previously provided, the purported class size for SLS consists of two individuals –a figure grossly lacking in numerosity. As a result, SLS's net worth is not relevant to this claim.**

48.     SLS has a net worth exceeding $1 million.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is overly broad and not relevant to this matter. Pursuant to the Affidavit of Adam Parham previously provided, the purported class size for SLS consists of two individuals –a figure grossly lacking in numerosity. As a result, SLS's net worth is not relevant to this claim.**

49.     SLS has a net worth exceeding $10 million.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is overly broad and not relevant to this matter. Pursuant to the Affidavit of Adam Parham previously provided, the purported class size for SLS consists of two individuals –a figure grossly lacking in numerosity. As a result, SLS's net worth is not relevant to this claim.**

50. SLS has a net worth exceeding $25 million.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is overly broad and not relevant to this matter. Pursuant to the Affidavit of Adam Parham previously provided, the purported class size for SLS consists of two individuals –a figure grossly lacking in numerosity. As a result, SLS's net worth is not relevant to this claim.**

51.     SLS has a net worth exceeding $50 million.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is overly broad and not relevant to this matter. Pursuant to the Affidavit of Adam Parham previously**

**provided, the purported class size for SLS consists of two individuals –a figure grossly lacking in numerosity. As a result, SLS's net worth is not relevant to this claim.**

52.     WFI has a net worth exceeding $500,000.

**RESPONSE:  SLS objects to this Request as it seeks information from SLS about its co-defendant, WFI. As such, SLS cannot admit or deny this Request. To the extent a response is required, SLS denies the allegations of Request No. 52.**

53.     WFI has a net worth exceeding $1 million.

**RESPONSE:  SLS objects to this Request as it seeks information from SLS about its co-defendant, WFI. As such, SLS cannot admit or deny this Request.  To the extent a response is required, SLS denies the allegations of Request No. 53.**

54.     WFI has a net worth exceeding $10 million.

**RESPONSE:  SLS objects to this Request as it seeks information from SLS about its co-defendant, WFI. As such, SLS cannot admit or deny this Request. To the extent a response is required, SLS denies the allegations of Request No. 54.**

55.     WFI has a net worth exceeding $25 million.

**RESPONSE:  SLS objects to this Request as it seeks information from SLS about its co-defendant, WFI. As such, SLS cannot admit or deny this Request. To the extent a response is required, SLS denies the allegations of Request No. 55.**

56.     WFI has a net worth exceeding $50 million.

**RESPONSE:  SLS objects to this Request as it seeks information from SLS about its co-defendant, WFI. As such, SLS cannot admit or deny this Request. To the extent a response is required, SLS denies the allegations of Request No. 57.**

## SLS' RESPONSES TO PLAINTIFF'S INTERROGATORIES

1.      Identify all documents transmitted to plaintiff in an effort to collect the debt described in Exhibit B and Exhibit C.

**RESPONSE:  SLS did not transmit any information directly to plaintiff in an effort to collect the outstanding account.**

2.      State the name, address, title and job description of each member or employee of each defendant who is involved in (a) drafting letters in the form of Exhibit B, (b) printing letters in the form of Exhibit B, (c) approving letters in the form of Exhibit B, or (d) sending letters in the form of Exhibit B, or (e) dealing with Plaintiff or Plaintiff's debt.

**RESPONSE:  SLS hires third party vendors to collect outstanding accounts, which includes sending correspondence to consumers.**

3.      State the name, address, title and job description of each member or employee of each defendant who is involved in (a) drafting letters in the form of Exhibit C, (b) printing letters in the form of Exhibit C, (c) approving letters in the form of Exhibit C, or (d) sending letters in the form of Exhibit C, or (e) dealing with Plaintiff or Plaintiff's debt.

**RESPONSE:  SLS hires third party vendors to collect outstanding accounts, which includes sending correspondence to consumers.**

4.      State the name, address, title, and job description of all officers, managers, and executives of each Defendant.

**RESPONSE:  In addition to its General Objections, SLS objects to this Interrogatory as it seeks the production of information not relevant or not likely to lead to the discovery of admissible evidence. SLS further objects to this Interrogatory as it is not narrowly tailored to the allegations in the Complaint and not proportional to the needs of this case. Plaintiff's**

request is harassing and is indicative of a fishing expedition in that it is not reasonably related to any issue in this litigation. The issue in this matter is whether the account at issue was beyond the statute of limitations for a collections lawsuit and, if so, whether certain disclosures should be included on correspondence sent to the consumer. The requested information relative to officers, managers, and executives is not going to provide any evidence to support any position on this matter. SLS further objects to this Interrogatory as it seeks information relevant to its co-defendant, WFI.

5. State the name, address, title and job description of all owners of each Defendant.

**RESPONSE:** In addition to its General Objections, SLS objects to this Interrogatory as it seeks the production of information not relevant or not likely to lead to the discovery of admissible evidence. SLS further objects to this Interrogatory as it is not narrowly tailored to the allegations in the Complaint and not proportional to the needs of this case. Plaintiff's request is harassing and is indicative of a fishing expedition in that it is not reasonably related to any issue in this litigation. The issue in this matter is whether the account at issue was beyond the statute of limitations for a collections lawsuit and, if so, whether certain disclosures should be included on correspondence sent to the consumer. The requested information relative to owners of either entity is not going to provide any evidence to support any position on this matter. SLS further objects to this Interrogatory as it seeks information relevant to its co-defendant, WFI.

6. State whether or not any Defendants have a procedure for ensuring that a warning that a payment may restart the statute of limitations is included in any communication to debtors whose debts are time-barred.

**RESPONSE: SLS objects to this Interrogatory to the extent it seeks the production of information from its co-defendant, WFI. Subject to and without waiving this objection, SLS states it does not have an applicable procedure as SLS does not communicate with consumers.**

7.      Describe in detail any policies and procedures maintained by Defendants for calculating the statute of limitations for student loans.

**RESPONSE: SLS objects to this Interrogatory to the extent it seeks the production of information from its co-defendant, WFI. Subject to and without waiving this objection, SLS states it does not have an applicable procedure.**

8.      State whether or not Defendants have a mechanism for keeping track of the statute of limitations date associated with an account. If so, please describe the mechanism or procedure used.

**RESPONSE: SLS objects to this Interrogatory as "mechanism" is not defined rendering this Interrogatory vague, ambiguous, and confusing. SLS objects to this Interrogatory to the extent it seeks the production of information from its co-defendant, WFI.**

9.      Have you provided data regarding collection of out-of-statute debts to the Federal Trade Commission ("FTC"), the Consumer Financial Protection Bureau ("CFPB"), or the Attorney General ("AG")?

**RESPONSE: SLS has not provided data regarding the collection of out-of-statute debts to the FTC, CFPB, or the AG.**

10.     State whether Defendants made any changes to the letters in the form of Exhibit B, including the statement "contact the undersigned with respect to a full resolution" of "this outstanding debt."

**RESPONSE: SLS objects to this Interrogatory to the extent it seeks the production of information from its co-defendant, WFI. Subject to and without waiving this objection, SLS states it has not made any changes to the text of letters similar to Exhibit B.**

11. State whether Defendants made any changes to the letters in the form of Exhibit C.

**RESPONSE: SLS objects to this Interrogatory to the extent it seeks the production of information from its co-defendant, WFI. Subject to and without waiving this objection, SLS states it has not made any changes to the text of letters similar to Exhibit C.**

12. Identify what procedures are maintained and how they are adapted to avoid the matters complained of.

**RESPONSE: SLS has no procedures in place relevant to avoid the matters complained of. SLS does not draft, revise, or send correspondence to consumers.**

13. State whether information regarding your accounts is retrievable by computer and, if so, each field by which data is searchable or retrievable. State whether your computers can determine (a) the names of debtors sent letters in the form of Exhibit B, (b) the addresses of debtors sent debt collection letters in the form of Exhibit B, (c) the names and addresses of debtors sent letters which refer or offer to "settle" the debt (d) the dates debt collection letters were mailed to debtors, (e) the date of last payment based on Defendants' records, (f) the date of chargeoff based on Defendants' records, and (g) information regarding defendant's accounts and each field by which data is searchable or retrievable.

**RESPONSE: SLS does not maintain records as outlined above. SLS does not draft, revise, or send correspondence to consumers.**

14. State whether information regarding your accounts is retrievable by computer and, if so, each field by which data is searchable or retrievable. State whether your computers can

determine (a) the names of debtors sent letters in the form of Exhibit C, (b) the addresses of debtors sent debt collection letters in the form of Exhibit C, (c) the names and addresses of debtors sent letters which refer or offer to "settle" the debt (d) the dates debt collection letters were mailed to debtors, (e) the date of last payment based on Defendants' records, (f) the date of chargeoff based on Defendants' records, and (g) information regarding defendant's accounts and each field by which data is searchable or retrievable.

**RESPONSE: SLS does not maintain records as outlined above. SLS does not draft, revise, or send correspondence to consumers.**

15.    State the number of, and name and address for, each of the individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: In addition to its General Objections, SLS objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. Plaintiff has not filed a Motion for Class Certification nor has this Court certified any class relevant to this lawsuit. Subject to and without waiving these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, SLS refers Plaintiff to the Affidavit of Adam Parham previously provided for the relevant information.**

16.    State the number of, and name and address for, each of the individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e)

which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: In addition to its General Objections, SLS objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. Plaintiff has not filed a Motion for Class Certification nor has this Court certified any class relevant to this lawsuit. SLS further objects to this Interrogatory as it seeks information relevant to its co-defendant, WFI. Subject to and without waiving these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, SLS refers Plaintiff to the Affidavit of Adam Parham previously provided for the relevant information.**

17.     State the total amount of money, broken down by quarter, collected from individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: $0.00 was collected.**

18.     State the total amount of money, broken down by quarter, collected from individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request.**

19.     If you contend that any of the persons who are described in the preceding Interrogatories No. 15 through 18 incurred the debts sought to be collected for business purposes, identify the persons and state the facts upon which you base your contention.

**RESPONSE:  At this time, SLS lacks knowledge or information sufficient to determine the reason each person incurred the outstanding account. Such a determination would include a highly fact-intensive inquiry.**

20.     For the amount of money collected from Illinois residents and disclosed in response to the preceding Interrogatories No. 17 and 18 state the face value (or total amount owed) for those debts according to Defendants' records.

**RESPONSE: In addition to its General Objections, SLS objects to this Interrogatory as it is overly broad and seeks the production of information not relevant or likely to lead to the discovery of admissible evidence. SLS further objects to this Interrogatory as it is not narrowly tailored to the allegations in the Complaint or proportional to the needs of this case. The face value of any such accounts collected upon is not relevant to whether the account was out-of-state and/or whether the necessary disclosures were included in correspondence to the consumer. Finally, to the extent that such information has any potential relevance, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and/or misleading the jury, and would be inadmissible under Fed. R. Evid. 403.**

21.     State the net worth of the Defendant and whether their financial statements are audited. If the defendant's financial statements are not audited, identify all credit applications and financial statements issued or submitted by the defendant in the last 3 years.

**RESPONSE: In addition to its General Objections, SLS objects to this Interrogatory as it seeks information that is not proportional to the needs of this case. Additionally, SLS objects to this Interrogatory as it is overly broad and not relevant to this matter. Pursuant to the Affidavit of Adam Parham previously provided, the purported class size for SLS consists of two individuals –a figure grossly lacking in numerosity. As a result, SLS's net worth is not relevant. Further, this Interrogatory is extremely broad and burdensome as it request information for a three (3) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet.**

22.     Identify each lawsuit in which a determination of the defendant's net worth has been made, or in which the defendant has provided or produced financial statements or information concerning its net worth.

**RESPONSE: In addition to its General Objections, SLS objects to this Interrogatory as it seeks information that is not proportional to the needs of this case. Additionally, SLS objects to this Interrogatory as it is overly broad and not relevant to this matter. Pursuant to the Affidavit of Adam Parham previously provided, the purported class size for SLS consists of two individuals –a figure grossly lacking in numerosity. As a result, SLS's net worth is not relevant. Further, this Interrogatory is both broad and burdensome as it requests information for a five (5) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998**

**(7th Cir. 2000) would be a balance sheet. Subject to and notwithstanding these objections, SLS states there are none.**

     23.    Identify each instance in which the defendant has provided financial statements or information concerning its net worth to any governmental agency.

**RESPONSE: In addition to its General Objections, SLS objects to this Interrogatory as it seeks information that is not proportional to the needs of this case. Additionally, SLS objects to this Interrogatory as it is overly broad and not relevant to this matter. Pursuant to the Affidavit of Adam Parham previously provided, the class size for SLS consists of two individuals –a figure grossly lacking in numerosity. As a result, SLS's net worth is not relevant. Further, this Interrogatory is extremely broad and burdensome as it requests information for a five (5) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to _Sanders v. Jackson_, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet.**

     24.    Identify all insurance policies covering claims arising or made during January 1, 2015 and the present and which contain (a) errors and omissions coverages, including such coverage as an extension of directors' and officers' liability coverages, (b) coverage for advertising injury, (c) coverage for property damage, (d) coverage for collection activities, (e) general liability coverages, or (f) any other coverage which may apply to this case.

**RESPONSE: In addition to its General Objections, SLS objects to this Interrogatory as it is overly broad and not narrowly tailored to the allegations in the Complaint. For instance (b) does not request any information that is relevant to the narrow issue in this case. Subject to and without waiving these objections, SLS states the following:**

- **Errors & Omissions – Policy # SMC1028401, Effective 12/28/18 to 12/28/19, QBE Specialty Insurance Co., $2,000,000 aggregate limit.**

- **Property Damage – Policy # OZ6A411769, Effective 10/28/18 to 10/28/19, Hanover Insurance Company, $2,000,000 occurrence.**

- **General Liability - Policy # OZ6A411769, Effective 10/28/18 to 10/28/19, Hanover Insurance Company, $2,000,000 occurrence.**

25.     With respect to each expert whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**RESPONSE:  SLS has not yet retained any expert witness. SLS reserves the right to supplement its response pursuant to the Federal Rules of Civil Procedure.**

26.     Describe all document destruction and retention policies of the defendant and state whether and if so, when a litigation hold was put in place with respect to this litigation.

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

27.     If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis of your denial.

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

## SLS'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All documents transmitted to plaintiff by any defendant with respect to the alleged debt of plaintiff.

**RESPONSE:  SLS has no responsive documents to produce in its possession, custody, or control as SLS did not service the account at issue.**

2.    All documents relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

**RESPONSE:  SLS attaches the Promissory Note bates-stamped 001-004.**

3.    All of defendant's account notes having to do with plaintiff, including documents related to any attempts to cancel and electronic payment authorization.

**RESPONSE: SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue.**

4.    All agreements authorizing defendant to conduct collection activities with respect to plaintiffs.

**RESPONSE:  SLS does not conduct collection activities; however, SLS refers Plaintiff to the Promissory Note bates-stamped 001-004 which provides such authorization.**

5.    All documents defendant possess that relate in any way to defendant's Affirmative Defenses asserted in Defendant's Answer to the Complaint in this matter, including any documents that either Plaintiff or any class member's claims may be subject to arbitration.

**RESPONSE:  SLS does not have any responsive documents in its possession, custody, or control to produce. SLS reserves the right to supplement its production, in accordance with the applicable Federal Rules of Civil Procedure.**

6.    All contracts and other documents giving rise to the relationship between the defendants.

**RESPONSE:  SLS produces the contract between SLS and its co-defendant, WFI, bates-stamped 005-012 and marked "Confidential".**

7.    All organizational charts of the defendant.

**RESPONSE:  In addition to its General Objections, SLS objects to this Request as it seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence. Additionally, SLS objects to this Request as it is not narrowly tailored to the allegations in the Complaint. The organizational structure of this entity is not germane to any claims alleged by Plaintiff against SLS. Subject to and without waiving these objections, SLS produces its organizational chart bates-stamped 013.**

8.    All forms or templates for letters that any Defendant sent out to debtors in Illinois where the Defendant sought to collect out-of-statute debts.

**RESPONSE:  In addition to its General Objections, SLS objects to this Request as it is overly broad and seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence. The correspondence at issue sent to Plaintiff was not beyond the statute of limitations for SLS, or any other entity, to bring a collections lawsuit. Subject to and without waiving these objections, SLS does not have any responsive documents in its possession, custody or control to produce as it does not draft, revise, or send correspondence to consumers.**

9.    All documents relating to Defendant's policy and procedure for calculating the statute of limitations period for student debt.

**RESPONSE: SLS does not have any responsive documents in its possession, custody or control to produce.**

10.    All emails and other correspondence discussing or related to the disclosure of out-of-statute debts since January 1, 2015.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is overly broad and seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence. The correspondence at issue sent to Plaintiff was not beyond the statute of limitations for SLS, or any other entity, to bring a collections lawsuit. Additionally, this Request seeks the production of information for a four (4) year time period when the cause of action only carries a one year statute of limitation. SLS further objects to this Request to the extent it seeks the production of documents protected by the attorney client privilege.**

11.    Any scoring formula which references or takes into account the fact that the debt is out of statute or beyond the legal credit reporting period, including a description of the use of that specific formula.

**RESPONSE: SLS has no responsive documents in its possession, custody, or control to produce.**

12.    All reports and results of queries, including summaries, memorandums, and correspondence related to that data, the results or the outcomes, performed following changes in any defendant's disclosure policies related to out-of-statute debts since January 1, 2015.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is overly broad due to the four year time frame on an FDCPA case with a one (1) year statute of**

limitation. **Subject to and without waiving these objections, SLS states it has no responsive documents in its possession, custody, or control.**

13. All documents related to any decision to make any changes to letters in the form of Exhibit B, including the statement "contact the undersigned with respect to a full resolution" of "this outstanding debt."

