**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

**TONYA FACEY,** *on behalf of plaintiff and a class,*

|  |  |
|---|---|
| *Plaintiff,* | CASE NO. 1:18-CV-05086 |
| *v.* | **HONORABLE**<br>**MARTHA M. PACOLD** |
| **STUDENT LOAN SOLUTIONS, LLC; and**<br>**WILLIAMS & FUDGE, INC.,** | **MAGISTRATE JUDGE**<br>**SIDNEY I. SCHENKIER** |
| *Defendants.* |  |

---

**DEFENDANTS' MOTION TO STAY CLASS DISCOVERY PENDING**
**RESOLUTION OF THEIR MOTION TO DISMISS FOR LACK OF STANDING**

Defendants Student Loan Solutions, LLC ("SLS") and Williams & Fudge, Inc. ("WFI;" collectively with SLS, "Defendants") respectfully requests that this Honorable Court stay class discovery in this matter. In support of this motion, Defendants state as follows:

1.      Plaintiff Tonya Facey ("Plaintiff") filed her Complaint in this action on July 25, 2018, asserting an FDCPA claim on behalf of two purported classes.

2.      Plaintiff filed a motion for leave to file an amended complaint on February 20, 2019 and subsequently filed the amended complaint on March 6, 2019, after the Court granted the motion.

3.      The amended complaint asserts the original FDCPA claim only on an individual basis and asserts a new FDCPA claim on behalf of two purported classes.

4.      Plaintiff issued additional discovery, including interrogatories in excess of the permissible number.

5.      The Court recently ruled on Plaintiff's motion to compel and to serve additional interrogatories, granting the motion in part.

6.      The Court's order requires Defendants to turn over certain information relevant only to the class claim.

7.      However, contemporaneously with the filing of this motion, Defendants are filing a motion to dismiss the class claim for a lack of standing.

8.      As shown more fully in the memorandum of law in support of that motion, Plaintiff did not receive the letter upon which the class claim is based.  Although Plaintiff believes she received the letter at her residence, that is factually impossible.

9.      Specifically, WFI sent two copies of the letter to a P.O. Box which at one point was utilized by Plaintiff's sister.  Plaintiff's deposition testimony was that she never used a P.O. Box and that she did not receive notices regarding the obligation from her sister.

10.      Further, Defendants did not have Plaintiff's current address until April 5, 2018, so they could not have sent any correspondence to that address prior to that date.  The letter upon which Plaintiff bases her class claim was sent on or about November 12, 2017 and Plaintiff only has a copy of it because Defendants previously produced it in discovery.  It is therefore factually impossible for Plaintiff to have received the letter at her residence.

11.      Plaintiff therefore does not have standing to represent the purported classes because she never received the letter upon which the claim is based.  Because Plaintiff does not have standing to represent the purported classes, she is not entitled to information about class members or about Defendants' business operations which is only relevant to the class claim.

12.      Defendants recognize that the Northern District of Illinois generally disfavors discovery stays. *See, e.g., Coss v. Playtex Products, LLC*, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009) ("Although stays on discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill.")  However, one of the instances when stays are deemed appropriate is "where the motion to dismiss can resolve a threshold issue such

as jurisdiction, standing, or qualified immunity, or where, in cases such as this one, discovery may be especially burdensome and costly to the parties." *DSM Desotech Inc. v. 3D Systems Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008). Here, the stay is appropriate because it relates to class discovery only and the motion to dismiss will resolve the threshold issue of subject matter jurisdiction with respect to the class claim.

13. "It is within the sound discretion of the Court to postpone discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions." *Coastal State Gas Corp. v. Dept. of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (citations omitted). "Indeed, such a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Id.* (citation omitted). *See also Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating that the district court would have abused its discretion in staying discovery if the discovery was relevant to whether the court has subject matter jurisdiction).