**RESPONSE: SLS has no documents in its possession, custody, or control to produce as it does not draft, revise, or send correspondence to consumers.**

14. All documents related to any decision to make any changes to letters in the form of Exhibit C.

**RESPONSE: SLS has no documents in its possession, custody, or control to produce as it does not draft, revise, or send correspondence to consumers.**

15. All manuals, memorandum, reports, summaries or other documents referencing or explaining the formula or model used to determine any of the scores or pricing models used by Defendant to evaluate consumer debts or portfolios.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is overly broad and seeks the production of information not relevant or likely to lead to the discovery of admissible evidence. The issue in this matter is whether an entity sent correspondence to the consumer beyond the statute of limitations for being able to file a collection lawsuit without including certain disclosures. The information requested is not germane to this issue or related in any way.**

16. All reports and results of queries (including summaries, memorandums, and correspondence related to the data, results or outcomes) performed with respect to the portfolios for individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant

Student Loan Solutions, LLC (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  In addition to its General Objections, SLS objects to this Request as it is overly broad and seeks the production of information not relevant or likely to lead to the discovery of admissible evidence. SLS objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. Further, Plaintiff has not filed a Motion for Class Certification nor has this Court certified any class relevant to this lawsuit. Subject to and without waiving these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, SLS refers Plaintiff to the Affidavit of Adam Parham previously provided for the relevant information.**

17.    All reports and results of queries (including summaries, memorandums, and correspondence related to the data, results or outcomes) performed with respect to the portfolios for individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  In addition to its General Objections, SLS objects to this Request as it is overly broad and seeks the production of information not relevant or likely to lead to the discovery of admissible evidence. SLS objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. Further, Plaintiff has not filed a Motion for Class Certification nor has this Court certified any class relevant to this lawsuit. Subject to and without waiving these objections, pursuant to Rule 33(d) of the Federal Rules of Civil**

**Procedure, SLS refers Plaintiff to the Affidavit of Adam Parham previously provided for the relevant information.**

18.     All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's attempts to collect time-barred debts.

**RESPONSE:  In addition to its General Objections, SLS objects as this Request seeks the production of documents that are a matter of public record and currently available to Plaintiff. To the extent the information is not a matter of public record, the Request is overly broad, unduly burdensome, and seeks the production of information that is not relevant or likely to lead to lead to the discovery of admissible evidence. Finally, to the extent that such information has any potential relevance, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and/or misleading the jury, and would be inadmissible under Fed. R. Evid. 403. The issue in this case is narrow –whether an entity sent correspondence to the consumer beyond the statute of limitations for being able to file a collection lawsuit without including certain disclosures. The Request seeks information related to an affirmative defense that is routinely asserted by counsel for consumers.  Finally, Plaintiff's account was within the statute of limitations at the time of the issuance of the correspondence.**

19. All documents relating to the maintenance by defendant of procedures adapted to avoid violations of the FDCPA resulting from the failure to comply with 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), or related violations of the Fair Debt Collection Practices Act and ensure that proper disclosures are included in Defendant's letters sent to consumers in an attempt to collect a debt.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is overly broad. SLS further objects to this Request as it is goes beyond the correspondence at issue in the underlying Complaint. Additionally, SLS has not pled a bona fide error defense and Plaintiff's request for all documents concerning its maintenance of procedures to avoid any violation of the FDCPA is thus not proportional to the needs of this case. Subject to and without waiving these objections, SLS states it does not have any documents in its possession, custody, or control as it does not draft, revise, or send correspondence to consumers. Finally, Plaintiff's account was within the statute of limitations at the time of the issuance of the correspondence.**

20.    Documents which reference defendant's practices with respect to accounts that have cancelled an electronic payment authorization.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is wholly unrelated to the claims asserted in the lawsuit at issue. Plaintiff makes no claims related in any way to cancelling an electronic payment authorization. As a result, this Request seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence.**

21.    All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to ensuring compliance with the FDCPA.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is overly broad. SLS further objects to this Request as it is goes beyond the correspondence at issue in the underlying Complaint. Additionally, SLS has not pled a bona fide error defense and**

Plaintiff's request for all documents concerning its maintenance of procedures to avoid any violation of the FDCPA is thus not proportional to the needs of this case.

22.     All documents relating to each defendants' knowledge of (and compliance with) various state and municipal regulations regarding the disclosure of time-barred debts, including but not limited to Title 6, Rules of City of New York § 2-191, 23 NYCRR §1.3, and New Mexico Admin. Code 12.2.12 *et seq.*

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is overly broad. SLS further objects to this Request as it is goes beyond the correspondence at issue in the underlying Complaint. Additionally, this Request seeks information related to localities other than those that fall within the Northern District of Illinois and Seventh Circuit, the jurisdiction in which this matter is pending.**

23.     All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's compliance with the FDCPA.

**RESPONSE:  In addition to its General Objections, SLS objects to this Request as it is overly broad. SLS further objects to this Request as it is goes beyond the correspondence at issue in the underlying Complaint. Additionally, SLS has not pled a bona fide error defense and Plaintiff's request for all documents related to SLS's general compliance with the FDCPA is overly broad and requests information that is not relevant and/or not likely to lead to the discovery of admissible evidence.**

24.     All documents (irrespective of date) that discuss or relate to defendants' compliance or lack of compliance with the FDCPA by sending of letters in the form of Exhibit B to debtors.

**RESPONSE:  In addition to its General Objections, SLS objects to this Request as it is overly broad as notated by its lack of limitation on date. SLS further objects to this Request as it**

goes beyond the correspondence at issue in the underlying Complaint. Additionally, SLS has not pled a bona fide error defense and Plaintiff's request for all documents related to its compliance with the FDCPA is thus not proportional to the needs of this case. Additionally, this Request is not limited in date as denoted by "irrespective of date" further broadening the scope of the Request beyond the issues presented.

25.     All documents (irrespective of date) that discuss or relate to defendant's compliance or lack of compliance with the FDCPA by sending of letters in the form of Exhibit C to debtors.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it is overly broad as notated by its lack of limitation on date. SLS further objects to this Request as it goes beyond the correspondence at issue in the underlying Complaint. Additionally, SLS has not pled a bona fide error defense and Plaintiff's request for all documents related to its compliance with the FDCPA is thus not proportional to the needs of this case. Additionally, this Request is not limited in date as denoted by "irrespective of date" further broadening the scope of the Request beyond the issues presented.**

26.     The complete file, including but not limited to computer information, for all individuals (a) with Illinois addresses, (b) who were sent a letter by or on behalf of defendant SLS (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  In addition to its General Objections, SLS objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome, and not proportional to the needs of this case pursuant to F.R.C.P. 26(b)(1). In addition, SLS objects to this Request on the grounds that it is premature as a class has not been certified and to the extent it calls for**

personal and private information of non-parties. Subject to and without waiving these objections, SLS refers to the Affidavit of Adam Parham.

27.    The complete file, including but not limited to computer information, for all individuals (a) with Illinois addresses, (b) to whom defendant WFI sent a letter (directly or by an agent or attorney) (c) to collect a private student loan (d) more than 10 years after the later of default or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  In addition to its General Objections, SLS objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome, and not proportional to the needs of this case pursuant to F.R.C.P. 26(b)(1). In addition, SLS objects to this Request on the grounds that it is premature as a class has not been certified and to the extent it calls for personal and private information of non-parties. SLS also objects to the extent it seeks the production of information from the co-defendant, WFI.**

28.    Defendant's annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it seeks information that is not proportional to the needs of this case. Additionally, SLS objects to this Request as it is overly broad and not relevant to this matter. Pursuant to the Affidavit of Adam Parham previously provided, the class size for SLS consists of two individuals –a figure grossly lacking in numerosity. As a result, SLS's net worth is not relevant. Further, this Request is overbroad as it request information for a three (3) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net**

worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, **209 F.3d 998 (7th Cir. 2000) would be a balance sheet.**

29.     All credit applications or financial statements defendant issued within the last 3 years.

**RESPONSE:  In addition to its General Objections, SLS objects to this Request as it seeks information that is not proportional to the needs of this case. Additionally, SLS objects to this Request as it is overly broad and not relevant to this matter. Pursuant to the Affidavit of Adam Parham previously provided, the class size for SLS consists of two individuals –a figure grossly lacking in numerosity. As a result, SLS's net worth is not relevant. Further, this Request is overbroad as it request information for a three (3) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet.**

30.     All proposals and bids defendant submitted to governmental agencies which describe defendant's business.

**RESPONSE:  In addition to its General Objections, SLS objects to this Request as "proposals and bids" are not defined rendering this Request vague and ambiguous. Notwithstanding this objection, SLS does not believe it has any responsive documents in its possession, custody, or control.**

31.     All documents setting forth defendant's document destruction and retention policies, including evidence of any litigation hold put in place with respect to this litigation.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control.**

32.     All insurance policies described in Interrogatory No. 18.

**RESPONSE: SLS does not intend to submit this matter to insurance. As a result, SLS objects to this Request as it is overly broad and seeks the production of documents not relevant or not likely to lead to the discovery of admissible evidence.**

33.     Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE: SLS does not intend to submit this matter to insurance. As a result, SLS objects to this Request as it is overly broad and seeks the production of documents not relevant or not likely to lead to the discovery of admissible evidence.**

34.     If you carry no insurance policies, of any kind, respond by stating that you carry no insurance policies.

**RESPONSE:  SLS objects to this Request as it does not seek the production of any documents; rather, it is more properly situated as an Interrogatory or a deposition topic.**

35.     All correspondence between you and any insurer regarding coverage for the claims made in this case, including tenders of claims, letters accepting coverage, letters rejecting coverage, and letters stating that a defense would be provided under a reservation of rights.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control.**

Dated: February 1, 2019

Respectfully submitted,

By:     /s/*Emily J. Fitzgerald*_____
        COUNSEL FOR DEFENDANT
        STUDENT LOAN SOLUTIONS LLC

Joseph P. Kincaid—ARDC No. 6202639
Emily J. Fitzgerald—ARDC No. 6305923
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3400
Chicago, Illinois 60611
jkincaid@smbtrials.com
efitzgerald@smbtrials.com
Office: (312) 321-9100
Fax: (312) 321-0990

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Defendant Student Loan Solutions, LLC's Responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production of Documents was served upon Plaintiff's counsel of record, this 1st day of February, 2019.

[✓]Under penalties as provided by law, the undersigned certifies that the statements set forth in this Certificate of Service are true and correct.

_____/s/*Emily J. Fitzgerald*_____

# **<u>EXHIBIT B</u>**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONYA FACEY, | ) | |
| on behalf of plaintiff and a class, | ) | Civil Action No: 1:18-cv-05086 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STUDENT LOAN SOLUTIONS LLC; and, | ) | |
| WILLIAMS & FUDGE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT WILLIAMS & FUDGE, INC.'S RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO: TONYA FACEY, via counsel of record, Paul Waldera:

Defendant Williams & Fudge, Inc. ("WFI" or "Defendant") responds to Plaintiff's Second Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

### PRELIMINARY STATEMENT

(A)    The following responses are based upon information presently available to WFI that it believes to be correct. Said responses are made without prejudice to WFI's right to utilize subsequently discovered facts.

(B)    No incidental or implied admission of fact by WFI is made by the responses below. The only admissions are expressed admissions. The fact that WFI has answered any interrogatory or produced any document herein may not properly be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence. The fact that WFI has answered part or all of any request for admission, interrogatory or request to produce is not intended to and shall not be construed to be

1

a waiver by Plaintiff of all or part of any objection by WFI to the admissibility of evidence at trial or the relevance of the response.

(C)     The responses to Plaintiff's Second Interrogatories, Request for Production of Documents, and Requests for Admission (hereinafter, "Discovery") may be supplemented by WFI's further investigation and acquisition of information which it does not either possess or recall at this time.  However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(D)     WFI states that, notwithstanding any of the "definitions" or preliminary "instructions" contained within Plaintiff's Discovery, WFI will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(E)     As to any of the "definitions" which precede Plaintiff's Discovery and which seek information or documents which include trial preparation and/or privileged materials or communications, WFI objects.

(F)     The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party, its agents, its representatives and attorneys, unless privileged.

(G)     The word usage and sentencing structure may be that of the attorney assisting in the preparation of the answers and, thus, do not necessarily purport to be the precise language of the existing parties.

(H)     The objections asserted by WFI below are asserted in good faith, based upon counsel's evaluation of WFI's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, WFI, through counsel, offers and stands ready to confer with Plaintiff in an effort to

resolve or narrow, to the greatest extent possible, any dispute between the parties concerning WFI's objections.

(I)     The above-stated preliminary statement is incorporated in each of the responses set forth below.

## WFI'S GENERAL OBJECTIONS TO PLAINTIFF'S SECOND DISCOVERY REQUESTS

WFI objects to the information sought in Plaintiff's second discovery requests on the grounds that they seek disclosure of WFI's confidential and proprietary business information. WFI further objects to this Discovery to the extent that it seeks the disclosure of information which would unduly invade the privacy rights of persons not party to this litigation or to whom WFI has a duty of confidentiality.

WFI objects to this Discovery to the extent it seeks information prepared in anticipation of litigation, protected by the work product doctrine and privilege, attorney-client privilege or which information is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. WFI objects to the release of any information protected by the attorney-client privilege or the attorney work product doctrine. WFI construes this Discovery to exclude documents, information and communications exchanged with counsel in this and other litigation.

WFI objects to this Discovery as many terms utilized are without definition and are capable of numerous interpretations. To the extent this Discovery would have WFI speculate at its detriment as to the definition of said terms, WFI cannot properly respond.

WFI objects to Plaintiff's instruction that Discovery responses are deemed to be continuing. That instruction goes beyond the scope of the Federal Rules of Civil Procedure. WFI will supplement its answers/responses, if required to do so.

Subject to, and without waiving the above and foregoing objections, WFI provides the following responses to Plaintiff's Second Discovery Requests:

## WFI'S RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSION

1.     The Debt identified in Exhibits A-C (attached herein) was in default at the time Defendant was assigned the Debt.

**RESPONSE: WFI denies that it was assigned the Debt. WFI admits the Debt was in default.**

2.     The document attached hereto as Exhibit A was sent to Plaintiff on November 12, 2017.

**RESPONSE: Admit.**

3.     Exhibit A was sent by WFI.

**RESPONSE: Admit.**

4.     Exhibit A was sent on behalf of SLS.

**RESPONSE: Admit.**

5.     Exhibit A is a form letter.

**RESPONSE: WFI objects to this Request for Admission as Plaintiff does not define the phrase "form letter" rendering the Request confusing and ambiguous whereby WFI cannot formulate a response.**

6.     Exhibit A has a form or template designation.

**RESPONSE: WFI objects to this Request for Admission as Plaintiff does not define the phrase "form or template designation" rendering the Request confusing and ambiguous whereby WFI cannot formulate a response.**

7.     Based on Defendant's records, Exhibit A was sent in an attempt to collect a student loan debt incurred for personal family or household purposes and not business purposes.

**RESPONSE: Denied as WFI's records do not indicate the reason for which Plaintiff incurred the outstanding account.**

8.    <u>Exhibit A</u> states: Student Loan Solutions, LLC may request this account(s) be reported to a National Credit Reporting Agency within 60 days from the date of this letter.  Only debts within seven (7) years of the date of delinquency are reported to a National Credit Reporting Agency."

**RESPONSE:  Admit.**

9.    Based on Defendants records, as of November 12, 2017, more than 7 years had elapsed since the Debt described in <u>Exhibit A</u> had been charged off.

**RESPONSE:  Admit.**

10.    Based on Defendants records, at the time <u>Exhibit A</u> was sent, the credit reporting period with respect to Plaintiff's debts had expired and the Debt could no longer be legally reported to a credit reporting agency.

**RESPONSE:  Admit.**

11.    Defendant uses credit reporting to collect debts from consumers.

**RESPONSE:  Denied.**

12.    Based on Defendant's records, the Debt at issue in <u>Exhibits A-C</u> (attached hereto) went into default more than 10 years prior to the dates of the letters in <u>Exhibits A-C</u>.

**RESPONSE:  Denied.**

13.    <u>Exhibit B</u> does not disclose that the statute of limitations has expired on the Debt.

**RESPONSE:  WFI admits that Exhibit B does not disclose that the statute of limitations has expired on the Debt.  WFI denies that the statute of limitations had expired on the Debt at the time Exhibit B was sent.**

14.    The document attached hereto as <u>Exhibit C</u> was sent to Plaintiff on May 2, 2018.

**RESPONSE: Admit.**

15.    <u>Exhibit C</u> was sent by WFI.

**RESPONSE: Admit.**

16.    <u>Exhibit C</u> was on behalf of SLS.

**RESPONSE: Admit.**

17.    <u>Exhibit C</u> is a form letter.

**RESPONSE:  WFI objects to this Request for Admission as Plaintiff does not define the phrase "form letter" rendering the Request confusing and ambiguous whereby WFI cannot formulate a response.**

18.    <u>Exhibit C</u> has a form or template designation.

**RESPONSE:  WFI objects to this Request for Admission as Plaintiff does not define the phrase "form or template designation" rendering the Request confusing and ambiguous whereby WFI cannot formulate a response.**

19.    Based on Defendant's records, <u>Exhibit C</u> was sent in an attempt to collect a student loan debt incurred for personal family or household purposes and not business purposes.

**RESPONSE: Denied as WFI's records do not indicate the reason for which Plaintiff incurred the outstanding account.**

20.    Defendant was acting as a "debt collector" as defined by the FDCPA with respect to the attempted collection of Plaintiff's Debt at issue in this litigation.

**RESPONSE: Admit.**

21.    Based on Defendant's records, Plaintiff herself, did not make any payments on the Debt at issue in this litigation since the Debt became due and owing.

**RESPONSE: Denied. Defendant's records reflect a payment was made on the debt and WFI denies Plaintiff was unaware of the payment.**

22.    At no time between November 12, 2017 and July 25, 2018 did Defendant inform Plaintiff that her debt was beyond the statute of limitations.

**RESPONSE: Admitted WFI did not inform Plaintiff that her debt was beyond the statute of limitations but denied that Plaintiff's debt is or was beyond the statute of limitations.**

23.    At no time between November 12, 2017 and July 25, 2018 did Defendant inform Plaintiff that Defendant could not legally sue Plaintiff to enforce the Debt.

**RESPONSE: WFI objects to this Request for Admission on the grounds that it is vague and confusing such that WFI cannot reasonably respond. More specifically, the statute of limitations is an affirmative defense that does not prevent a creditor from suing a debtor but instead, if applicable and timely raised, would only prevent a creditor from recovering in the lawsuit. Subject to and without waiving this objection or WFI's general objections, WFI admits that it did not inform Plaintiff that her debt was beyond the statute of limitations but denies that Plaintiff's debt is or was beyond the statute of limitations.**

24.    At no time between November 12, 2017 and July 25, 2018 did Defendant inform Plaintiff that the Debt could no longer be reported to a credit reporting agency.

**RESPONSE: Denied.**

25.    At no time between November 12, 2017 and July 25, 2018 did Defendant inform Plaintiff that the Debt was no longer being reported to a credit reporting agency.

**RESPONSE: Denied**

26.    Exhibit C quotes an amount due of $88,179.04.

**RESPONSE: Admit.**

27.    Exhibit C does not disclose that the statute of limitations has run on the Debt.

**RESPONSE: WFI admits Exhibit C does not disclose that the statute of limitations has run on the Debt but denies that Plaintiff's debt is or was beyond the statute of limitations.**

28.    Defendant regularly attempts to collect defaulted student loans.

**RESPONSE:  Admit.**

29.    There are more than 40 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Admit.**

30.    There are more than 100 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  Admit.**

31.    There are more than 1000 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  Denied.**

32.     There are more than 40 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Admit.**

33.     There are more than 100 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Admit.**

34.     There are more than 1,000 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Denied.**

### WFI'S RESPONSES TO PLAINTIFF'S SECOND INTERROGATORIES

1.     State the name, address, title and job description of each member or employee of each defendant who is involved in (a) drafting letters in the form of Exhibit A, (b) printing letters in the form of Exhibit A, (c) approving letters in the form of Exhibit A, or (d) sending letters in the form of Exhibit A.

**RESPONSE: WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

2.      Identify the form or template designation of the letters attached hereto as <u>Exhibits A-C</u>.

**RESPONSE: WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

3.      Describe in detail any policies and procedures maintained by Defendants for calculating how long a debt can legally be reported to a credit reporting agency.

**RESPONSE: WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

4.      Describe the procedures followed in the preparation and mailing of letters in the form of Exhibits A-C to debtors.

**RESPONSE: WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

5.      State whether or not Defendant has a mechanism for keeping track of (1) the date of last payment, (2) the date of first delinquency, (3) the date of charge-off and (4) the date when a debt can no longer be legally reported to a credit reporting agency. If so, please describe the mechanism or procedure used.

**RESPONSE: WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

6.      State whether Defendants has a method for calculating when a debt can no longer be legally reported to a credit reporting agency and if so, describe (1) the method and calculations

used by Defendant and (2) any changes that Defendant has made to its method and calculation, from January 1, 2017 to the present.

**RESPONSE: WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

7.      Describe, with specificity (including a description of the document reviewed, the source of the information, and the date the document was received), all documents reviewed and relied upon in determining to which debtors to send Exhibit A.

**RESPONSE:  WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

8.      State whether Defendant has a policy and/or procedure for informing debtors that a debt is beyond the statute of limitations and if so, describe the policy and/or procedure currently in place and those in place at the time Exhibits A-C were sent.