14. Some courts have denied requests to stay where the issue of subject matter jurisdiction is not clear cut. *See, e.g., Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, 2008 WL 641252 (S.D. Ohio Mar. 4, 2008). However, the issue here is clear cut. It is factually impossible for Plaintiff to have received the letter that forms the basis for her class claim prior to filing this action and without having received the letter, she has no standing to represent a class of individuals based on that letter.

15. Other courts, however, have taken the position that discovery is not appropriate while a dispositive motion is pending. *See, e.g., Institut Pasteur v. Chiron Corp.*, 315 F.Supp.2d 33, 37 (D.D.C. 2004) ("[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (quoting *Anderson v. United States Attorney's Office,* 1992 WL 159186, at *1 (D.D.C. Jun. 19,

1992)).

16.     The relative prejudice to Defendants in failing to grant the stay far outweighs the relative prejudice to Plaintiff in granting the stay.  If the stay is not granted and the Court grants the motion to dismiss, Defendants will have had to turn over sensitive information regarding other consumers as well as confidential business information to a party who is not entitled to that information who will likely use that information to assert some new theory of liability (as previously happened with the amended complaint).  Whereas if the stay is granted and the motion to dismiss is denied, Plaintiff would be permitted to obtain that same information at a later date. The information sought is static, so any harm to Plaintiff in receiving it at a later date is minimal compared to the far greater harm to Defendants in having to disclose such information to someone not entitled to it in the first place and who has shown a willingness to seek out new theories of liability when an existing theory is not viable.

17.     Further, Plaintiff will not be prejudiced by a stay because the discovery at issue relates to the purported class members and potential damages, but does not relate to the issue of her standing to assert the claim on behalf of the class.

18.     By contrast, Defendants could be extraordinarily prejudiced by failing to grant the stay.  For example, if the Court does not grant the stay and later grants the motion to dismiss for lack of subject matter jurisdiction, Plaintiff and her counsel will have received the contact information of all putative class members and the Court's order prohibiting them from contacting putative class members would arguably be null and void.  As the Seventh Circuit has said:

> "[I]t has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings." *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980).  The Federal Rules of Civil Procedure are no less insistent: "If the court determines at any time that it lacks subject-matter jurisdiction, the court ***must dismiss*** the action." FED.R.CIV.P. 12(h)(3).  **Subject-matter jurisdiction is so central to the district court's power *to issue any orders***

4

*whatsoever* **that it may be inquired into at any time,** with or without a motion, by the party or by the court itself.

*Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (emphasis added).

19.     Since the ability of the Court to issue orders with respect to the class claim is based on having subject matter jurisdiction over the class claim, the mandated production of information with respect to the class claim should be stayed until the Court affirmatively determines it has subject matter jurisdiction over the claim itself.

20.     Defendants' counsel discussed this motion with Plaintiff's counsel prior to filing and was informed that Plaintiff's counsel opposes this motion.

WHEREFORE, Defendants respectfully request that this Court stay class discovery until resolution of its motion to dismiss for lack of standing.  Any potential harm to the Plaintiff in granting the stay is far outweighed by the potential harm to the Defendants in failing to grant the stay.

 Dated:  December 6, 2019.                          Respectfully submitted,

**MALONE FROST MARTIN PLLC**

/s/Robbie Malone
ROBBIE MALONE
Texas State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mamlaw.com
**MALONE FROST MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631
-And-

*/s/* Patrick Watts
PATRICK A. WATTS
Email: pwatts@mamlaw.com
**MALONE FROST MARTIN PLLC**
150 S. Wacker, Ste. 2400
Chicago, Illinois 60606
T: 312-741-0990 | F: 214-346-2631

Chad V. Echols (admitted pro hac vice)
David A. Grassi (admitted pro hac vice)
The Echols Firm, LLC
224 Oakland Avenue
Rock Hill, SC 29730
(803) 329-8970
Email: chad.echols@theecholsfirm.com
Email: david.grassi@theecholsfirm.com

***COUNSEL FOR DEFENDANTS***

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Defendants' Motion to Stay Class

Discovery was served upon all counsel of record via **CM/ECF System** on this 6th day of

December, 2019

/s/Robbie Malone
ROBBIE MALONE