**RESPONSE:  WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

9.      State whether Defendant has a policy and/or procedure for determining when its collection letters may or may not reference reporting a debt to a credit reporting agency, and if so, describe the policy and/or procedure currently in place and those in place at the time Exhibits A-C were sent.

**RESPONSE:  WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

10.      Describe in detail Defendant's policies and/or procedures for reporting a debt to a credit reporting agency, and specifically (a) the current policies and/or procedures used by Defendant, (b) the policies and/or procedures in place at the time Exhibits A-C were sent to

Plaintiff, (c) any changes made in Defendant's policies and/or procedures in reporting a debt to a credit reporting agency between November 1, 2017 and the present.

**RESPONSE: WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

11. State each instance that Defendant reported the Debt to a credit reporting agency and how it was reported in each instance (i.e. any changes reported as to the status of the Debt).

**RESPONSE: WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

12. State each variation in language used by Defendant in its collection letters to inform a debtor that the debt at issue in the letter (a) can be reported to a credit reporting agency, (b) will be reported to a credit reporting agency, (c) has already been reported to a credit reporting agency, and/or (d) will not be reported to a credit reporting agency.

**RESPONSE: WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

13. State whether information regarding your accounts is retrievable by computer and, if so, each field by which data is searchable or retrievable and whether your computers can determine (a) the names of debtors sent, or caused to be sent letters in an attempt to collect a debt (b) the date of first delinquency of a debt (c) the date of charge-off of a debt (d) the date a letter was sent to a debtor (e) whether a letter referenced reporting a debt to a credit reporting agency (f) whether a collection letter included the language "may request this account(s) be reported to a National Credit Reporting Agency."

**RESPONSE: WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

14.     Identify what procedures are maintained and how they are adapted to avoid the matters complained of in Count II of Plaintiff's First Amended Complaint.

**RESPONSE:  WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

15.     State the number of, and name and address for, each of the individuals (a) with addresses in Illinois, Indiana, or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

16.     State the (1) total amount of money, broken down by payments received within 15, 30, 45 and 60 days of the letter described herein, collected from individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018; and (2) the face value (or total amount owed) for the debts described herein according to Defendant's records.

**RESPONSE:  WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

17.     State the number of, and name and address for, each of the individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

18.     State the (1) total amount of money, broken down by payments received within 15, 30, 45 and 60 days of the letter described herein, and collected from individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after the charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018; and (2) the face value (or total amount owed) for the debts described herein according to Defendant's records.

**RESPONSE: WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

19.     If you contend that any of the persons who are described in the preceding Interrogatories No. 15 through 18 incurred the debts sought to be collected for business purposes, identify the persons and state the facts upon which you base your contention.

**RESPONSE:  WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

20.     If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis of your denial.

**RESPONSE:  WFI objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

## WFI'S RESPONSES TO SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents which support defendant's claim that any violation alleged in count IV of the First Amended Complaint was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**RESPONSE:  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the documents produced herewith.**

2.     All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to ensuring compliance with the FDCPA and specifically language to be used in its collection letters related to credit reporting practices.

**RESPONSE:  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the documents produced herewith.**

3.     All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's compliance with the FDCPA and Defendant's credit reporting policies.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad and unduly burdensome, and seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence. Additionally, WFI objects to this Request as it is not narrowly tailored to the allegations in the Complaint.  WFI further**

**objects to this Request to the extent it seeks documentation subject to attorney-client privilege and/or the work product doctrine.**

4.      All documents (irrespective of date) that discuss or relate to the defendant's compliance or lack of compliance with the FDCPA and statements made about Defendant's credit reporting policy and procedures.

**RESPONSE:  In addition to its General Objections, WFI objects to this Request as it is overly broad and unduly burdensome, and seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence. Additionally, WFI objects to this Request as it is not narrowly tailored to the allegations in the Complaint.  WFI further objects to this Request to the extent it seeks documentation subject to attorney-client privilege and/or the work product doctrine.**

5.      All forms or templates for letters that any Defendant sent out to debtors with Illinois, Indiana, or Wisconsin addresses where the Defendant sought to collect debts where the charge-off date was more than seven years before the date of the letter, beginning January 1, 2017 to present.

**RESPONSE:  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the documents produced herewith.**

6.      All documents relating to Defendant's policy and procedure for calculating the credit reporting period for a debt.

**RESPONSE:  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the documents produced herewith.**

7. All documents related to any decision to make any changes to letters in the form of Exhibits A-C and/or any letters that reference credit reporting where the debt at issue has been charged-off more than 7 years prior to the date of the letter.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it seeks the production of information that is not relevant or likely to lead to the discovery of admissible evidence. Additionally, WFI objects to this Request as it is not narrowly tailored to the allegations in the Complaint. WFI further objects to this Request to the extent it seeks documentation subject to attorney-client privilege and/or the work product doctrine.**

8. All documents relating to the maintenance by defendant of procedures adapted to avoid violations of the FDCPA resulting from the failure to comply with 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), or related violations of the Fair Debt Collection Practices Act and ensure that proper disclosures are included in Defendant's letters sent to consumers in an attempt to collect a debt.

**RESPONSE: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the documents produced herewith.**

9. The complete file, including but not limited to computer information, for all individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: In addition to its General Objections, WFI objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. Plaintiff has not filed**

**a Motion for Class Certification nor has this Court certified any class relevant to this lawsuit. Subject to and without waiving these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, SLS refers Plaintiff to the Affidavit of Adam Parham previously provided for the relevant information.**

10.     The complete file, including but not limited to computer information, for all individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:   In addition to its General Objections, WFI objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. Plaintiff has not filed a Motion for Class Certification nor has this Court certified any class relevant to this lawsuit. Subject to and without waiving these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the Affidavit of Adam Parham previously provided for the relevant information.**

11.     If you contend that any of the persons who are described in the preceding requests (Nos. 9-10) incurred the debts sought to be collected for business purposes, identify the persons and produce all documents you contend support that argument.

**RESPONSE:   WFI has no responsive documents in its possession, custody or control.**

[SIGNATURE PAGE FOLLOWS]

Dated: June 26, 2019

Respectfully submitted,

WILLIAMS & FUDGE, INC.

By:     /s/ Jacob Bach
        One of its Attorneys


Robbie Malone
Email: rmalone@mamlaw.com
Eugene Xerxes Martin, IV
Email: xmartin@mamlaw.com
Jacob Michael Bach
Email: jbach@mamlaw.com
**Malone Frost Martin PLLC**
8750 North Central Expressway
Northpark Central, Suite 1850
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

Patrick A. Watts
Email: pwatts@mamlaw.com
**Malone Frost Martin PLLC**
150 S. Wacker, Ste. 2400
Chicago, Illinois 60606
T: 312-741-0990 | F: 214-346-2631

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **TONYA FACEY,** | ) | |
| **on behalf of plaintiff and a class,** | ) | **Civil Action No: 1:18-cv-05086** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUDENT LOAN SOLUTIONS LLC; and,** | ) | |
| **WILLIAMS & FUDGE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant **Williams & Fudge, Inc's Responses to Plaintiff's Second Requests for Admission, Interrogatories, and Requests for Production of Documents** was served upon Plaintiff via counsel of record on the 26th day of June, 2019 by electronic mail addressed as:

Paul Waldera
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603
pwaldera@edcombs.com


By:    /s/ Jacob Bach
       One of its Attorneys

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TONYA FACEY,** | ) | |
| **on behalf of plaintiff and a class,** | ) | **Civil Action No: 1:18-cv-05086** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUDENT LOAN SOLUTIONS LLC; and,** | ) | |
| **WILLIAMS & FUDGE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT STUDENT LOAN SOLUTIONS LLC'S RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO: TONYA FACEY, via counsel of record, Paul Waldera:

Defendant Student Loan Solutions, LLC ("SLS" or "Defendant") responds to Plaintiff's Second Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

### PRELIMINARY STATEMENT

(A)    The following responses are based upon information presently available to SLS that it believes to be correct. Said responses are made without prejudice to SLS's right to utilize subsequently discovered facts.

(B)    No incidental or implied admission of fact by SLS is made by the responses below. The only admissions are expressed admissions. The fact that SLS has answered any interrogatory or produced any document herein may not properly be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence. The fact that SLS has answered part or all of any request for

1

admission, interrogatory or request to produce is not intended to and shall not be construed to be a waiver by Plaintiff of all or part of any objection by SLS to the admissibility of evidence at trial or the relevance of the response.

(C)     The responses to Plaintiff's Second Interrogatories, Request for Production of Documents, and Requests for Admission (hereinafter, "Discovery") may be supplemented by SLS's further investigation and acquisition of information which it does not either possess or recall at this time.  However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(D)     SLS states that, notwithstanding any of the "definitions" or preliminary "instructions" contained within Plaintiff's Discovery, SLS will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(E)     As to any of the "definitions" which precede Plaintiff's Discovery and which seek information or documents which include trial preparation and/or privileged materials or communications, SLS objects.

(F)     The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party, its agents, its representatives and attorneys, unless privileged.

(G)     The word usage and sentencing structure may be that of the attorney assisting in the preparation of the answers and, thus, do not necessarily purport to be the precise language of the existing parties.

(H)     The objections asserted by SLS below are asserted in good faith, based upon counsel's evaluation of SLS's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, SLS, through counsel, offers and stands ready to confer with Plaintiff in an effort to

resolve or narrow, to the greatest extent possible, any dispute between the parties concerning SLS's objections.

(I)     The above-stated preliminary statement is incorporated in each of the responses set forth below.

## SLS'S GENERAL OBJECTIONS TO PLAINTIFF'S SECOND DISCOVERY REQUESTS

SLS objects to the information sought in Plaintiff's second discovery requests on the grounds that they seek disclosure of SLS's confidential and proprietary business information. SLS further objects to this Discovery to the extent that it seeks the disclosure of information which would unduly invade the privacy rights of persons not party to this litigation or to whom SLS has a duty of confidentiality.

SLS objects to this Discovery to the extent it seeks information prepared in anticipation of litigation, protected by the work product doctrine and privilege, attorney-client privilege or which information is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. SLS objects to the release of any information protected by the attorney-client privilege or the attorney work product doctrine. SLS construes this Discovery to exclude documents, information and communications exchanged with counsel in this and other litigation.

SLS objects to this Discovery as many terms utilized are without definition and are capable of numerous interpretations. To the extent this Discovery would have SLS speculate at its detriment as to the definition of said terms, SLS cannot properly respond.

SLS objects to Plaintiff's instruction that Discovery responses are deemed to be continuing. That instruction goes beyond the scope of the Federal Rules of Civil Procedure. SLS will supplement its answers/responses, if required to do so.

3

Subject to, and without waiving the above and foregoing objections, SLS provides the following responses to Plaintiff's Second Discovery Requests:

### SLS' RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSION

1. The Debt identified in <u>Exhibits A-C</u> (attached herein) was in default at the time Defendant was assigned the Debt.

**RESPONSE:  Admit.**

2. The document attached hereto as <u>Exhibit A</u> was sent to Plaintiff on November 12, 2017.

**RESPONSE:  As this Request is directed to Williams & Fudge, Inc. (hereinafter "WFI"), SLS refers Plaintiff to WFI's response to this Request.**

3. <u>Exhibit A</u> was sent by WFI.

**RESPONSE:  As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request.**

4. <u>Exhibit A</u> was sent on behalf of SLS.

**RESPONSE:  Admit.**

5. <u>Exhibit A</u> is a form letter.

**RESPONSE:  SLS objects to this Request for Admission as Plaintiff does not define the phrase "form letter" rendering the Request confusing and ambiguous whereby SLS cannot formulate a response.**

6. <u>Exhibit A</u> has a form or template designation.

**RESPONSE: SLS objects to this Request for Admission as Plaintiff does not define the phrase "form or template designation" rendering the Request confusing and ambiguous whereby SLS cannot formulate a response.**

7.    Based on Defendant's records, <u>Exhibit A</u> was sent in an attempt to collect a student loan debt incurred for personal family or household purposes and not business purposes.

**RESPONSE:  Denied as SLS's records do not indicate the reason for which Plaintiff incurred the outstanding account.**

8.    <u>Exhibit A</u> states: Student Loan Solutions, LLC may request this account(s) be reported to a National Credit Reporting Agency within 60 days from the date of this letter.  Only debts within seven (7) years of the date of delinquency are reported to a National Credit Reporting Agency."

**RESPONSE:  Admit.**

9.    Based on Defendants records, as of November 12, 2017, more than 7 years had elapsed since the Debt described in <u>Exhibit A</u> had been charged off.

**RESPONSE:  Admit.**

10.    Based on Defendants records, at the time <u>Exhibit A</u> was sent, the credit reporting period with respect to Plaintiff's debts had expired and the Debt could no longer be legally reported to a credit reporting agency.

**RESPONSE:  Admit.**

11.    Defendant uses credit reporting to collect debts from consumers.

**RESPONSE:  Denied.**

12.    Based on Defendant's records, the Debt at issue in <u>Exhibits A-C</u> (attached hereto) went into default more than 10 years prior to the dates of the letters in <u>Exhibits A-C</u>.

**RESPONSE:  Denied.**

13.    <u>Exhibit B</u> does not disclose that the statute of limitations has expired on the Debt.

5

**RESPONSE:  SLS admits that Exhibit B does not disclose that the statute of limitations has expired on the Debt.  SLS denies that the statute of limitations had expired on the Debt at the time Exhibit B was sent.**

14.     The document attached hereto as <u>Exhibit C</u> was sent to Plaintiff on May 2, 2018.

**RESPONSE:  As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request.**

15.     <u>Exhibit C</u> was sent by WFI.

**RESPONSE:  As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request.**

16.     <u>Exhibit C</u> was on behalf of SLS.

**RESPONSE:  Admit.**

17.     <u>Exhibit C</u> is a form letter.

**RESPONSE:  SLS objects to this Request for Admission as Plaintiff does not define the phrase "form letter" rendering the Request confusing and ambiguous whereby SLS cannot formulate a response.  SLS further objects to this Request for Admission on the grounds that it seeks information not within SLS's custody or control.  Subject to and without waiving these objections or SLS's general objections, denied because SLS did not draft the letter or send the letter.**

18.     <u>Exhibit C</u> has a form or template designation.

**RESPONSE:  SLS objects to this Request for Admission as Plaintiff does not define the phrase "form or template designation" rendering the Request confusing and ambiguous whereby SLS cannot formulate a response SLS further objects to this Request for Admission on the grounds that it seeks information not within SLS's custody or control.  Subject to and**

6

**without waiving these objections or SLS's general objections, denied because SLS did not draft the letter or send the letter.**

19.     Based on Defendant's records, <u>Exhibit C</u> was sent in an attempt to collect a student loan debt incurred for personal family or household purposes and not business purposes.

**RESPONSE: Denied as SLS's records do not indicate the reason for which Plaintiff incurred the outstanding account.**

20.     Defendant was acting as a "debt collector" as defined by the FDCPA with respect to the attempted collection of Plaintiff's Debt at issue in this litigation.

**RESPONSE:  Denied.**

21.     Based on Defendant's records, Plaintiff herself, did not make any payments on the Debt at issue in this litigation since the Debt became due and owing.

**RESPONSE:  Denied. Defendant's records reflect a payment was made on the debt and SLS denies Plaintiff was unaware of the payment.**

22.     At no time between November 12, 2017 and July 25, 2018 did Defendant inform Plaintiff that her debt was beyond the statute of limitations.

**RESPONSE:  Admitted SLS did not inform Plaintiff that her debt was beyond the statute of limitations but denied that Plaintiff's debt is or was beyond the statute of limitations.**

23.     At no time between November 12, 2017 and July 25, 2018 did Defendant inform Plaintiff that Defendant could not legally sue Plaintiff to enforce the Debt.

**RESPONSE:  SLS objects to this Request for Admission on the grounds that it is vague and confusing such that SLS cannot reasonably respond.  More specifically, the statute of limitations is an affirmative defense that does not prevent a creditor from suing a debtor but instead, if applicable and timely raised, would only prevent a creditor from recovering**

**in the lawsuit. Subject to and without waiving this objection or SLS's general objections, SLS admits that it did not inform Plaintiff that her debt was beyond the statute of limitations but denies that Plaintiff's debt is or was beyond the statute of limitations.**

24. At no time between November 12, 2017 and July 25, 2018 did Defendant inform Plaintiff that the Debt could no longer be reported to a credit reporting agency.

**RESPONSE: Denied.**

25. At no time between November 12, 2017 and July 25, 2018 did Defendant inform Plaintiff that the Debt was no longer being reported to a credit reporting agency.

**RESPONSE: Denied.**

26. Exhibit C quotes an amount due of $88,179.04.

**RESPONSE: Admit.**

27. Exhibit C does not disclose that the statute of limitations has run on the Debt.

**RESPONSE: SLS admits Exhibit C does not disclose that the statute of limitations has run on the Debt but denies that Plaintiff's debt is or was beyond the statute of limitations.**

28. Defendant regularly attempts to collect defaulted student loans.

**RESPONSE: Admit.**

29. There are more than 40 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Admit.**

30.     There are more than 100 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Admit.**

31.     There are more than 1000 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: Denied.**

32.     There are more than 40 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:   SLS admits only that there are more than 40 individuals to whom WFI sent a letter on behalf of SLS.  Otherwise denied as SLS cannot speak to letters sent by WFI on behalf of other creditors.**

33.     There are more than 100 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's

records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: SLS admits only that there are more than 100 individuals to whom WFI sent a letter on behalf of SLS. Otherwise denied as SLS cannot speak to letters sent by WFI on behalf of other creditors.**

34.     There are more than 1,000 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: SLS denies this Request for Admission as to letters WFI sent on behalf of SLS. SLS otherwise denies this Request for Admission as SLS cannot speak to letters sent by WFI on behalf of other creditors.**

## SLS' RESPONSES TO PLAINTIFF'S SECOND INTERROGATORIES

1.     State the name, address, title and job description of each member or employee of each defendant who is involved in (a) drafting letters in the form of <u>Exhibit A</u>, (b) printing letters in the form of <u>Exhibit A</u>, (c) approving letters in the form of <u>Exhibit A</u>, or (d) sending letters in the form of <u>Exhibit A</u>.

**RESPONSE: SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

2.     Identify the form or template designation of the letters attached hereto as <u>Exhibits A-C</u>.

**RESPONSE: SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

3.     Describe in detail any policies and procedures maintained by Defendants for calculating how long a debt can legally be reported to a credit reporting agency.

**RESPONSE: SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

4.     Describe the procedures followed in the preparation and mailing of letters in the form of Exhibits A-C to debtors.

**RESPONSE: SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

5.     State whether or not Defendant has a mechanism for keeping track of (1) the date of last payment, (2) the date of first delinquency, (3) the date of charge-off and (4) the date when a debt can no longer be legally reported to a credit reporting agency. If so, please describe the mechanism or procedure used.

**RESPONSE: SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

6.     State whether Defendants has a method for calculating when a debt can no longer be legally reported to a credit reporting agency and if so, describe (1) the method and calculations used by Defendant and (2) any changes that Defendant has made to its method and calculation, from January 1, 2017 to the present.

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

7.      Describe, with specificity (including a description of the document reviewed, the source of the information, and the date the document was received), all documents reviewed and relied upon in determining to which debtors to send Exhibit A.

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

8.      State whether Defendant has a policy and/or procedure for informing debtors that a debt is beyond the statute of limitations and if so, describe the policy and/or procedure currently in place and those in place at the time Exhibits A-C were sent.

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

9.      State whether Defendant has a policy and/or procedure for determining when its collection letters may or may not reference reporting a debt to a credit reporting agency, and if so, describe the policy and/or procedure currently in place and those in place at the time Exhibits A-C were sent.

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

10.      Describe in detail Defendant's policies and/or procedures for reporting a debt to a credit reporting agency, and specifically (a) the current policies and/or procedures used by Defendant, (b) the policies and/or procedures in place at the time Exhibits A-C were sent to Plaintiff, (c) any changes made in Defendant's policies and/or procedures in reporting a debt to a credit reporting agency between November 1, 2017 and the present.

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

11.     State each instance that Defendant reported the Debt to a credit reporting agency and how it was reported in each instance (i.e. any changes reported as to the status of the Debt).

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

12.     State each variation in language used by Defendant in its collection letters to inform a debtor that the debt at issue in the letter (a) can be reported to a credit reporting agency, (b) will be reported to a credit reporting agency, (c) has already been reported to a credit reporting agency, and/or (d) will not be reported to a credit reporting agency.

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

13.     State whether information regarding your accounts is retrievable by computer and, if so, each field by which data is searchable or retrievable and whether your computers can determine (a) the names of debtors sent, or caused to be sent letters in an attempt to collect a debt (b) the date of first delinquency of a debt (c) the date of charge-off of a debt (d) the date a letter was sent to a debtor (e) whether a letter referenced reporting a debt to a credit reporting agency (f) whether a collection letter included the language "may request this account(s) be reported to a National Credit Reporting Agency."

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

14.     Identify what procedures are maintained and how they are adapted to avoid the matters complained of in Count II of Plaintiff's First Amended Complaint.

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

15.     State the number of, and name and address for, each of the individuals (a) with addresses in Illinois, Indiana, or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

16.     State the (1) total amount of money, broken down by payments received within 15, 30, 45 and 60 days of the letter described herein, collected from individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018; and (2) the face value (or total amount owed) for the debts described herein according to Defendant's records.

**RESPONSE:  SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

17.     State the number of, and name and address for, each of the individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records € which letter references reporting the debt to a credit

reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

18.     State the (1) total amount of money, broken down by payments received within 15, 30, 45 and 60 days of the letter described herein, and collected from individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after the charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018; and (2) the face value (or total amount owed) for the debts described herein according to Defendant's records.

**RESPONSE: SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

19.     If you contend that any of the persons who are described in the preceding Interrogatories No. 15 through 18 incurred the debts sought to be collected for business purposes, identify the persons and state the facts upon which you base your contention.

**RESPONSE: SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

20.     If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis of your denial.

**RESPONSE: SLS objects to this Interrogatory as it exceeds the number allowed pursuant to Fed. R. Civ. P. 33(a)(1).**

**SLS'S RESPONSES TO SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      All documents which support defendant's claim that any violation alleged in count IV of the First Amended Complaint was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**RESPONSE:  SLS has no responsive documents to produce in its possession, custody, or control as SLS did not service the account at issue.**

2.      All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to ensuring compliance with the FDCPA and specifically language to be used in its collection letters related to credit reporting practices.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue.  SLS does not conduct collection activities.**

3.      All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's compliance with the FDCPA and Defendant's credit reporting policies.

**RESPONSE: SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue. SLS does not conduct collection activities.**

4.      All documents (irrespective of date) that discuss or relate to the defendant's compliance or lack of compliance with the FDCPA and statements made about Defendant's credit reporting policy and procedures.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue.  SLS does not conduct collection activities.**

5.      All forms or templates for letters that any Defendant sent out to debtors with Illinois, Indiana, or Wisconsin addresses where the Defendant sought to collect debts where the

charge-off date was more than seven years before the date of the letter, beginning January 1, 2017 to present.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue.  SLS does not conduct collection activities.**

6.     All documents relating to Defendant's policy and procedure for calculating the credit reporting period for a debt.

**RESPONSE:   SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue.  SLS does not conduct collection activities.**

7.     All documents related to any decision to make any changes to letters in the form of Exhibits A-C and/or any letters that reference credit reporting where the debt at issue has been charged-off more than 7 years prior to the date of the letter.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue.  SLS does not conduct collection activities.**

8.     All documents relating to the maintenance by defendant of procedures adapted to avoid violations of the FDCPA resulting from the failure to comply with 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), or related violations of the Fair Debt Collection Practices Act and ensure that proper disclosures are included in Defendant's letters sent to consumers in an attempt to collect a debt.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue.  SLS does not conduct collection activities.**

9.     The complete file, including but not limited to computer information, for all individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years

after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue.  SLS does not conduct collection activities.**

10.     The complete file, including but not limited to computer information, for all individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue.  SLS does not conduct collection activities.**

11.     If you contend that any of the persons who are described in the preceding requests (Nos. 9-10) incurred the debts sought to be collected for business purposes, identify the persons and produce all documents you contend support that argument.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control to produce.**

[SIGNATURE PAGE FOLLOWS]

Dated: June 26, 2019

                                       Respectfully submitted,

                                        STUDENT LOAN SOLUTIONS LLC

                    By:    /s/ Jacob Bach
                                    Jacob Bach
                                    One of its Attorneys

Robbie Malone
Email: rmalone@mamlaw.com
Eugene Xerxes Martin, IV
Email: xmartin@mamlaw.com
Jacob Michael Bach
Email: jbach@mamlaw.com
**Malone Frost Martin PLLC**
8750 North Central Expressway
Northpark Central, Suite 1850
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

Patrick A. Watts
Email: pwatts@mamlaw.com
**Malone Frost Martin PLLC**
150 S. Wacker, Ste. 2400
Chicago, Illinois 60606
T: 312-741-0990 | F: 214-346-2631

19

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TONYA FACEY, | ) | |
| on behalf of plaintiff and a class, | ) | Civil Action No: 1:18-cv-05086 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STUDENT LOAN SOLUTIONS LLC; and, | ) | |
| WILLIAMS & FUDGE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant **Student Loan Solutions LLC's Responses to Plaintiff's Second Requests for Admission, Interrogatories, and Requests for Production of Documents** was served upon Plaintiff via counsel of record on the 26th day of June, 2019 by electronic mail addressed as:

Paul Waldera
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603
pwaldera@edcombs.com

By:     /s/ Jacob Bach
Jacob Bach
One of its Attorneys

20

# **EXHIBIT C**

| Filters Used: | # Email Report | Date Printed: **9/09/2019** |
|---|---|---|
| **1 Tagged   Record** | Form Format | Time Printed: **2:57PM** |
| | | Printed By: **RCWELSH** |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | **2/01/2019** | Time | **4:31PM** | **4:31PM** | Duration | **0.00** (hours) | Code |
| Subject | **RE: Facey - Defendants' Discovery Responses - R 37** | | | | | Staff | **Cassandra P Miller** |
| Client | **Tonya Facey** | | CaseRef | **WILLIAMS & FUDGE, INC. V. FACEY,** | | CaseNo | **35201** |
| From | cmiller@edcombs.com | | | | | | |
| To | efitzgerald@smbtrials.com; pwaldera@edcombs.com; ccombs@edcombs.com; dedelman@edcombs.com; | | | | | | |
| CC To | **Jkincaid@smbtrials.com** | | | | | | |
| BCC To | | | | | | | |
| Reminders | | (days before) Follow | **N** | Done | **N** Notify | **N** Hide | **N** Trigger **N** Private **N** Status |
| Exp Subj | | | | User3 | | | |
| User2 | | | | User4 | | | |

**Emily- A number of the documents produced are largely redacted. A protective order has been entered in the case and most of the redactions appear in our client's account notes. Please supplement with an unredacted copy of the documents produced.**
**Thank you,**
**Cassandra**


**Cassandra P. Miller**
**Edelman, Combs, Latturner & Goodwin, LLC**
**20 S. Clark Street, Suite 1500**
**Chicago, IL 60603**
**(312) 739-4200**
**(312) 419-0379 (Fax)**


**From: Emily Fitzgerald <efitzgerald@smbtrials.com>**
**Sent: Friday, February 01, 2019 3:17 PM**
**To: Paul M. Waldera <pwaldera@edcombs.com>; Cassandra Miller**
**<cmiller@edcombs.com>; Cathleen Combs <ccombs@edcombs.com>; Dan Edelman**
**<dedelman@edcombs.com>;**
**CourtECL <courtecl@edcombs.com>**
**Cc: Joe Kincaid <Jkincaid@smbtrials.com>**
**Subject: Facey - Defendants' Discovery Responses**

**Counsel,**

**Defendants' responses to discovery are attached.**

**Emily J. Fitzgerald**
**Swanson, Martin & Bell, LLP**
**330 N. Wabash, Suite 3300**
**Chicago, Illinois 60611**
**Phone: (312) 222-8532**
**Fax: (312) 321-0990**

# **<u>EXHIBIT D</u>**

| Filters Used: | # Email Report | | |
|---|---|---|---|
| 1 Tagged Record | | Date Printed: **9/09/2019** | |
| | Form Format | Time Printed: **3:00PM** | |
| | | Printed By: **RCWELSH** | |

| Date | **2/04/2019** | Time | **4:14PM** | **4:14PM** | Duration | **0.00** | (hours) | Code | |
|---|---|---|---|---|---|---|---|---|---|
| Subject | **RE: Facey - Defendants' Discovery Responses** | | | | | | Staff | **Paul M Waldera** | |
| Client | **Tonya Facey** | | CaseRef | **WILLIAMS & FUDGE, INC. V. FACEY,** | | CaseNo | **35201** | | |
| From | **pwaldera@edcombs.com** | | | | | | | | |
| To | **efitzgerald@smbtrials.com** | | | | | | | | |
| CC To | **cmiller@edcombs.com** | | | | | | | | |
| BCC To | | | | | | | | | |
| Reminders | | (days before) Follow | **N** | Done | **N** | Notify | **N** | Hide | **N** Trigger **N** Private **N** Status |
| Exp Subj | | | | | User3 | | | | |
| User2 | | | | | User4 | | | | |

Hi Emily,

We are going over Defendants responses to our discovery requests and I wanted
to know when you had time this week to hold a Rule 37 Conference to go over some
initial issues we have with Defendants discovery responses. Please let me know when
this week works for you.


Thanks,
Paul


Paul M. Waldera
Associate Attorney
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (Fax)


From: Emily Fitzgerald <efitzgerald@smbtrials.com>
Sent: Friday, February 1, 2019 3:17 PM
To: Paul M. Waldera <pwaldera@edcombs.com>; Cassandra Miller
<cmiller@edcombs.com>; Cathleen Combs <ccombs@edcombs.com>; Dan Edelman
<dedelman@edcombs.com>;
CourtECL <courtecl@edcombs.com>
Cc: Joe Kincaid <Jkincaid@smbtrials.com>
Subject: Facey - Defendants' Discovery Responses

Counsel,

Defendants' responses to discovery are attached.

Emily J. Fitzgerald
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
Phone: (312) 222-8532

# Email Report

Form Format

**Fax: (312) 321-0990**

# **EXHIBIT E**

| Filters Used: | | |
|---|---|---|
| 1 Tagged   Record | | |

# Email Report

## Form Format

Date Printed: **9/09/2019**
Time Printed: **3:07PM**
Printed By: **RCWELSH**

---

| Date | **4/26/2019** | Time | **1:14PM** | **1:14PM** | Duration | **0.00** | (hours) | Code | |
|---|---|---|---|---|---|---|---|---|---|

Subject  **RE: 35201 Facey v WFI and SLS Class size information**                    Staff   **Paul M Waldera**
Client   **Tonya Facey**                              CaseRef   **WILLIAMS & FUDGE, INC. V. FACEY**, CaseNo   **35201**
From   efitzgerald@smbtrials.com
To   pwaldera@edcombs.com; Jkincaid@smbtrials.com
CC To   cmiller@edcombs.com
BCC To
Reminders                   (days before) Follow   **N**   Done   **N**   Notify   **N**   Hide   **N**   Trigger   **N**   Private   **N**   Status

Exp Subj                                        User3
User2                                           User4

**Hi Paul,**

**We have this request out to our client, but just don't have an answer yet. As
soon as we do, I will send the class size information along.**

**Emily J. Fitzgerald**
**Swanson, Martin & Bell, LLP**
**330 N. Wabash, Suite 3300**
**Chicago, Illinois 60611**
**Phone: (312) 222-8532**
**Fax: (312) 321-0990**

**From: Paul M. Waldera <pwaldera@edcombs.com>**
**Sent: Friday, April 26, 2019 1:11 PM**
**To: Joe Kincaid <Jkincaid@smbtrials.com>; Emily Fitzgerald <efitzgerald@smbtrials.com>**
**Cc: Cassandra Miller <cmiller@edcombs.com>**
**Subject: 35201 Facey v WFI and SLS Class size information**

**Hi Joe and Emily,**

**Last time we all spoke on the phone it was my understanding that Defendants
were in the process of gathering class size information so we could discuss a
potential settlement. I wanted to follow up and see where you were at with getting us
that class size information.**

**Thanks,**
**Paul**

**Paul M. Waldera**
**Associate Attorney**
**Edelman, Combs, Latturner & Goodwin, LLC**
**20 S. Clark Street, Suite 1500**
**Chicago, IL 60603**
**(312) 739-4200**
**(312) 419-0379 (Fax)**

# Email Report

Form Format

# EXHIBIT F

Filters Used:

1 Tagged    Record

# Email Report

Form Format

Date Printed: **9/09/2019**
Time Printed: **3:09PM**
Printed By: **RCWELSH**

---

| Date | **7/15/2019** | Time | **4:07PM** | **4:07PM** | Duration | **0.00** | (hours) | Code | |
|------|------|------|------|------|------|------|------|------|------|
| Subject | **RE: Facey v Williams & Fudge Rule 37 conference** | | | | | | Staff | **Paul M Waldera** | |
| Client | **Tonya Facey** | | CaseRef | **WILLIAMS & FUDGE, INC. V. FACEY,** | CaseNo | **35201** | | | |
| From | pwaldera@edcombs.com | | | | | | | | |
| To | jbach@mamlaw.com; pwatts@mamlaw.com | | | | | | | | |
| CC To | cmiller@edcombs.com | | | | | | | | |

BCC To

Reminders                          (days before) Follow  N  Done  N  Notify  N  Hide  N  Trigger  N  Private  N  Status

Exp Subj                                                          User3
User2                                                             User4

Hi Jacob,

Pursuant to our R37 conversation this afternoon here is a summary of the
discussions we had regarding issues Plaintiff has with Defendants' discovery responses.
Plaintiff needs an answer to these Rule 37 issues by Friday July 19, 2019 or we will be
forced to file a motion to compel. Please let us know Defendants positions by Friday.

Interrogatories

Plaintiff's position: It is Plaintiff's potion that Rule 33 set a limit of
interrogatories to each party. As there are two parties in this case, Plaintiff has not gone
over the limit. Additionally, we have more than adequate grounds to request leave
to serve additional interrogatories. We filed an amended complaint, with new
claims, that requires additional discovery. We will seek leave to file more if needed
but we wanted to save the time and expense of going to court and having our motion
heard to see if Defendants would be willing to answer the interrogatories.

Defendants Response: Defendant disagrees because some of the interrogatories do
not identify which Defendant the interrogatory was directed at. Defendants'
counsel will follow up with Defendants as to these interrogatories, but he does not
think Defendants will be willing to answer these interrogatories.

Class Size
Second Discovery Requests - Production of documents Nos. 9 & 10.
Plaintiff's position: Plaintiff needs the exact class sizes for the two
proposed classes. Defendants clearly have the number of potential class members in
their possession. A motion for class certification does not need to be filed to get
this information. The affidavit previously produced speaks to our old classes, not
these new classes and therefore is not responsive. This is necessary information and
information that is not only discoverable, but routinely granted in the NDIL. Information
regarding the class and the elements of Rule 33 are readily discoverable. Once we have
an exact class size we may be open to a class sampling of accounts in lieu of
full production of all accounts. Our initial thought would be 25% of the class, but
we need to know the exact class size, of both classes, before we can determine
that.

Defendants' response: Defendants' counsel does not know the exact class number.
He will ask the Defendants about the exact number and once we have that we can
discuss a class sampling.

Filters Used:

1 Tagged   Record

# Email Report

Form Format

Date Printed: **9/09/2019**
Time Printed: **3:09PM**
Printed By: **RCWELSH**

**Net Worth**
**First Discovery Requests - Requests for Admission Nos. 47-56, Interrogatories**
**21-23, and Production of Documents 28-30**

Plaintiff's position: Courts around the country and especially in the Northern
District of Illinois have all held that net worth is discoverable information. We have
the net worth of WFI but not SLS. Defendants objections to this request are no
longer applicable as there is a new class and as Defendants have admitted in their
responses to the second RFAs there are over 100 class members meaning numerosity is
sufficient. We need a balance sheet illustrating SLS's net worth and we need it by Friday
7/19/2019. In the alternative, if Defendants are un willing to produce net worth,
Plaintiff may be willing to enter into a stipulation indicating that Defendant SLS would
be subject to the statutory maximum of $500,000 as defined by the FDCPA.

Defendants' Response: They will possibly produce a balance sheet for SLS and
may also be interested in a stipulation as to max recovery. Defendants will respond.

**Doing Business in IL**
**First Discovery Requests - Requests for Admission Nos. 2 & 12**
Plaintiff's position: Defendants have not given a proper response. There is
nothing vague or ambiguous as to what "does business" means. Both Defendants
understand what "does business" means. As Defendants are able to give examples of doing
business in IL, Defendants need to update their responses or we will file a motion to compel.

Defendants' response: Defendants will review these responses and update them as necessary.

**Form Letters**
**First Discovery Requests - Requests for Admission Nos. 25-26 and Nos. 32-33**
**Second Discovery Requests - Requests for Admission Nos. 5&6 and Nos. 17&18**
Plaintiff's position: The terms "form letter" and "form or template
designation" are not vague or confusing. They mean the letters were not individually
written and were constructed from a common form or template of letters along these
lines. The form or template is used to write many different letters. Defendants
produced multiple "templates" of letters so they clearly have no problem understanding
what form or template means.

Defendants' response: Defendants will review these responses and update them as necessary.

**Insurance Documents**
**First Discovery Requests - Production of Documents Nos. 32-35**
Plaintiff's position: Defendants objections are not  proper ground to stand on.
SLS and WFI's intent to submit a claim to insurance does not mean they do not get
to produce the documents. It is relevant to Defendants' insurance coverage and we
can still submit it for a claim. Many courts have held insurance agreements are
discoverable and we can go before the court if needed. Additionally Defendants have to
produce these as part of R26a1 and the MIDPs so there is no grounds for withholding
these docs.

Defendants' response: Defendants' counsel will see if he can get these
documents.

Filters Used:
1 Tagged    Record

# Email Report

Form Format

Date Printed: **9/09/2019**
Time Printed: **3:09PM**
Printed By: **RCWELSH**

**Principal Purpose**
**First Discovery Requests - Requests for Admission Nos. 4 and 14**
**Plaintiff's position: Defendants' responses are non-responsive and not a full**
**answer to Plaintiff's request. We didn't ask for examples of activities, we asked**
**what the principal business is. No information is given as to how often these**
**activities are done or what percentage of the business do these activities make up.**
**Please update your response to these requests or we will move to compel this as**
**non-responsive.**

**Defendants' response: Defendants' counsel will discuss this response with Defendants.**

**Letters Sent on Behalf of SLS**
**First Discovery Requests - Requests for Admission Nos. 24 & 31**
**Plaintiff's position: Defendants' responses are non-responsive and not a full**
**answer to Plaintiff's requests. Acting on behalf of SLS is not confusing or**
**ambiguous. The request asks if WFI was the agent of SLS in sending this letter, sent**
**their letter on behalf of SLS, and this was an SLS that WFI sent the letter for.**
**Defendants have no problem answering this in the second discovery requests. Please update**
**your response to these requests or we will move to compel this as non-responsive.**

**Defendants' response: Defendants will review these responses and update them as necessary.**

**Common Ownership**
**First Discovery Requests - Interrogatories 4&5.**
**Plaintiff's position: These requests are relevant as to interconnections**
**between Defendants which goes to liability and the involvement of each Defendant in**
**the business affairs of others. If Defendants have denied the ownership, so they**
**need to respond to these requests.**

**Defendants' response: Defendants' counsel does not think it shows liability.**
**Defendants' counsel will ask defendants about these issues but doubts they will be willing**
**to provide this information without a court order.**

**Manuals, Policies and Procedures**
**First Discovery Requests - Production of Documents Nos. 18, 19, 21, 23, 24, and 25**
**Second Discovery Requests - Production of Documents Nos. 1, 3, 4, and 8**

**Plaintiff's position: Federal rule of evidence 403 does not come into play in**
**producing discovery, it is whether the information is presentable at trial. No court has**
**made that determination and thus, these are discoverable. These documents speak to**
**intent and damages in they demonstrate of prevalent and persistent these**
**communications were, all of which are relevant and discoverable. The issue of whether this**
**was within the SOL period is for the court to decide, not Defendants. Even if it**
**is Defendants believe that it was in the SOL, that is not a ground to object.**

**Defendants' response: Defendants argues these requests are overbroad and may**
**need to be narrowed. Defendants' counsel will ask Defendants and see what they can produce.**

**Changes to Letters**
**Second Discovery Requests - Production of Documents No. 7**
**Plaintiff's position: These documents speak to intent and damages in they**
**demonstrate of prevalent and persistent these communications were. All of which are**

Filters Used:

1 Tagged   Record

# Email Report

Form Format

Date Printed: **9/09/2019**
Time Printed: **3:09PM**
Printed By: **RCWELSH**

relevant and discoverable. If you are going to claim privilege then there needs to be an accompanying privilege log which details what you are withholding, which was not attached. Since there is no privilege log these documents need to be produced.

**Defendants' response:** Defendants' counsel will speak to Defendants. He believes they will disagree as to the liability.

Please let me know if this summary does not accurately reflect our conversation this afternoon. Please update these discovery responses by Friday July 19, 2019 or Plaintiff will be forced to file a motion to compel.

Thanks,
Paul

Paul M. Waldera
Associate Attorney
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (Fax)

PRIVILEGE AND CONFIDENTIALITY NOTICE: The information and any attachments contained in this e-mail may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Your cooperation is appreciated.

From: Jacob Bach <jbach@mamlaw.com>
Sent: Friday, July 12, 2019 11:13 AM
To: Paul M. Waldera <pwaldera@edcombs.com>; Patrick Watts <pwatts@mamlaw.com>
Cc: Cassandra Miller <cmiller@edcombs.com>
Subject: RE: Facey v Williams & Fudge Rule 37 conference

Yes and yes

Jacob Bach
Associate
Malone Frost Martin PLLC
D: 214-346-2634
O: 214-346-2630 | F: 214-346-2631
mailto:jbach@mamlaw.com

Unless otherwise indicated or obvious from the nature of this transmittal, the

Filters Used:

**1 Tagged    Record**

# Email Report

Form Format

Date Printed: **9/09/2019**
Time Printed: **3:09PM**
Printed By: **RCWELSH**

information contained in this e-mail message is confidential and is intended for the sole
use of the intended recipient(s).  Any unauthorized review, use, disclosure or
distribution is prohibited.  If you are not the intended recipient or an authorized
representative of the intended recipient, you are hereby notified that any review,
dissemination or copying of this email and its attachments, if any, or the information
contained herein is prohibited and you are requested to immediately destroy the original
e-mail.  If you have received this email in error, please immediately notify the sender
by return email and delete this email from your system.   Although this e-mail
and any attachments are believed to be free of any virus or other defect that
might affect any computer system into which it is received and opened, it is the
responsibility of the recipient to ensure that it is virus free and no responsibility is
accepted by Malone and Martin PLLC for any loss or damage arising in any way from its use.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by
the IRS, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments) is not intended or written to be used, and cannot
be used, for the purpose of (i) avoiding penalties under the Internal Revenue
Code or (ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.

From: Paul M. Waldera <pwaldera@edcombs.com>
Sent: Friday, July 12, 2019 11:08 AM
To: Jacob Bach <jbach@mamlaw.com>; Patrick Watts <pwatts@mamlaw.com>
Cc: Cassandra Miller <cmiller@edcombs.com>
Subject: RE: Facey v Williams & Fudge Rule 37 conference

How does 2:30 central time sound on Monday? Is the best number to reach you at
the one below? 214-346-2634

Thanks,
Paul

Paul M. Waldera
Associate Attorney
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (Fax)

PRIVILEGE AND CONFIDENTIALITY NOTICE: The information and any attachments
contained in this e-mail may be legally privileged and confidential. If you are not an
intended recipient, you are hereby notified that any dissemination, distribution or
copying of this e-mail is strictly prohibited. If you have received this e-mail in
error, please notify the sender and permanently delete the e-mail and any attachments
immediately. You should not retain, copy or use this e-mail or any attachment for any
purpose, nor disclose all or any part of the contents to any other person. Your
cooperation is appreciated.

# Email Report

Form Format

From: Jacob Bach <jbach@mamlaw.com>
Sent: Friday, July 12, 2019 11:03 AM
To: Paul M. Waldera <pwaldera@edcombs.com>; Patrick Watts <pwatts@mamlaw.com>
Cc: Cassandra Miller <cmiller@edcombs.com>
Subject: RE: Facey v Williams & Fudge Rule 37 conference

Paul, I am available Monday afternoon or Tuesday Morning

Jacob Bach
Associate
Malone Frost Martin PLLC
D: 214-346-2634
O: 214-346-2630 | F: 214-346-2631
mailto:jbach@mamlaw.com

Unless otherwise indicated or obvious from the nature of this transmittal, the
information contained in this e-mail message is confidential and is intended for the sole
use of the intended recipient(s).  Any unauthorized review, use, disclosure or
distribution is prohibited.  If you are not the intended recipient or an authorized
representative of the intended recipient, you are hereby notified that any review,
dissemination or copying of this email and its attachments, if any, or the information
contained herein is prohibited and you are requested to immediately destroy the original
e-mail.  If you have received this email in error, please immediately notify the sender
by return email and delete this email from your system.   Although this e-mail
and any attachments are believed to be free of any virus or other defect that
might affect any computer system into which it is received and opened, it is the
responsibility of the recipient to ensure that it is virus free and no responsibility is
accepted by Malone and Martin PLLC for any loss or damage arising in any way from its use.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by
the IRS, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments) is not intended or written to be used, and cannot
be used, for the purpose of (i) avoiding penalties under the Internal Revenue
Code or (ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.

From: Paul M. Waldera <pwaldera@edcombs.com>
Sent: Thursday, July 11, 2019 2:51 PM
To: Jacob Bach <jbach@mamlaw.com>; Patrick Watts <pwatts@mamlaw.com>
Cc: Cassandra Miller <cmiller@edcombs.com>
Subject: Facey v Williams & Fudge Rule 37 conference

Hi Jacob,

When would you have time next week to hold a Rule 37 conference? We had

# Email Report

## Form Format

**previously conferred with Defendants prior counsel regarding class size and net worth and never got responses from them. Please let me know when you would be available Monday or Tuesday of next week.**

**Thanks,**
**Paul**

**Paul M. Waldera**
**Associate Attorney**
**Edelman, Combs, Latturner & Goodwin, LLC**
**20 S. Clark Street, Suite 1500**
**Chicago, IL 60603**
**(312) 739-4200**
**(312) 419-0379 (Fax)**

**PRIVILEGE AND CONFIDENTIALITY NOTICE: The information and any attachments contained in this e-mail may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Your cooperation is appreciated.**

# **<u>EXHIBIT G</u>**



**JACOB M. BACH, ASSOCIATE**
Direct Dial 214•346•2634
JBach@mamlaw.com
Main 214•346•2630 | Fax 214•346•2631

Attorneys and Counselors
NorthPark Central, Suite 1850
8750 N. Central Expressway
Dallas, TX 75231

*VIA EMAIL:* *pwaldera@edcombs.com*
Paul Waldera
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603

Re:     *Tonya Facey, on behalf of plaintiff and a class, v. Student Loan Solutions LLC and Williams & Fudge, Inc.*
         C/A No.:      1:18-cv-05086

Dear Paul:

I am writing regarding the concerns raised by Plaintiff Tonya Facey ("Plaintiff") regarding the adequacy of Student Loan Solutions, LLC's ("SLS") and Williams & Fudge, Inc.'s ("WFI;" collectively with SLS, "Plaintiff") discovery responses. Supplemental responses to some of the items are being provided in conjunction with this letter. The remaining items are addressed herein.

First, with respect to the number of interrogatories, you indicated that Plaintiff's position is that she has not gone over the limit because there are two defendants in this case. This position is without merit. Fed. R. Civ. P. 33(a) states "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Defendants agree that this rule permits Plaintiff to serve 25 interrogatories on WFI and 25 interrogatories on SLS. However, it does not permit Plaintiff to serve 50 interrogatories on WFI and 50 interrogatories on SLS.

Plaintiff's first discovery requests, which include 27 interrogatories, states "[p]laintiff Tonya Facey requests that Defendants Student Loan Solutions LLC and Williams & Fudge, Inc., **each** respond to the following requests for admission, interrogatories, and requests for document production." Therefore, Plaintiff served 27 interrogatories on SLS and 27 interrogatories on WFI. Plaintiff's second discovery requests, which include 20 interrogatories, states "[p]laintiff Tonya Facey hereby requests that **each** Defendant, Student Loan Solutions LLC and Williams & Fudge, Inc., respond to the following requests for admission, interrogatories, and requests for document production." Therefore, Plaintiff served an additional 20 interrogatories on SLS and an additional 20 interrogatories on WFI.

Further, when SLS and WFI each responded to Plaintiff's first discovery requests, they both objected to Interrogatories 26 and 27 as exceeding the number allowed. Armed with this knowledge, Plaintiff then served an additional 20 interrogatories on each SLS and WFI without seeking a stipulation or court order, as required by Fed. R. Civ. P. 33(a). You state that Plaintiff has more than adequate grounds to request leave to serve additional interrogatories, however, Plaintiff failed to make such a request despite having been previously made aware of Defendants'

position. Defendants therefore are under no obligation to respond to these improperly brought interrogatories.

Second, with respect to production requests 18, 19, 21, 23, 24, and 25 of Plaintiff's first discovery and production requests 3, 4, 6, 7, and 8 of Plaintiff's second discovery requests, these seek documentation entirely irrelevant to the issues to be decided in this case. The only items at issue here are whether certain letters are misleading. Neither complaints from other consumers nor Defendants' internal policies and procedures are relevant to a determination of whether the letters are misleading. You contend these items speak to "intent and damages…" Intent is irrelevant to the claims asserted. The FDCPA is a strict liability statute and intent only matters in certain circumstances, such as claims under 15 U.S.C. §§ 1692d(5), 1692e(4), and/or 1692e(5). Plaintiff does not assert any claims under these sections. Intent also matters with respect to a bona fide error defense under 15 U.S.C. § 1692k(c), however, neither WFI nor SLS has asserted a bona fide error defense.

These items also do not speak to damages. Plaintiff is seeking statutory damages and actual damages. Statutory damages are based on each Defendant's net worth, rendering other complaints and their respective internal policies and procedures irrelevant. Actual damages are based on the damages claimed to have been suffered by Plaintiff and the purported class members receiving the letters at issue, which is also unrelated to other complaints received by Defendants and their respective internal policies and procedures. Such items *might* be relevant if the FDCPA permitted the recovery of punitive damages, but it does not. Even if it did, Plaintiff is not seeking punitive damages. However, if you are suggesting that Plaintiff will reduce her damages demand based on other complaints received by Defendants or based on Defendants' respective internal policies and procedures, then I am more than happy to discuss producing such items with my clients. Otherwise, such items are irrelevant.

If you have any authority permitting a party to exceed the interrogatory limit without permission or if you have any authority stating such documents are relevant, I will be happy to review the matter further with my client. Absent such authority, however, my clients are not obligated to respond to impermissible interrogatories, nor are they obligated to produce confidential business documents wholly unrelated to the matters at issue. Please feel free to contact me should you have any questions.

Sincerely,

/s/ Jacob Bach

Jacob Bach

Enclosures 5

# **EXHIBIT H**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TONYA FACEY,** | ) | |
| **on behalf of plaintiff and a class,** | ) | **Civil Action No: 1:18-cv-05086** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUDENT LOAN SOLUTIONS LLC; and,** | ) | |
| **WILLIAMS & FUDGE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT WILLIAMS & FUDGE, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO: TONYA FACEY, via counsel of record, Paul Waldera:

Defendant Williams & Fudge, Inc. ("WFI" or "Defendant") provides these supplemental responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

## PRELIMINARY STATEMENT

(A)     The following responses are based upon information presently available to WFI that it believes to be correct. Said responses are made without prejudice to WFI's right to utilize subsequently discovered facts.

(B)     No incidental or implied admission of fact by WFI is made by the responses below. The only admissions are expressed admissions. The fact that WFI has answered any interrogatory or produced any document herein may not properly be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence. The fact that WFI has answered part or all of any request for

1

admission, interrogatory or request to produce is not intended to and shall not be construed to be a waiver by Plaintiff of all or part of any objection by WFI to the admissibility of evidence at trial or the relevance of the response.

(C)     The responses to Plaintiff's Interrogatories, Request for Production of Documents, and Requests for Admission (hereinafter, "Discovery") may be supplemented by WFI's further investigation and acquisition of information which it does not either possess or recall at this time. However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(D)     WFI states that, notwithstanding any of the "definitions" or preliminary "instructions" contained within Plaintiff's Discovery, WFI will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(E)     As to any of the "definitions" which precede Plaintiff's Discovery and which seek information or documents which include trial preparation and/or privileged materials or communications, WFI objects.

(F)     The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party, its agents, its representatives and attorneys, unless privileged.

(G)     The word usage and sentencing structure may be that of the attorney assisting in the preparation of the answers and, thus, do not necessarily purport to be the precise language of the existing parties.

(H)     The objections asserted by WFI below are asserted in good faith, based upon counsel's evaluation of WFI's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, WFI, through counsel, offers and stands ready to confer with Plaintiff in an effort to

resolve or narrow, to the greatest extent possible, any dispute between the parties concerning WFI's objections.

(I)     The above-stated preliminary statement is incorporated in each of the responses set forth below.

## WFI'S GENERAL OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS

WFI objects to the information sought in Plaintiff's discovery requests on the grounds that they seek disclosure of WFI's confidential and proprietary business information.  WFI further objects to this Discovery to the extent that it seeks the disclosure of information which would unduly invade the privacy rights of persons not party to this litigation or to whom WFI has a duty of confidentiality.

WFI objects to this Discovery to the extent it seeks information prepared in anticipation of litigation, protected by the work product doctrine and privilege, attorney-client privilege or which information is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.  WFI objects to the release of any information protected by the attorney-client privilege or the attorney work product doctrine.  WFI construes this Discovery to exclude documents, information and communications exchanged with counsel in this and other litigation.

WFI objects to this Discovery as many terms utilized are without definition and are capable of numerous interpretations.  To the extent this Discovery would have WFI speculate at its detriment as to the definition of said terms, WFI cannot properly respond.

WFI objects to Plaintiff's instruction that Discovery responses are deemed to be continuing.  That instruction goes beyond the scope of the Federal Rules of Civil Procedure.  WFI will supplement its answers/responses, if required to do so.

Subject to, and without waiving the above and foregoing objections, WFI provides the following responses to Plaintiff's Requests:

<div align="center">

**WFI'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S REQUESTS FOR ADMISSION**

</div>

2.      Defendant SLS does business in Illinois.

**RESPONSE:  As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request.**

4.      Defendant SLS's the principal or sole business consists of acquiring defaulted student loan debts and enforcing the loans against the borrowers.

**RESPONSE:  As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request.**

12.      Defendant WFI does business in Illinois.

**RESPONSE:  Admit.**

14.      Defendant WFI's the principal or sole business consists of collecting upon defaulted student loan debts and enforcing the loans against the borrowers.

**RESPONSE:  WFI admits that its principal business consists of collecting upon delinquent receivables owed to colleges and universities through lawful collection efforts.  WFI further admits that some of its business includes collecting upon defaulted student loan debts owed to various creditors through lawful collection efforts.  As an agent of a college, university, or other creditor, WFI does not have the right to "enforce" loans against the borrowers and therefore denies the balance of this request.**

24.      Exhibit B was sent by WFI, acting on behalf of SLS.

**RESPONSE:  WFI admits it sent Exhibit B in an attempt to collect an obligation owed to SLS.  Otherwise denied.**

25.     Exhibit B is a form letter.

**RESPONSE: Admit.**

26.     Exhibit B has a form or template designation.

**RESPONSE: Admit.**

31.     Exhibit C was sent by WFI, acting on behalf of SLS.

**RESPONSE: WFI admits it sent Exhibit C in an attempt to collect an obligation owed to SLS, otherwise denied.**

32.     Exhibit C is a form letter.

**RESPONSE: Admit.**

33.     Exhibit C has a form or template designation.

**RESPONSE: Admit.**

47.     SLS has a net worth exceeding $500,000.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request.**

48.     SLS has a net worth exceeding $1 million.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request.**

49.     SLS has a net worth exceeding $10 million.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request.**

50.     SLS has a net worth exceeding $25 million.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request.**

51.     SLS has a net worth exceeding $50 million.

**RESPONSE: As this Request is directed to SLS, WFI refers Plaintiff to SLS's response to this Request.**

52.     WFI has a net worth exceeding $500,000.

**RESPONSE: Admit.**

53.     WFI has a net worth exceeding $1 million.

**RESPONSE: Admit.**

54.     WFI has a net worth exceeding $10 million.

**RESPONSE: Denied.**

55.     WFI has a net worth exceeding $25 million.

**RESPONSE: Denied.**

56.     WFI has a net worth exceeding $50 million.

**RESPONSE: Denied.**


**WFI'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES**

4.     State the name, address, title and job description of all officers, managers, and executives of each Defendant.

**RESPONSE: In addition to its General Objections, WFI objects to this Interrogatory as it seeks the production of information not relevant or not likely to lead to the discovery of admissible evidence. WFI further objects to this Interrogatory as it is not narrowly tailored to the allegations in the Complaint and not proportional to the needs of this case. Plaintiff's request is harassing and is indicative of a fishing expedition in that it is not reasonably related to any issue in this litigation. The issue in this matter is whether the account is out of statute whereby it cannot be recovered through the litigation process thus requiring certain**

disclosures to be included in letters to consumers similarly situated to Plaintiff. The requested information relative to officers, managers, and executives is not relevant or likely to lead to evidence to support any position in this matter. WFI further objects to this Interrogatory as it seeks information relevant to its co-defendant, SLS, and refers Plaintiff to SLS's response to the same. Subject to and waiting waiving these objections and pursuant to the Confidentiality Order entered on January 29, 2019 and Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the document previously produced with bates-stamp number 77. The individuals identified on the organizational chart may be contacted through counsel.

     5.     State the name, address, title and job description of all owners of each Defendant.

**RESPONSE: In addition to its General Objections, WFI objects to this Interrogatory as it seeks the production of information not relevant or not likely to lead to the discovery of admissible evidence. WFI further objects to this Interrogatory as it is not narrowly tailored to the allegations in the Complaint and not proportional to the needs of this case. Plaintiff's request is harassing and is indicative of a fishing expedition in that it is not reasonably related to any issue in this litigation. The issue in this matter is whether the account is out of statute whereby it cannot be recovered through the litigation process thus requiring certain disclosures to be included in letters to consumers similarly situated to Plaintiff. The requested information relative to owners of the entities is not relevant or likely to lead to evidence to support any position in this matter. WFI further objects to this Interrogatory as it seeks information relevant to its co-defendant, SLS, and refers Plaintiff to SLS's response to the same. Subject to and waiting waiving these objections and pursuant to the Confidentiality Order entered on January 29, 2019 and Rule 33(d) of the Federal Rules of**

Civil Procedure, WFI refers Plaintiff to the document previously produced with bates-stamp number 77. The individuals identified on the organizational chart may be contacted through counsel.

21. State the net worth of the Defendant and whether their financial statements are audited. If the defendant's financial statements are not audited, identify all credit applications and financial statements issued or submitted by the defendant in the last 3 years.

**RESPONSE: In addition to its General Objections, WFI objects to this Interrogatory as it is overly broad. It requests financial information for a three (3) year period which is not relevant. Subject to and waiting waiving these objections and pursuant to the Confidentiality Order entered on January 29, 2019 and Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the documents previously produced. WFI's financial statements are audited.**

22. Identify each lawsuit in which a determination of the defendant's net worth has been made, or in which the defendant has provided or produced financial statements or information concerning its net worth.

**RESPONSE: In addition to its General Objections, WFI objects to this Interrogatory as it seeks information that is not proportional to the needs of this case. Additionally, WFI objects to this Interrogatory as it is overly broad and not relevant to this matter. Further, this Interrogatory is both broad and burdensome as it requests information for a five (5) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet.**

23. Identify each instance in which the defendant has provided financial statements or information concerning its net worth to any governmental agency.

**RESPONSE: In addition to its General Objections, WFI objects to this Interrogatory as it seeks information that is not proportional to the needs of this case. Additionally, WFI objects to this Interrogatory as it is overly broad and not relevant to this matter. Further, this Interrogatory is both broad and burdensome as it requests information for a five (5) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet.**

## WFI'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

28. Defendant's annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet. Additionally, this Request seeks the production of information outside the one year statute of limitations for an FDCPA claim and is not reasonably related**

to damages in this matter. **Subject to and without waiving these objections and subject to the Confidentiality Order, WFI produced its 2017 Balance Sheet bates-stamped 081-082.**

29.    All credit applications or financial statements defendant issued within the last 3 years.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet. Additionally, this Request seeks the production of information outside the one year statute of limitations for an FDCPA claim and is not reasonably related to damages in this matter.**

30.    All proposals and bids defendant submitted to governmental agencies which describe defendant's business.

**RESPONSE: In addition to its General Objections, WFI objects to this Request as it is overly broad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Additionally, this Request seeks the production of information outside the one year statute of limitations for an FDCPA claim and is not reasonably related to damages in this matter.**

Further, WFI objects to this Request as "proposals and bids" are not defined rendering this Request vague and ambiguous.

32.     All insurance policies described in Interrogatory No. 18.

**RESPONSE: WFI does not intend to submit this matter to insurance. As a result, WFI objects to this Request as it is overly broad and seeks the production of documents not relevant or not likely to lead to the discovery of admissible evidence. Subject to and without waiving this objection or WFI's general objections, WFI will produce the declaration page for the insurance policy(ies) applicable to this action.**

33.     Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE: WFI does not intend to submit this matter to insurance. As a result, WFI objects to this Request as it is overly broad and seeks the production of documents not relevant or not likely to lead to the discovery of admissible evidence. Subject to and without waiving this objection or WFI's general objections, WFI will produce the declaration page for the insurance policy(ies) applicable to this action.**

34.     If you carry no insurance policies, of any kind, respond by stating that you carry no insurance policies.

**RESPONSE: WFI objects to this Request as it does not seek the production of any documents; rather, it is more properly suited as an Interrogatory or a deposition topic.**

35.     All correspondence between you and any insurer regarding coverage for the claims made in this case, including tenders of claims, letters accepting coverage, letters rejecting coverage, and letters stating that a defense would be provided under a reservation of rights.

**RESPONSE:  WFI has no responsive documents in its possession, custody or control.**

Dated: July 24, 2019

                                    Respectfully submitted,

                                    WILLIAMS & FUDGE, INC.

                  By:    /s/ Jacob Bach
                                 Jacob Bach

Robbie Malone
Email: rmalone@mamlaw.com
Eugene Xerxes Martin, IV
Email: xmartin@mamlaw.com
Jacob Michael Bach
Email: jbach@mamlaw.com
**Malone Frost Martin PLLC**
8750 North Central Expressway
Northpark Central, Suite 1850
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

Patrick A. Watts
Email: pwatts@mamlaw.com
**Malone Frost Martin PLLC**
150 S. Wacker, Ste. 2400
Chicago, Illinois 60606
T: 312-741-0990 | F: 214-346-2631

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TONYA FACEY,** | ) | |
| **on behalf of plaintiff and a class,** | ) | **Civil Action No: 1:18-cv-05086** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUDENT LOAN SOLUTIONS LLC; and,** | ) | |
| **WILLIAMS & FUDGE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that Defendant **Williams & Fudge, Inc.'s Supplemental Responses to Plaintiff's First Requests for Admission, Interrogatories, and Requests for Production of Documents** was served upon Plaintiff via counsel of record on the 24th day of July, 2019 by electronic mail addressed as:

Paul Waldera
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603
pwaldera@edcombs.com

By:     /s/ Jacob Bach
        Jacob Bach

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TONYA FACEY, | ) | |
| on behalf of plaintiff and a class, | ) | Civil Action No: 1:18-cv-05086 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STUDENT LOAN SOLUTIONS LLC; and, | ) | |
| WILLIAMS & FUDGE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT WILLIAMS & FUDGE, INC.'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUESTS FOR ADMISSION, INTERROGATORIES, AND
REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO:  TONYA FACEY, via counsel of record, Paul Waldera:

Defendant Williams & Fudge, Inc. ("WFI" or "Defendant") provides these supplemental responses to Plaintiff's Second Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

**PRELIMINARY STATEMENT**

(A)     The following responses are based upon information presently available to WFI that it believes to be correct.  Said responses are made without prejudice to WFI's right to utilize subsequently discovered facts.

(B)     No incidental or implied admission of fact by WFI is made by the responses below. The only admissions are expressed admissions.  The fact that WFI has answered any interrogatory or produced any document herein may not properly be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence.  The fact that WFI has answered part or all of any request for

1

admission, interrogatory or request to produce is not intended to and shall not be construed to be a waiver by Plaintiff of all or part of any objection by WFI to the admissibility of evidence at trial or the relevance of the response.

(C)     The responses to Plaintiff's Second Interrogatories, Request for Production of Documents, and Requests for Admission (hereinafter, "Discovery") may be supplemented by WFI's further investigation and acquisition of information which it does not either possess or recall at this time.  However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(D)     WFI states that, notwithstanding any of the "definitions" or preliminary "instructions" contained within Plaintiff's Discovery, WFI will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(E)     As to any of the "definitions" which precede Plaintiff's Discovery and which seek information or documents which include trial preparation and/or privileged materials or communications, WFI objects.

(F)     The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party, its agents, its representatives and attorneys, unless privileged.

(G)     The word usage and sentencing structure may be that of the attorney assisting in the preparation of the answers and, thus, do not necessarily purport to be the precise language of the existing parties.

(H)     The objections asserted by WFI below are asserted in good faith, based upon counsel's evaluation of WFI's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, WFI, through counsel, offers and stands ready to confer with Plaintiff in an effort to

resolve or narrow, to the greatest extent possible, any dispute between the parties concerning WFI's objections.

(I)     The above-stated preliminary statement is incorporated in each of the responses set forth below.

## WFI'S GENERAL OBJECTIONS TO PLAINTIFF'S SECOND DISCOVERY REQUESTS

WFI objects to the information sought in Plaintiff's second discovery requests on the grounds that they seek disclosure of WFI's confidential and proprietary business information. WFI further objects to this Discovery to the extent that it seeks the disclosure of information which would unduly invade the privacy rights of persons not party to this litigation or to whom WFI has a duty of confidentiality.

WFI objects to this Discovery to the extent it seeks information prepared in anticipation of litigation, protected by the work product doctrine and privilege, attorney-client privilege or which information is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. WFI objects to the release of any information protected by the attorney-client privilege or the attorney work product doctrine. WFI construes this Discovery to exclude documents, information and communications exchanged with counsel in this and other litigation.

WFI objects to this Discovery as many terms utilized are without definition and are capable of numerous interpretations. To the extent this Discovery would have WFI speculate at its detriment as to the definition of said terms, WFI cannot properly respond.

WFI objects to Plaintiff's instruction that Discovery responses are deemed to be continuing. That instruction goes beyond the scope of the Federal Rules of Civil Procedure. WFI will supplement its answers/responses, if required to do so.

Subject to, and without waiving the above and foregoing objections, WFI provides the following responses to Plaintiff's Second Discovery Requests:

### WFI'S SUPPLEMENTAL RESPONSES TO
### PLAINTIFF'S SECOND REQUESTS FOR ADMISSION

5.      Exhibit A is a form letter.

**RESPONSE:  Admit.**

6.      Exhibit A has a form or template designation.

**RESPONSE: Admit.**

17.     Exhibit C is a form letter.

**RESPONSE:  Admit.**

18.     Exhibit C has a form or template designation.

**RESPONSE:  Admit.**

### WFI'S SUPPLEMENTAL RESPONSES TO
### SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents which support defendant's claim that any violation alleged in count IV of the First Amended Complaint was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**RESPONSE:  WFI objects to this Request as WFI's answer to Plaintiff's amended complaint does not assert a bona fide error defense.**

5.      All forms or templates for letters that any Defendant sent out to debtors with Illinois, Indiana, or Wisconsin addresses where the Defendant sought to collect debts where the charge-off date was more than seven years before the date of the letter, beginning January 1, 2017 to present.

**RESPONSE: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, WFI refers Plaintiff to the documents previously produced.**

9.   The complete file, including but not limited to computer information, for all individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: In addition to its General Objections, WFI objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. Plaintiff has not filed a Motion for Class Certification nor has this Court certified any class relevant to this lawsuit. Subject to and without waiving these objections, WFI states that there are 145 distinct consumer numbers meeting the criteria identified in this Request.**

10.   The complete file, including but not limited to computer information, for all individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE: In addition to its General Objections, WFI objects to this Interrogatory as it seeks the disclosure of personal financial information of third parties. Plaintiff has not filed a Motion for Class Certification nor has this Court certified any class relevant to this lawsuit. Subject to and without waiving these objections, WFI states that there are 277 distinct**

consumer numbers (including the 145 distinct consumer numbers identified in response to the previous Request) meeting the criteria identified in this Request.

Dated: July 24, 2019

                        Respectfully submitted,

                        WILLIAMS & FUDGE, INC.

By:    /s/ Jacob Bach
              Jacob Bach

Robbie Malone
Email: rmalone@mamlaw.com
Eugene Xerxes Martin, IV
Email: xmartin@mamlaw.com
Jacob Michael Bach
Email: jbach@mamlaw.com
**Malone Frost Martin PLLC**
8750 North Central Expressway
Northpark Central, Suite 1850
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

Patrick A. Watts
Email: pwatts@mamlaw.com
**Malone Frost Martin PLLC**
150 S. Wacker, Ste. 2400
Chicago, Illinois 60606
T: 312-741-0990 | F: 214-346-2631

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **TONYA FACEY,** | ) | |
| **on behalf of plaintiff and a class,** | ) | **Civil Action No: 1:18-cv-05086** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUDENT LOAN SOLUTIONS LLC; and,** | ) | |
| **WILLIAMS & FUDGE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant **Williams & Fudge, Inc.'s Supplemental Responses to Plaintiff's Second Requests for Admission, Interrogatories, and Requests for Production of Documents** was served upon Plaintiff via counsel of record on the 24th day of July, 2019 by electronic mail addressed as:

<div align="center">

Paul Waldera
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603
pwaldera@edcombs.com

</div>

By:     /s/ Jacob Bach
        Jacob Bach

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| TONYA FACEY, | ) | |
| on behalf of plaintiff and a class, | ) | Civil Action No: 1:18-cv-05086 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STUDENT LOAN SOLUTIONS LLC; and, | ) | |
| WILLIAMS & FUDGE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT STUDENT LOAN SOLUTIONS LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:  TONYA FACEY, via counsel of record, Paul Waldera:

Defendant Student Loan Solutions, LLC ("SLS" or "Defendant") provides these supplemental responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

## PRELIMINARY STATEMENT

(A)    The following responses are based upon information presently available to SLS that it believes to be correct.  Said responses are made without prejudice to SLS's right to utilize subsequently discovered facts.

(B)    No incidental or implied admission of fact by SLS is made by the responses below. The only admissions are expressed admissions.  The fact that SLS has answered any interrogatory or produced any document herein may not properly be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence.  The fact that SLS has answered part or all of any request for

admission, interrogatory or request to produce is not intended to and shall not be construed to be a waiver by Plaintiff of all or part of any objection by SLS to the admissibility of evidence at trial or the relevance of the response.

(C)     The responses to Plaintiff's Interrogatories, Request for Production of Documents, and Requests for Admission (hereinafter, "Discovery") may be supplemented by SLS's further investigation and acquisition of information which it does not either possess or recall at this time. However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(D)     SLS states that, notwithstanding any of the "definitions" or preliminary "instructions" contained within Plaintiff's Discovery, SLS will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(E)     As to any of the "definitions" which precede Plaintiff's Discovery and which seek information or documents which include trial preparation and/or privileged materials or communications, SLS objects.

(F)     The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party, its agents, its representatives and attorneys, unless privileged.

(G)     The word usage and sentencing structure may be that of the attorney assisting in the preparation of the answers and, thus, do not necessarily purport to be the precise language of the existing parties.

(H)     The objections asserted by SLS below are asserted in good faith, based upon counsel's evaluation of SLS's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, SLS, through counsel, offers and stands ready to confer with Plaintiff in an effort to

resolve or narrow, to the greatest extent possible, any dispute between the parties concerning SLS's objections.

(I)     The above-stated preliminary statement is incorporated in each of the responses set forth below.

### SLS'S GENERAL OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS

SLS objects to the information sought in Plaintiff's discovery requests on the grounds that they seek disclosure of SLS's confidential and proprietary business information. SLS further objects to this Discovery to the extent that it seeks the disclosure of information which would unduly invade the privacy rights of persons not party to this litigation or to whom SLS has a duty of confidentiality.

SLS objects to this Discovery to the extent it seeks information prepared in anticipation of litigation, protected by the work product doctrine and privilege, attorney-client privilege or which information is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. SLS objects to the release of any information protected by the attorney-client privilege or the attorney work product doctrine. SLS construes this Discovery to exclude documents, information and communications exchanged with counsel in this and other litigation.

SLS objects to this Discovery as many terms utilized are without definition and are capable of numerous interpretations. To the extent this Discovery would have SLS speculate at its detriment as to the definition of said terms, SLS cannot properly respond.

SLS objects to Plaintiff's instruction that Discovery responses are deemed to be continuing. That instruction goes beyond the scope of the Federal Rules of Civil Procedure. SLS will supplement its answers/responses, if required to do so.

Subject to, and without waiving the above and foregoing objections, SLS provides the following responses to Plaintiff's Requests:

## SLS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

2.     Defendant SLS does business in Illinois.

**RESPONSE:  SLS admits only that it owns some student loan debts owed by consumers who either incurred the obligation in Illinois and/or who currently reside in Illinois.  Otherwise denied because SLS is a passive debt buying entity which outsources any and all attempts to collect on the debts it owns.**

4.     Defendant SLS's the principal or sole business consists of acquiring defaulted student loan debts and enforcing the loans against the borrowers.

**RESPONSE:  SLS admits its principal business consists of acquiring defaulted student loan debts.  SLS further admits it outsources any and all attempts to have the debtors honor their obligations.  Otherwise denied.**

12.     Defendant WFI does business in Illinois.

**RESPONSE:  As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request.**

14.     Defendant WFI's the principal or sole business consists of collecting upon defaulted student loan debts and enforcing the loans against the borrowers.

**RESPONSE:  As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request.**

24.     Exhibit B was sent by WFI, acting on behalf of SLS.

**RESPONSE:  SLS admits WFI sent Exhibit B in an attempt to recover amounts owed to SLS.  Otherwise denied.**

25.     Exhibit B is a form letter.

**RESPONSE:  SLS denies this Request because Exhibit B was sent by WFI, not SLS, and therefore SLS cannot speak as to what forms, if any, WFI used in generating Exhibit B.**

26.     Exhibit B has a form or template designation.

**RESPONSE:  SLS denies this Request because Exhibit B was sent by WFI, not SLS, and therefore SLS cannot speak as to what forms or templates, if any, WFI used in generating Exhibit B.**

31.     Exhibit C was sent by WFI, acting on behalf of SLS.

**RESPONSE:  SLS admits WFI sent Exhibit C in an attempt to recover amounts owed to SLS.  Otherwise denied.**

32.     Exhibit C is a form letter.

**RESPONSE:  SLS denies this Request because Exhibit C was sent by WFI, not SLS, and therefore SLS cannot speak as to what forms, if any, WFI used in generating Exhibit C.**

33.     Exhibit C has a form or template designation.

**RESPONSE:  SLS denies this Request because Exhibit C was sent by WFI, not SLS, and therefore SLS cannot speak as to what forms or templates, if any, WFI used in generating Exhibit C.**

47.     SLS has a net worth exceeding $500,000.

**RESPONSE:  Admit.**

48.     SLS has a net worth exceeding $1 million.

**RESPONSE:  Admit.**

49.     SLS has a net worth exceeding $10 million.

**RESPONSE:  Admit.**

50. SLS has a net worth exceeding $25 million.

**RESPONSE: Denied.**

51. SLS has a net worth exceeding $50 million.

**RESPONSE: Denied.**

52. WFI has a net worth exceeding $500,000.

**RESPONSE: As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request.**

53. WFI has a net worth exceeding $1 million.

**RESPONSE: As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request.**

54. WFI has a net worth exceeding $10 million.

**RESPONSE: As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request.**

55. WFI has a net worth exceeding $25 million.

**RESPONSE: As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request.**

56. WFI has a net worth exceeding $50 million.

**RESPONSE: As this Request is directed to WFI, SLS refers Plaintiff to WFI's response to this Request.**

### <u>SLS'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES</u>

4. State the name, address, title, and job description of all officers, managers, and executives of each Defendant.

**RESPONSE:  In addition to its General Objections, SLS objects to this Interrogatory as it seeks the production of information not relevant or not likely to lead to the discovery of admissible evidence. SLS further objects to this Interrogatory as it is not narrowly tailored to the allegations in the Complaint and not proportional to the needs of this case. Plaintiff's request is harassing and is indicative of a fishing expedition in that it is not reasonably related to any issue in this litigation. The issue in this matter is whether the account at issue was beyond the statute of limitations for a collections lawsuit and, if so, whether certain disclosures should be included on correspondence sent to the consumer. The requested information relative to officers, managers, and executives is not going to provide any evidence to support any position on this matter. SLS further objects to this Interrogatory as it seeks information relevant to its co-defendant, WFI.  Subject to and waiting waiving these objections and pursuant to the Confidentiality Order entered on January 29, 2019 and Rule 33(d) of the Federal Rules of Civil Procedure, SLS refers Plaintiff to the document previously produced with bates-stamp number 13.  The individuals identified on the organizational chart may be contacted through counsel.**

5.    State the name, address, title and job description of all owners of each Defendant.

**RESPONSE:  In addition to its General Objections, SLS objects to this Interrogatory as it seeks the production of information not relevant or not likely to lead to the discovery of admissible evidence. SLS further objects to this Interrogatory as it is not narrowly tailored to the allegations in the Complaint and not proportional to the needs of this case. Plaintiff's request is harassing and is indicative of a fishing expedition in that it is not reasonably related to any issue in this litigation. The issue in this matter is whether the account at issue was beyond the statute of limitations for a collections lawsuit and, if so, whether certain**

disclosures should be included on correspondence sent to the consumer. The requested information relative to owners of either entity is not going to provide any evidence to support any position on this matter. SLS further objects to this Interrogatory as it seeks information relevant to its co-defendant, WFI.  Subject to and waiting waiving these objections and pursuant to the Confidentiality Order entered on January 29, 2019 and Rule 33(d) of the Federal Rules of Civil Procedure, SLS refers Plaintiff to the document previously produced with bates-stamp number 13.  The individuals identified on the organizational chart may be contacted through counsel.

21. State the net worth of the Defendant and whether their financial statements are audited. If the defendant's financial statements are not audited, identify all credit applications and financial statements issued or submitted by the defendant in the last 3 years.

RESPONSE:  In addition to its General Objections, SLS objects to this Interrogatory as it seeks information that is not proportional to the needs of this case. Additionally, SLS objects to this Interrogatory as it is overly broad and not relevant to this matter. Further, this Interrogatory is extremely broad and burdensome as it request information for a three (3) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet.  Subject to and without waiving these objections and pursuant to the Confidentiality Order entered on January 29, 2019 and Rule 33(d) of the Federal Rules of Civil Procedure, SLS refers Plaintiff to the documents produced herewith.  SLS's financial statements are not audited.

22. Identify each lawsuit in which a determination of the defendant's net worth has been made, or in which the defendant has provided or produced financial statements or information concerning its net worth.

**RESPONSE: In addition to its General Objections, SLS objects to this Interrogatory as it seeks information that is not proportional to the needs of this case. Additionally, SLS objects to this Interrogatory as it is overly broad and not relevant to this matter. Pursuant to the Affidavit of Adam Parham previously provided, the purported class size for SLS consists of two individuals –a figure grossly lacking in numerosity. As a result, SLS's net worth is not relevant. Further, this Interrogatory is both broad and burdensome as it requests information for a five (5) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet. Subject to and notwithstanding these objections, SLS states there are none.**

23. Identify each instance in which the defendant has provided financial statements or information concerning its net worth to any governmental agency.

**RESPONSE: In addition to its General Objections, SLS objects to this Interrogatory as it seeks information that is not proportional to the needs of this case. Additionally, SLS objects to this Interrogatory as it is overly broad and not relevant to this matter. Pursuant to the Affidavit of Adam Parham previously provided, the class size for SLS consists of two individuals –a figure grossly lacking in numerosity. As a result, SLS's net worth is not relevant. Further, this Interrogatory is extremely broad and burdensome as it request information for a five (5) year period for an FDCPA claim that has a one (1) year statute of**

limitations. **Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to** *Sanders v. Jackson*, **209 F.3d 998 (7ᵗʰ Cir. 2000) would be a balance sheet.**

## <u>SLS'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

28.     Defendant's annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

**RESPONSE: In addition to its General Objections, SLS objects to this Request as it seeks information that is not proportional to the needs of this case. Additionally, SLS objects to this Request as it is overly broad and not relevant to this matter. Further, this Interrogatory is broad as it request information for a three (3) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net worth is relevant to damages in this case, the only document relevant to net worth pursuant to** *Sanders v. Jackson*, **209 F.3d 998 (7ᵗʰ Cir. 2000) would be a balance sheet.  Subject to and without waiving these objections and subject to the Confidentiality Order, SLS produces its current Balance sheet bates-stamped number 14.**

29.     All credit applications or financial statements defendant issued within the last 3 years.

**RESPONSE:  In addition to its General Objections, SLS objects to this Request as it seeks information that is not proportional to the needs of this case. Additionally, SLS objects to this Request as it is overly broad and not relevant to this matter. Further, this Interrogatory is broad as it request information for a three (3) year period for an FDCPA claim that has a one (1) year statute of limitations. Even if this court were to find that its net worth is relevant**

to damages in this case, the only document relevant to net worth pursuant to *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) would be a balance sheet.

30.     All proposals and bids defendant submitted to governmental agencies which describe defendant's business.

**RESPONSE:  In addition to its General Objections, SLS objects to this Request as "proposals and bids" are not defined rendering this Request vague and ambiguous. Notwithstanding this objection, SLS does not believe it has any responsive documents in its possession, custody, or control.**

32.     All insurance policies described in Interrogatory No. 18.

**RESPONSE:  SLS does not intend to submit this matter to insurance. As a result, SLS objects to this Request as it is overly broad and seeks the production of documents not relevant or not likely to lead to the discovery of admissible evidence.  Subject to and without waiving these objections or SLS's general objections, to the extent there is any applicable insurance policies, they are maintained by WFI with SLS being named as an additional insured.  SLS defers to any production by WFI on this issue.**

33.     Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:  SLS does not intend to submit this matter to insurance. As a result, SLS objects to this Request as it is overly broad and seeks the production of documents not relevant or not likely to lead to the discovery of admissible evidence.  Subject to and without waiving these objections or SLS's general objections, to the extent there is any applicable insurance**

**policies, they are maintained by WFI with SLS being named as an additional insured. SLS defers to any production by WFI on this issue.**

34.     If you carry no insurance policies, of any kind, respond by stating that you carry no insurance policies.

**RESPONSE: SLS objects to this Request as it does not seek the production of any documents; rather, it is more properly situated as an Interrogatory or a deposition topic.**

35.     All correspondence between you and any insurer regarding coverage for the claims made in this case, including tenders of claims, letters accepting coverage, letters rejecting coverage, and letters stating that a defense would be provided under a reservation of rights.

**RESPONSE: SLS has no responsive documents in its possession, custody, or control.**


Dated: July 24, 2019

                             Respectfully submitted,

                             STUDENT LOAN SOLUTIONS LLC

             By:    /s/ Jacob Bach
                       Jacob Bach
                       One of its Attorneys

Robbie Malone
Email: rmalone@mamlaw.com
Eugene Xerxes Martin, IV
Email: xmartin@mamlaw.com
Jacob Michael Bach
Email: jbach@mamlaw.com
**Malone Frost Martin PLLC**
8750 North Central Expressway
Northpark Central, Suite 1850
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

Patrick A. Watts
Email: pwatts@mamlaw.com

**Malone Frost Martin PLLC**
150 S. Wacker, Ste. 2400
Chicago, Illinois 60606
T: 312-741-0990 | F: 214-346-2631

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **TONYA FACEY,** | ) | |
| **on behalf of plaintiff and a class,** | ) | **Civil Action No: 1:18-cv-05086** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUDENT LOAN SOLUTIONS LLC; and,** | ) | |
| **WILLIAMS & FUDGE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant **Student Loan Solutions LLC's Supplemental Responses to Plaintiff's First Requests for Admission, Interrogatories, and Requests for Production of Documents** was served upon Plaintiff via counsel of record on the 24th day of July, 2019 by electronic mail addressed as:

<div align="center">

Paul Waldera
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603
pwaldera@edcombs.com

</div>

By:    /s/ Jacob Bach_____
        Jacob Bach

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TONYA FACEY,** | ) | |
| **on behalf of plaintiff and a class,** | ) | **Civil Action No: 1:18-cv-05086** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUDENT LOAN SOLUTIONS LLC; and,** | ) | |
| **WILLIAMS & FUDGE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT STUDENT LOAN SOLUTIONS LLC'S SUPPLEMENTAL RESPONSES**
**TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSION, INTERROGATORIES,**
**AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO: TONYA FACEY, via counsel of record, Paul Waldera:

Defendant Student Loan Solutions, LLC ("SLS" or "Defendant") provides these supplemental responses to Plaintiff's Second Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

**PRELIMINARY STATEMENT**

(A)     The following responses are based upon information presently available to SLS that it believes to be correct. Said responses are made without prejudice to SLS's right to utilize subsequently discovered facts.

(B)     No incidental or implied admission of fact by SLS is made by the responses below. The only admissions are expressed admissions. The fact that SLS has answered any interrogatory or produced any document herein may not properly be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence. The fact that SLS has answered part or all of any request for

1

admission, interrogatory or request to produce is not intended to and shall not be construed to be a waiver by Plaintiff of all or part of any objection by SLS to the admissibility of evidence at trial or the relevance of the response.

(C)     The responses to Plaintiff's Second Interrogatories, Request for Production of Documents, and Requests for Admission (hereinafter, "Discovery") may be supplemented by SLS's further investigation and acquisition of information which it does not either possess or recall at this time.  However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(D)     SLS states that, notwithstanding any of the "definitions" or preliminary "instructions" contained within Plaintiff's Discovery, SLS will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(E)     As to any of the "definitions" which precede Plaintiff's Discovery and which seek information or documents which include trial preparation and/or privileged materials or communications, SLS objects.

(F)     The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party, its agents, its representatives and attorneys, unless privileged.

(G)     The word usage and sentencing structure may be that of the attorney assisting in the preparation of the answers and, thus, do not necessarily purport to be the precise language of the existing parties.

(H)     The objections asserted by SLS below are asserted in good faith, based upon counsel's evaluation of SLS's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, SLS, through counsel, offers and stands ready to confer with Plaintiff in an effort to

resolve or narrow, to the greatest extent possible, any dispute between the parties concerning SLS's objections.

(I)     The above-stated preliminary statement is incorporated in each of the responses set forth below.

## SLS'S GENERAL OBJECTIONS TO PLAINTIFF'S SECOND DISCOVERY REQUESTS

SLS objects to the information sought in Plaintiff's second discovery requests on the grounds that they seek disclosure of SLS's confidential and proprietary business information. SLS further objects to this Discovery to the extent that it seeks the disclosure of information which would unduly invade the privacy rights of persons not party to this litigation or to whom SLS has a duty of confidentiality.

SLS objects to this Discovery to the extent it seeks information prepared in anticipation of litigation, protected by the work product doctrine and privilege, attorney-client privilege or which information is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. SLS objects to the release of any information protected by the attorney-client privilege or the attorney work product doctrine. SLS construes this Discovery to exclude documents, information and communications exchanged with counsel in this and other litigation.

SLS objects to this Discovery as many terms utilized are without definition and are capable of numerous interpretations. To the extent this Discovery would have SLS speculate at its detriment as to the definition of said terms, SLS cannot properly respond.

SLS objects to Plaintiff's instruction that Discovery responses are deemed to be continuing. That instruction goes beyond the scope of the Federal Rules of Civil Procedure. SLS will supplement its answers/responses, if required to do so.

Subject to, and without waiving the above and foregoing objections, SLS provides the following responses to Plaintiff's Second Discovery Requests:

### <u>SLS' RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSION</u>

5.      <u>Exhibit A</u> is a form letter.

**RESPONSE:  SLS did not create or send Exhibit A and therefore denies this Request and refers Plaintiff to WFI's response.**

6.      <u>Exhibit A</u> has a form or template designation.

**RESPONSE: SLS did not create or send Exhibit A and therefore denies this Request and refers Plaintiff to WFI's response.**

17.     <u>Exhibit C</u> is a form letter.

**RESPONSE:  SLS did not create or send Exhibit C and therefore denies this Request and refers Plaintiff to WFI's response.**

18.     <u>Exhibit C</u> has a form or template designation.

**RESPONSE:  SLS did not create or send Exhibit C and therefore denies this Request and refers Plaintiff to WFI's response.**

### SLS'S SUPPLEMENTAL RESPONSES TO<br>SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents which support defendant's claim that any violation alleged in count IV of the First Amended Complaint was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**RESPONSE:  SLS has no responsive documents to produce in its possession, custody, or control as SLS did not service the account at issue.**

5.     All forms or templates for letters that any Defendant sent out to debtors with Illinois, Indiana, or Wisconsin addresses where the Defendant sought to collect debts where the charge-off date was more than seven years before the date of the letter, beginning January 1, 2017 to present.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue.  SLS does not conduct collection activities.**

9.     The complete file, including but not limited to computer information, for all individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue.  SLS does not conduct collection activities. SLS states that there are 145 distinct consumer numbers meeting the criteria identified in this Request.**

10.     The complete file, including but not limited to computer information, for all individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

**RESPONSE:  SLS has no responsive documents in its possession, custody, or control as SLS did not service the account at issue.  SLS does not conduct collection activities.  Further, SLS**

**cannot speak with respect to any activities WFI conducted or performed clients other than SLS.**

Dated: July 24, 2019

<div style="margin-left: 40%">

Respectfully submitted,

STUDENT LOAN SOLUTIONS LLC

By:    /s/ Jacob Bach_____
         Jacob Bach

</div>

Robbie Malone
Email: rmalone@mamlaw.com
Eugene Xerxes Martin, IV
Email: xmartin@mamlaw.com
Jacob Michael Bach
Email: jbach@mamlaw.com
**Malone Frost Martin PLLC**
8750 North Central Expressway
Northpark Central, Suite 1850
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

Patrick A. Watts
Email: pwatts@mamlaw.com
**Malone Frost Martin PLLC**
150 S. Wacker, Ste. 2400
Chicago, Illinois 60606
T: 312-741-0990 | F: 214-346-2631

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TONYA FACEY,** | ) | |
| **on behalf of plaintiff and a class,** | ) | **Civil Action No: 1:18-cv-05086** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUDENT LOAN SOLUTIONS LLC; and,** | ) | |
| **WILLIAMS & FUDGE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that Defendant **Student Loan Solutions LLC's Supplemental Responses to Plaintiff's Second Requests for Admission, Interrogatories, and Requests for Production of Documents** was served upon Plaintiff via counsel of record on the 24th day of July, 2019 by electronic mail addressed as:

<div align="center">

Paul Waldera
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603
pwaldera@edcombs.com

</div>

By:     /s/ Jacob Bach
        Jacob Bach

# **<u>EXHIBIT I</u>**

| Filters Used: | | |
|---|---|---|
| 1 Tagged Record | | |

# Email Report

Form Format

Date Printed: **9/09/2019**
Time Printed: **3:13PM**
Printed By: **RCWELSH**

---

| Date | **8/30/2019** | Time | **10:42AM** | **10:42AM** | Duration | **0.00** (hours) | Code | |
|---|---|---|---|---|---|---|---|---|
| Subject | **35201 Facey Motion for leave to serve interrogatories and motio** | | | | Staff | **Paul M Waldera** | | |
| Client | **Tonya Facey** | | CaseRef | **WILLIAMS & FUDGE, INC. V. FACEY**, CaseNo | **35201** | | | |
| From | pwaldera@edcombs.com | | | | | | | |
| To | jbach@mamlaw.com | | | | | | | |
| CC To | pwatts@mamlaw.com; cmiller@edcombs.com | | | | | | | |
| BCC To | | | | | | | | |
| Reminders | | (days before) Follow | **N** Done | **N** Notify | **N** Hide | **N** Trigger | **N** Private | **N** Status |
| Exp Subj | | | | User3 | | | | |
| User2 | | | | User4 | | | | |

Hi Jacob,

We are preparing to file a motion for leave to serve additional
interrogatories. As we have discussed before, we have more than ample justification for doing
so. However, since we have had a change in Judge, we are not allowed to file the
motion until after a reassignment status has been held before the Court. I wanted to
reach out and see if Defendants had changed their position and were willing to
answer Plaintiff's second interrogatories without the need for court intervention. We
cannot schedule deps of Defendants until Defendants answer Plaintiff's second
interrogatories so any further delay will result in the need to extend the discovery cut off
again. Please let me know if Defendants have changed their position.

Additionally, we are preparing to file a motion to compel for the remaining
issues addressed in our Rule 37 conference that Defendants did not supplement. Those
issues include the manuals Plaintiff requested as well as the class member files. We
offered to reach a compromise on the class member file issue, but Defendants have
informed us they are not interested in discussing a class sample. We intend to seek
costs in our motion to compel but in an effort to compromise again we wanted to
reach out and see if Defendants have changed their position. Please let me know when
you get the chance.

Thanks,
Paul


Paul M. Waldera
Associate Attorney
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (Fax)

PRIVILEGE AND CONFIDENTIALITY NOTICE: The information and any attachments
contained in this e-mail may be legally privileged and confidential. If you are not an
intended recipient, you are hereby notified that any dissemination, distribution or
copying of this e-mail is strictly prohibited. If you have received this e-mail in
error, please notify the sender and permanently delete the e-mail and any attachments
immediately. You should not retain, copy or use this e-mail or any attachment for any

Filters Used:

**1 Tagged    Record**

# Email Report

Form Format

Date Printed:  **9/09/2019**

Time Printed:  **3:13PM**

Printed By:  **RCWELSH**

**purpose, nor disclose all or any part of the contents to any other person. Your cooperation is appreciated.**

# **<u>EXHIBIT J</u>**

| Filters Used: | | Email Report | Date Printed: | **9/09/2019** |
|---|---|---|---|---|
| **1 Tagged** **Record** | | Form Format | Time Printed: | **4:01PM** |
| | | | Printed By: | **RCWELSH** |

| Date | **9/06/2019** | Time | **3:11PM** | **3:11PM** | Duration | **0.00** | (hours) | Code | |
|---|---|---|---|---|---|---|---|---|---|
| Subject | **RE: 35201 Facey Motion for leave to serve interrogatories and m** | | | | | | Staff | **Paul M Waldera** | |
| Client | **Tonya Facey** | | | CaseRef | **WILLIAMS & FUDGE, INC. V. FACEY,** | | CaseNo | **35201** | |
| From | jbach@mamlaw.com | | | | | | | | |
| To | pwaldera@edcombs.com | | | | | | | | |
| CC To | pwatts@mamlaw.com; cmiller@edcombs.com | | | | | | | | |
| BCC To | | | | | | | | | |
| Reminders | | (days before) Follow | **N** | Done | **N** | Notify | **N** | Hide | **N** | Trigger | **N** | Private | **N** | Status | |

| Exp Subj | | User3 | |
|---|---|---|---|
| User2 | | User4 | |

Paul,

Our clients position has remained the same. We do not believe Plaintiff is
entitled to additional interrogatories. You served more than 25 the first time and they
objected to those extra requests at the time. You did not seek leave before serving
more despite this. So their position is not changing on it. They do not see why the
manuals are relevant to an FDCPA letter case or a case in which they are not claiming
bona fide error. They also do not see why a class sample is relevant to a FDCPA
letter case, and they have produced class sizes.

Have a good weekend

Jacob Bach
Associate
Malone Frost Martin PLLC
D: 214-346-2634
O: 214-346-2630 | F: 214-346-2631
mailto:jbach@mamlaw.com

Unless otherwise indicated or obvious from the nature of this transmittal, the
information contained in this e-mail message is confidential and is intended for the sole
use of the intended recipient(s).  Any unauthorized review, use, disclosure or
distribution is prohibited.  If you are not the intended recipient or an authorized
representative of the intended recipient, you are hereby notified that any review,
dissemination or copying of this email and its attachments, if any, or the information
contained herein is prohibited and you are requested to immediately destroy the original
e-mail.  If you have received this email in error, please immediately notify the sender
by return email and delete this email from your system.   Although this e-mail
and any attachments are believed to be free of any virus or other defect that
might affect any computer system into which it is received and opened, it is the
responsibility of the recipient to ensure that it is virus free and no responsibility is
accepted by Malone and Martin PLLC for any loss or damage arising in any way from its
use.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by
the IRS, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments) is not intended or written to be used, and cannot

1

Filters Used:

1 Tagged    Record

# Email Report

Form Format

Date Printed: **9/09/2019**
Time Printed: **4:01PM**
Printed By:  **RCWELSH**

be used, for the purpose of (i) avoiding penalties under the Internal Revenue
Code or (ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.


From: Paul M. Waldera <pwaldera@edcombs.com>
Sent: Friday, August 30, 2019 10:43 AM
To: Jacob Bach <jbach@mamlaw.com>
Cc: Patrick Watts <pwatts@mamlaw.com>; Cassandra Miller <cmiller@edcombs.com>
Subject: 35201 Facey Motion for leave to serve interrogatories and motion to
compel

Hi Jacob,

We are preparing to file a motion for leave to serve additional
interrogatories. As we have discussed before, we have more than ample justification for doing
so. However, since we have had a change in Judge, we are not allowed to file the
motion until after a reassignment status has been held before the Court. I wanted to
reach out and see if Defendants had changed their position and were willing to
answer Plaintiff's second interrogatories without the need for court intervention. We
cannot schedule deps of Defendants until Defendants answer Plaintiff's second
interrogatories so any further delay will result in the need to extend the discovery cut off
again. Please let me know if Defendants have changed their position.

Additionally, we are preparing to file a motion to compel for the remaining
issues addressed in our Rule 37 conference that Defendants did not supplement. Those
issues include the manuals Plaintiff requested as well as the class member files. We
offered to reach a compromise on the class member file issue, but Defendants have
informed us they are not interested in discussing a class sample. We intend to seek
costs in our motion to compel but in an effort to compromise again we wanted to
reach out and see if Defendants have changed their position. Please let me know when
you get the chance.

Thanks,
Paul


Paul M. Waldera
Associate Attorney
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (Fax)

PRIVILEGE AND CONFIDENTIALITY NOTICE: The information and any attachments
contained in this e-mail may be legally privileged and confidential. If you are not an
intended recipient, you are hereby notified that any dissemination, distribution or
copying of this e-mail is strictly prohibited. If you have received this e-mail in
error, please notify the sender and permanently delete the e-mail and any attachments
immediately. You should not retain, copy or use this e-mail or any attachment for any

Filters Used:

**1 Tagged   Record**

# Email Report

Form Format

Date Printed:  **9/09/2019**

Time Printed:  **4:01PM**

Printed By:  **RCWELSH**

**purpose, nor disclose all or any part of the contents to any other person. Your cooperation is appreciated.**

# EXHIBIT K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONYA FACEY, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:18-cv-05086 |
| | ) | |
| vs. | ) | Hon. John Z. Lee |
| | ) | |
| STUDENT LOAN SOLUTIONS | ) | |
| LLC; and WILLIAMS & FUDGE, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND DISCOVERY REQUESTS**

Plaintiff Tonya Facey hereby requests that each Defendant, Student Loan Solutions LLC and Williams & Fudge, Inc., respond to the following requests for admission, interrogatories, and requests for document production. Documents should be copied and sent to Plaintiff's counsel on the date your response is due.

Throughout this request:

1.    Unless otherwise specified in a particular paragraph, the time period covered by this request is January 1, 2014 to the present.

2.    If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please:

   a. identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees;

   b. identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;

   c. state what privilege is claimed; and

   d. state the basis upon which the privilege is claimed.

1

3.      If any document requested was, but no longer is, in your possession or subject to your control, please state:

      a.  the date of its disposition;

      b.  the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and

      c.  an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit 1.

If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## REQUESTS FOR ADMISSION

1.      The Debt identified in Exhibits A-C (attached herein) was in default at the time Defendant was assigned the Debt.

2.      The document attached hereto as Exhibit A was sent to Plaintiff on November 12, 2017.

3.      Exhibit A was sent by WFI.

4.      Exhibit A was sent on behalf of SLS.

5.      Exhibit A is a form letter.

6.      Exhibit A has a form or template designation.

7.      Based on Defendant's records, Exhibit A was sent in an attempt to collect a student loan debt incurred for personal family or household purposes and not business purposes.

8.      Exhibit A states: "Student Loan Solutions, LLC may request this account(s) be reported to a National Credit Reporting Agency within 60 days from the date of this letter. Only debts within seven (7) years of the date of delinquency are reported to a National Credit Reporting

2

Agency."

9.      Based on Defendants' records, as of November 12, 2017, more than 7 years had elapsed since the Debt described in <u>Exhibit A</u> had been charged off.

10.     Based on Defendants records, at the time <u>Exhibit A</u> was sent, the credit reporting period with respect to Plaintiff's debts had expired and the Debt could no longer be legally reported to a credit reporting agency.

11.     Defendant uses credit reporting to collect debts from consumers.

12.     Based on Defendant's records, the Debt at issue in <u>Exhibits A-C</u> (attached hereto) went into default more than 10 years prior to the dates of the letters in <u>Exhibits A-C</u>.

13.     <u>Exhibit B</u> does not disclose that the statute of limitations has expired on the Debt.

14.     The document attached hereto as <u>Exhibit C</u> was sent to Plaintiff on May 2, 2018.

15.     <u>Exhibit C</u> was sent by WFI.

16.     <u>Exhibit C</u> was on behalf of SLS.

17.     <u>Exhibit C</u> is a form letter.

18.     <u>Exhibit C</u> has a form or template designation.

19.     Based on Defendant's records, <u>Exhibit C</u> was sent in an attempt to collect a student loan debt incurred for personal family or household purposes and not business purposes.

20.     Defendant was acting as a "debt collector" as defined by the FDCPA with respect to the attempted collection of Plaintiff's Debt at issue in this litigation.

21.     Based on Defendant's records, Plaintiff herself, did not make any payments on the Debt at issue in this litigation since the Debt became due and owing.

22.     At no time between November 12, 2017 and July 25, 2018 did Defendant inform Plaintiff that her debt was beyond the statute of limitations.

23.     At no time between November 12, 2017 and July 25, 2018 did Defendant inform Plaintiff that Defendant could not legally sue Plaintiff to enforce the Debt.

24.     At no time between November 12, 2017 and July 25, 2018 did Defendant inform Plaintiff that the Debt could no longer be reported to a credit reporting agency.

25.     At no time between November 12, 2017 and July 25, 2018 did Defendant inform Plaintiff that the Debt was no longer being reported to a credit reporting agency.

26.     Exhibit C quotes an amount due of $88,179.04,

27.     Exhibit C does not disclose that the statute of limitations has run on the Debt.

28.     Defendant regularly attempts to collect defaulted student loans.

29.     There are more than 40 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

30.     There are more than 100 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

31.     There are more than 1000 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent

at any time during a period beginning July 25, 2017 and ending August 15, 2018.

32.     There are more than 40 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

33.     There are more than 100 individuals ((a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

34.     There are more than 1,000 individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

## INTERROGATORIES

1.      State the name, address, title and job description of each member or employee of each defendant who is involved in (a) drafting letters in the form of Exhibit A, (b) printing letters in the form of Exhibit A, (c) approving letters in the form of Exhibit A, or (d) sending letters in the form of Exhibit A.

2.      Identify the form or template designation of the letters attached hereto as Exhibits A-C.

3.      Describe in detail any policies and procedures maintained by Defendants for

5

calculating how long a debt can legally be reported to a credit reporting agency.

4.      Describe the procedures followed in the preparation and mailing of letters in the form of Exhibits A-C to debtors.

5.      State whether or not Defendant has a mechanism for keeping track of (1) the date of last payment, (2) the date of first delinquency, (3) the date of charge-off and (4) the date when a debt can no longer be legally reported to a credit reporting agency.  If so, please describe the mechanism or procedure used.

6.      State whether Defendant has a method for calculating when a debt can no longer be legally reported to a credit reporting agency and if so, describe (1) the method and calculations used by Defendant and (2) any changes that Defendant has made to its method and calculation, from January 1, 2017 to the present.

7.      Describe, with specificity (including a description of the document reviewed, the source of the information, and the date the document was received), all documents reviewed and relied upon in determining to which debtors to send Exhibit A.

8.      State whether Defendant has a policy and/or procedure for informing debtors that a debt is beyond the statute of limitations and if so, describe the policy and/or procedure currently in place and those in place at the time Exhibits A-C were sent.

9.      State whether Defendant has a policy and/or procedure for determining when its collection letters may or may not reference reporting a debt to a credit reporting agency, and if so, describe the policy and/or procedure currently in place and those in place at the time Exhibits A-C were sent.

10.      Describe in detail Defendant's policies and/or procedures for reporting a debt to a credit reporting agency, and specifically (a) the current policies and/or procedures used by

Defendant, (b) the policies and/or procedures in place at the time Exhibits A-C were sent to Plaintiff, (c) any changes made in Defendant's policies and/or procedures in reporting a debt to a credit reporting agency between November 1, 2017 and the present.

11.    State each instance that Defendant reported the Debt to a credit reporting agency and how it was reported in each instance (i.e. any changes reported as to the status of the Debt).

12.    State each variation in language used by Defendant in its collection letters to inform a debtor that the debt at issue in the letter (a) can be reported to a credit reporting agency, (b) will be reported to a credit reporting agency, (c) has already been reported to a credit reporting agency, and/or(d) will not be reported to a credit reporting agency.

13.    State whether information regarding your accounts is retrievable by computer and, if so, state each field by which data is searchable or retrievable and whether your computers can determine (a) the names and addresses of debtors to whom Defendant sent, or caused to be sent letters in an attempt to collect a debt (b) the date of first delinquency of a debt (c) the date of charge-off of a debt (d) the date a letter was sent to a debtor (e) whether a letter referenced reporting a debt to a credit reporting agency (f) whether a collection letter included the language "may request this account(s) be reported to a National Credit Reporting Agency."

14.    Identify what procedures are maintained and how they are adapted to avoid the matters complained of in Count II of Plaintiff's First Amended Complaint.

15.    State the number of, and name and address for, each of the individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending

August 15, 2018.

16.     State the (1) total amount of money, broken down by payments received within 15, 30, 45 and 60 days of the letter described herein, collected from individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018; and (2) the face value (or total amount owed) for the debts described herein according to Defendant's records.

17.     State the number of, and name and address for, each of the individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

18.     State the (1) total amount of money, broken down by payments received within 15, 30, 45 and 60 days of the letter described herein, and collected from individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018; and (2) the face value (or total amount owed) for the debts described herein according to Defendant's records.

19.     If you contend that any of the persons who are described in the preceding Interrogatories No. 15 through 18 incurred the debts sought to be collected for business purposes, identify the persons and state the facts upon which you base your contention.

20.     If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis of your denial.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.     All documents which support defendant's claim that any violation alleged in count IV of the First Amended Complaint was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

2.     All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to ensuring compliance with the FDCPA and specifically language to be used in its collection letters related to credit reporting practices.

3.     All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's compliance with the FDCPA and Defendant's credit reporting polices.

4.     All documents (irrespective of date) that discuss or relate to the defendant's compliance or lack of compliance with the FDCPA and statements made about Defendant's credit reporting policy and procedures.

5.     All forms or templates for letters that any Defendant sent out to debtors with Illinois, Indiana, or Wisconsin addresses where the Defendant sought to collect debts where the charge-off date was more than seven years before the date of the letter, beginning January 1, 2017 to present.

6.     All documents relating to Defendant's policy and procedure for calculating the

credit reporting period for a debt.

7.      All documents related to any decision to make any changes to letters in the form of Exhibits A- C and/ or any letters that reference credit reporting where the debt at issue has been charged-off more than 7 years prior to the date of the letter.

8.      All documents relating to the maintenance by defendant of procedures adapted to avoid violations of the FDCPA resulting from the failure to comply with 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), or related violations of the Fair Debt Collection Practices Act and ensure that proper disclosures are included in Defendant's letters sent to consumers in an attempt to collect a debt.

9.      The complete file, including but not limited to computer information, for all individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) who were sent a letter by or on behalf of defendant Student Loan Solutions, LLC (c) to collect a debt (d) more than seven years after charge-off based on defendants' records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

10.     The complete file, including but not limited to computer information, for all individuals (a) with addresses in Illinois, Indiana or Wisconsin (b) to whom defendant Williams & Fudge, Inc. sent a letter (directly or by an agent or attorney) (c) to collect a debt (d) more than seven years after charge-off based on defendant's records (e) which letter references reporting the debt to a credit reporting agency (f) and which letter was sent at any time during a period beginning July 25, 2017 and ending August 15, 2018.

11.     If you contend that any of the persons who are described in the preceding requests (Nos. 9-10) incurred the debts sought to be collected for business purposes, identify the persons

10

and produce all documents you contend support that argument.

Respectfully submitted,

s/Paul M. Waldera
Paul M. Waldera

Daniel A. Edelman
Cassandra P. Miller
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT 1

## INSTRUCTIONS AND DEFINITIONS

### DEFINITIONS

A.      The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B.      References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C.      "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D.      "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E.      "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F.      "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G.      "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who

12

made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H.      "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

I.      The "Debt" is defined as the debts at issue in Exhibits A-C to the First Amended Complaint.

## INSTRUCTIONS

1.      All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2.      To the extent any paragraph is objected to, please set forth all reasons for your objection.

3.      If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4.      Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5.      The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6.      To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7.      "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8.      If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

## CERTIFICATE OF SERVICE

I, Paul M. Waldera, certify that on Monday, May 13, 2019, I had a copy of this document served upon the following parties via E-mail and U.S. Mail.

**Emily Jean Fitzgerald**
**Joseph Paul Kincaid**
Swanson, Martin & Bell, LLP
330 N. Wabash Suite 3300
Chicago, IL 60611
Email: efitzgerald@smbtrials.com
       jkincaid@smbtrials.com

s/Paul M. Waldera
Paul M. Waldera

Daniel A. Edelman
Cassandra P. Miller
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

14

# **EXHIBIT A**

WFI DISCOVERY DOCUMENTS

**WILLIAMS & FUDGE, INC.**

300 Chatham Ave., P.O. Box 11590
Rock Hill, SC 29731-1590
1-803-329-9791    1-800-551-5772
TTY: 1-866-220-2920

**REDACTED**

| Consumer Information | |
|---|---|
| Williams & Fudge, Inc. Consumer ID # | ███9745 |
| Williams & Fudge, Inc. Pin # | |
| Amount Due for | |
| Accounts Listed Below | $88,179.04 |

November 12, 2017

**Account(s) Details**

| Creditor | Account # | Amount Owed |
|---|---|---|
| STUDENT LOAN SOLUTIONS, LLC | █████6761 | 88,179.04 |
| | | $88,179.04 |

Student Loan Solutions, LLC purchased the above referenced account(s) from Bank of America, NA on October 31, 2017.

We were hired by Student Loan Solutions, LLC to collect the amount owed.

In order to clear the outstanding account(s), you may contact the undersigned, or send the balance due to the above-referenced office address. If your account(s) is currently in repayment, your payment schedule will remain intact and your obligation will continue to be satisfied as previously agreed.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Student Loan Solutions, LLC may request this account(s) be reported to a National Credit Reporting Agency within 60 days from the date of this letter. Only debts within seven (7) years of the date of delinquency are reported to a National Credit Reporting Agency.

Williams & Fudge, Inc.
L Jones

███████████████████

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

| As a convenience we provide multiple methods for payment of the above balance. |
|---|
| **Online/Mobile App Payments** |
| www.wfpayaccounts.com |
| ElectronicChecks (ACH), Visa, Master Card, and Discover |
| You may also view account information at our website by selecting the "Check Balance" option. |
| **Pay by Phone** |
| L Jones    ████████████████ |
| ElectronicChecks (ACH), Visa, Master Card, and Discover |
| **Pay by Mail** |
| Williams & Fudge, Inc. |
| ████████████████████ |
| **Note:** Payment by debit/credit card is not allowed by every Williams & Fudge, Inc. client. If you attempt to pay your debt via credit card and the applicable creditor does not allow Williams & Fudge, Inc. to accept credit card payments, then we will not run your payment. We will attempt to contact you to secure an alternate method of payment. Please contact us prior to attempting a credit card payment if you have any questions or concerns. |

402TTWILL11J2

# REDACTED

REMOVE THESE EDGES FIRST
FOLD, CREASE AND TEAR ALONG PERFORATION

REMOVE THESE EDGES FIRST
FOLD, CREASE AND TEAR ALONG PERFORATION

SEE OTHER SIDE FOR OPENING INSTRUCTIONS

SEE OTHER SIDE FOR OPENING INSTRUCTIONS

TTWILL11

ADDRESS SERVICE REQUESTED

PRESORT
FIRST CLASS MAIL
US POSTAGE PAID
DPCH

J2      570417657

Tonya Facey

# **<u>EXHIBIT B</u>**

# REDACTED

| Consumer Information | |
|---|---|
| Williams & Fudge, Inc. Consumer ID # | 9745 |
| Williams & Fudge, Inc. Pin # | |
| Amount Due for Accounts Listed Below | $88,179.04 |

**WILLIAMS & FUDGE, INC.**
300 Chatham Ave., P.O. Box 11590
Rock Hill, SC 29731-1590
1-803-329-9791    1-800-551-5772
TTY: 1-866-220-2920

April 6, 2018

**Account(s) Details**

| Creditor | Account # | Amount Owed |
|---|---|---|
| STUDENT LOAN SOLUTIONS, LLC | 26761 | 88,179.04 |
| | | $88,179.04 |

We represent the above creditor(s) to collect the total amount from you in connection with a delinquent debt.

In order to clear this outstanding debt, we suggest that you contact the undersigned with respect to a full resolution, or use one of the payment methods listed below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Williams & Fudge, Inc.
Karen Mckeman

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.



**REDACTED**

As a convenience we provide multiple methods for payment of the above balance.

**Online/Mobile App Payments**
www.wfpayaccounts.com
ElectronicChecks (ACH), Visa, Master Card, and Discover
You may also view account information at our website by selecting the "Check Balance" option.

**Pay by Phone**
Karen Mckernan
ElectronicChecks (ACH), Visa, Master Card, and Discover

**Pay by Mail**
Williams & Fudge, Inc.
P.O. Box 11590
Rock Hill, SC 29731-1590

*Note: Payment by d... t/credit card is not allowe... every Williams & Fudge, Inc. client. If ... attempt to pay your de... le credit card and the app... ble creditor does not allow Williams ... Inc. to accept credit ... payments, then we will no... on your payment. We will attempt ... you to secure an alte... e method of payment. Ple... atact us prior to attempting a ... payment if you have any q... ns or concerns.*

LL1112

# EXHIBIT C

 **REDACTED**

p ████████████████
wfpayaccounts.com
PO Box 11590
Rock Hill, SC 29731



2018-05-02

TONYA FACEY

██████████████

| Consumer Information | |
|---|---|
| Williams & Fudge, Inc. Consumer ID # | ████████████ |
| Williams & Fudge, Inc. Pin # | |
| Amount Due for Accounts Listed Below | 88179.04 |

***Detach Upper Portion And Return With Payment***
## Account(s) Details

| Creditor | Account | Amount |
|---|---|---|
| ███ STUDENT LOAN SOLUTIONS, LLC | ████████████ | 88179.04 |

Please find enclosed the information you requested for the above referenced account(s).  Should you have any questions you may contact the undersigned directly.

Williams & Fudge, Inc.
KAREN MCKERNAN | 8033261344 | KMCKERNAN@WFCORP.COM

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

